UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HEATHER WYATT *as Administratrix of the*  PLAINTIFF
*Estate of Aubreigh Wyatt and Individually*
*and as Parent/Guardian of Aubreigh Wyatt*

VERSUS                                    CIVIL ACTION NO. 1:25-CV-98-TBM-RPM

OCEAN SPRINGS SCHOOL
DISTRICT et al                                                            DEFENDANTS

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL

Before the Court is the [2] Motion to Seal Amended Complaint filed by Defendants Ocean Springs School District, Ocean Springs Board of Trustees, Ocean School District Superintendent.[1] Defendants request permission to file the Amended Complaint and exhibits under seal due to the unredacted names of minor children contained therein. Doc. [2] at 3.

On February 7, 2025, Plaintiff Heather Wyatt, as Administratrix of the Estate of Aubreigh Wyatt and Individually and as Parent/Guardian of Aubreigh Wyatt, filed a Complaint in the Circuit Court of Jackson County, Mississippi. Doc. [1-1] at 4. The Complaint and the exhibits to the Complaint were all filed as one document. *Id.* at 4–42. The Complaint contained allegations involving minor children and appropriately identified those minor children only by their initials. *Id.* at 8–10. However, Plaintiff failed to redact the names of the minor children contained in the exhibits. *Id.* at 19–42. Like federal courts, Mississippi courts place an obligation on counsel and the parties to redact or refrain from including the names of minor children in filings. *See* Admin. Pros. for Miss. Elec. Courts § 9.

---

[1] Movant-Intervenor The McClatchy Company, LLC has moved for an order allowing it to intervene in this matter to oppose, *inter alia*, the instant motion. Doc. [9].

Plaintiff then filed an Amended Complaint on February 9, 2025. Doc. [1-1] at 45–61. According to the state court docket, the exhibits to the Amended Complaint were attached as separate documents. *Id.* at 2, 44. However, the exhibits to the Amended Complaint are not contained in the State Court Record filed with this Court. Defendants removed this case to federal court on March 31, 2025, alleging federal question as the basis for this Court's jurisdiction.[2] Doc. [1]. Defendants filed the State Court Record as an attachment to their Notice of Removal; in doing so, however, Defendants also failed to redact the names of the minor children contained in the exhibits to the Complaint. Doc. [1-1] at 19–42. As such, the Court entered a Text Order on April 4, 2025, directing the Clerk of Court to restrict the entire State Court Record from public access until the Court could rule on the instant motion. Text Only Order (04/04/2025).

Federal Rule of Civil Procedure 5.2(a)(3) is designed to protect a minor's privacy when filing documents with the court. "Similarly, this Court's Administrative Procedures for Electronic Case Filing include 'names of minor children' among the personal identifiers which counsel must refrain from including or partially redact in pleadings and exhibits filed with the Court." *Safeco Ins. Co. of Am. v. Blackwell*, No. 3:19-CV-56, 2019 WL 1281239, at *1 (N.D. Miss. Mar. 20, 2019) (quoting Admin. Pros. for Elec. Case Filing § 9). "If the involvement of a minor child must be mentioned, only the initials of that child should be used." Admin. Pros. for Elec. Case Filing § 9(2).

"The courts routinely protect the privacy interests of minors[.]" *Murry v. City of Indianola, Miss.*, No. 4:23-CV-97, 2023 WL 8655261, at *3 (N.D. Miss. Dec. 14, 2023). "Protecting the

---

[2] Upon removal, it became apparent that Plaintiff's attorney, Kimberly Michelle Papania, was not admitted generally in the Southern District of Mississippi. *See* L.U. Civ. R. 83.1(a). The Clerk of Court notified Plaintiff's attorney on April 1, 2025. Doc. [3]. On May 1, 2025, Plaintiff's attorney was presented for formal admission in the Southern District of Mississippi. *See* L.U. Civ. R. 83.1(a)(1)(C). She then filed a Notice of Appearance in this matter on May 5, 2025. Doc. [12]. In the interim, however, the Court notes that Plaintiff was proceeding *pro se*.

2

privacy of minors is undoubtedly an important concern." *Clark v. Bamberger*, No. 1:12-CV-1122, 2016 WL 1183180, at *2 (M.D. Ala. Mar. 28, 2016). But when filing documents with the court, "[t]he responsibility for redacting these personal identifiers rests solely with counsel and the parties." Admin. Pros. for Elec. Case Filing § 9; *see* Fed. R. Civ. P. 5.2 Advisory Comm. Notes (2007) ("The responsibility to redact filings rests with counsel and the party or non-party making the filing."); L.U. Civ. R. 5.2(c) ("Neither the court nor the clerk will review pleadings or other documents for compliance with this rule."). Here, Plaintiff erred when filing documents in state court without redacting the names of the minor children. In highlighting Plaintiff's filing error, Defendants incidentally concede their own filing error in this Court. Doc. [1] at 2 n.1. Rule 5.2(a) "obliges counsel to redact the protected information prior to filing a document."[3] *Poer v. United States*, No. 1:18-CV-1622, 2019 WL 8273190, at *1 (S.D. Ind. Nov. 26, 2019). Therefore, Defendants also erred when filing documents in this Court without redacting the names of the minor children. "While the Court recognizes that redaction errors are generally inadvertent, these errors are not without harm and greater care must be taken to protect personal identifying information <u>before</u> it is filed on the docket." *Townsend v. Mayorkas*, No. 3:24-CV-250, 2024 WL 1156565, at *1 (M.D. Fla. Mar. 18, 2024).

In the interests of protecting the privacy of minor children, the Court grants in part and denies in part Defendants' motion. The State Court Record filed with this Court shall remain sealed/restricted from public access pursuant to Local Rule 79(e)(3)(B)(2) because it contains

---

[3] At first glance, the State Court Record would appear to be exempt from the redaction requirements of Rule 5.2(a). *See* Fed. R. Civ. P. 5.2(b). However, Rule 5.2(b)(4) provides that the redaction requirement does not apply to "the record of a court or tribunal, if that record was not subject to the redaction requirement when originally filed[.]" As previously stated, Mississippi courts place an obligation on counsel and the parties to redact or refrain from including the names of minor children in filings. *See* Admin. Pros. for Miss. Elec. Courts § 9. So, the exhibits containing the names of the minor children were subject to a redaction requirement when originally filed with the state court. *See Vaughan v. Foltz*, No. 2:16-CV-61, 2019 WL 1265055, at *18 (E.D.N.C. Mar. 19, 2019) (discussing a similar issue) (abrogated on other grounds).

unredacted names of minor children. However, there is a presumption in favor of public access to judicial records. *See Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 224–25 (5th Cir. 2020). Accordingly, the Court requires Defendants to refile the State Court Record in the docket for public access with appropriate redactions to the names of the minor children or other personal identifiers protected by Rule 5.2(a). Further, "[c]ounsel and the parties are cautioned that failure to redact personal identifiers . . . in a pleading or exhibit filed electronically with the Court may subject counsel to the disciplinary and remedial powers of the Court, including sanctions pursuant to Fed. R. Civ. P. 11(c)." Admin. Pros. for Elec. Case Filing § 9.

IT IS THEREFORE ORDERED AND ADJUDGED that the [2] Motion to Seal Amended Complaint is GRANTED IN PART AND DENIED IN PART. The [1-1] State Court Record shall remain sealed/restricted from public access because it contains unredacted names of minor children.

IT IS FURTHER ORDERED AND ADJUDGED that, **on or before May 19, 2025**, (1) the parties shall review the State Court Record and confer to determine where redactions to the names of minor children or other personal identifiers are required; and (2) after conferring with Plaintiff, Defendants shall refile the State Court Record in the docket for public access, with the appropriate redactions to the names of minor children or other personal identifiers. Failure to redact the names of minor children or other personal identifiers in pleadings or exhibits filed with the Court in the future may result in the imposition of sanctions.

SO ORDERED AND ADJUDGED, this the 5th day of May 2025.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE