IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

**HEATHER WYATT, as administratrix of
the Estate of Aubreigh Wyatt and HEATHER WYATT,
INDIVIDUALLY AND AS PARENT/
GUARDIAN OF AUBREIGH WYATT**                                                     **PLAINTIFF**

VS                                                                                  CAUSE NO: 1:25-CV-0098-TBM-RPM

**OCEAN SPRINGS SCHOOL DISTRICT, OCEAN
SPRINGS BOARD OF TRUSTEES, OCEAN
SPRINGS SCHOOL DISTRICT SUPERINTENDENT;
OCEAN SPRINGS UPPER ELEMENTARY: TEACHERS
A-Z, LUNCH AIDES A-Z, SCHOOL NURSES A-Z,
LIBRARIANS A-Z, JOHN DOES 1-20; SCHOOL
COUNSELORS A-Z, SCHOOL ADMINISTRATORS A-Z,
And OCEAN SPRINGS MIDDLE SCHOOL: TEACHERS
A-Z, LUNCH AIDES A-Z, SCHOOL NURSES A-Z,
LIBRARIANS A-Z, JOHN DOES 1-20; SCHOOL
COUNSELORS A-Z, SCHOOL ADMINISTRATORS A-Z**                           **DEFENDANTS**

---

**MOTION IN OPPOSITION TO THE DEFENDANTS MOTION FOR AN ORDER OF
SUPPRESSION ("GAG" ORDER") AND MOTION TO DISMISS**

---

**COMES NOW** Plaintiff, by and through her attorney, Kimberly M. Papania, and files this her Motion in Opposition of the Defendant's Motion for an Order of Suppression, a/k/a, "gag order," and respectfully states onto this Honorable Court as follows:

1. This suit relates to the tragic suicide of the Plaintiff's minor daughter, Aubreigh Wyatt, on September 4, 2023, as a result of school bullying, as alleged in the Amended Complaint.

2. Aubreigh, prior to her tragic suicide, frequently reported incidents of alleged bullying to the Defendants.

3. Prior to her daughter's tragic suicide, Heather, as a concerned mother, had contact with the Defendants notifying them of the bullying and abuse her daughter was enduring while attending school, it's effects on her daughter, her concerns with the bullying and that the Defendants respond to the bullying and take precautions to protect her daughter from enduring any more abuse, bullying, or assaults.

4. In response to the Defendant's claim that "the Wyatts, have worked tirelessly to harass, intimidate, threaten, encourage others to threaten, and generally torture the four minor girls Plaintiff blames for Aubreigh's suicide," and in direct conflict with same, since Aubreigh's tragic suicide Heather has taken steps to provide a platform for the victims of bullying and their families, and has continuously attempted to give Aubreigh, and other victims of bullying, a voice to provoke and inspire a change in the way bullying is addressed, disciplined, perceived, and tolerated in schools and her driving motivation has been prevention, education, and awareness.

5. As with most things, Heathers platform, has attracted opinions and public expression from all sides, some sympathetic to Aubreigh's and Heather's story and some who are not. The public took the information from social media, formed their opinion, spoke out or didn't, and responded as each of those individuals saw necessary. The facts shared may be unacceptable and infuriating to some people, but Heather has no control over nor is she attempting to incite a violent response which would be in direct contradiction with her motivation for sharing the same. Heather can't be held responsible for any such responses if she isn't calling upon and inciting people to violence.

6. Additionally, the injunction referenced in the Defendant's pending motion does not

enjoin and protect the Defendants in this litigation as in that action they were not subject to the Court's Jurisdiction as they were not a party to that action. In addition, the public has an interest in the School District and their responses or lack of to any incident of bullying. Additionally, in this cause there are public policy consideration, such as the Defendants response to bullying, that the Court did not have to consider or analyze nor did the Court have to consider the public or communities interest in the present matter. The Defendants assert one sentence in their injunction alleging a "the School District itself received death threats, bomb threats and similar threats of violence and retaliation" however, from the facts that threat was a year ago and their claim does not support the court being justified in granting an order of suppression or gag order which would result in a prohibited restriction on the Plaintiff's first amendment rights. As asserted by the Defendants the Injunction enjoins "All parties from…" directly applicable to the parties (Plaintiffs and Defendants) of that cause.

7. The threat specifically alleged to have resulted to the Defendants from the Plaintiffs free speech was over a year ago and have no evidence of any recent or relevant claims or assertions to support the Motion. The Attached Injunction and any Exhibits thereto should be stricken from the record. The Defendants is making an attempt to circumvent the necessary requirements which must be evaluated to afford such protections.

8. The Plaintiffs TikTok video posted on February 10, 2025, and any quote or statement included in that post regarding her "Purpose" is not in direct violation of the Injunction granted nor does it support the Defendants argument that an injunction or gag order should be granted. Additionally, the simultaneous post on Instagram (Defendeants Exhibit 3) which was directly copied and pasted to the statement of "Purpose" for the Go Fund Me page, created and written the same day the Go Fund Me page was started which was several months prior to this Instagram

post, does not support the Defendants argument that they should be given a gag order or injunction. The Defendants have not supported any argument that the public residing within the geographical area of the jury pool for the southern district were exposed to an article run by People Magazine 6 months ago is likely to taint the jury pool, however, in CASE –

9. The Defendants allege that the Plaintiffs are "poisoning the jury pool, and turning what should be a solemn proceeding into the proverbial circus" but they fail to provide any evidence of such or even provide recent evidence of same. The posts being referenced were from months ago, this litigation was either non existent or so new and in its infancy as to support such arguments made by the Defendants.

10. The Defendants allege that because the Complaint was filed with the Circuit Court after business hours on February 7, 2025, and because there was no public terminal access to court records prior to a phone call to Alwyn Lucky" is supported by no evidence and the Defendants failed to consider that the Plaintiff and/or her attorney were in the Clerks office attempting to file the complaint before 5:00 at which time the Clerk's office was open. Based on the misplaced allegations made by the Defendant the Plaintiffs again ask that the Defendants accusation and statement be stricken from any pleadings ad they have provided no proof to support their misplaced accusation.

## APPLICABLE LEGAL AUTHROITY

For the foregoing reasons, the Plaintiff respectfully requests this Court deny entering an order of suppression or gag order.

Respectfully submitted, this the 15th day of May, 2025.

                                              Heather Wyatt, Plaintiff
                                    BY: /s/ KIMBERLY M. PAPANIA, Esq.
                                     KIMBERLY M. PAPANIA, MSB # 105463

**BRIEF IN SUPPORT OF MOTION OPPOSING GAG ORDER AND MOTION TO DISMISS DEFENDANTS MOTION**

**COMES NOW** the Plaintiff, by and through her attorney, Kimberly M. Papania, and for their Brief in Support of her Motion in Opposition to the Defendants Motion to Suppress, a/k/a gag order, and states unto this Honorable Court as follows:

1. **STATEMENT OF FACTS**

On September 4, 2023, the Plaintiff's minor daughter, Aubreigh Wyatt, tragically committed suicide as a result of multiple incidences and years of bullying at the Defendant School District and as alleged in the Plaintiff's Amended Complaint and Exhibits attached thereto evidence a record of multiple attempts by both, the Plaintiff and her minor daughter, to communicate, notify and address each incident of bullying occurring while Aubreigh was in fact in the care of Defendants. While the Plaintiff, and her daughter, begged, pleaded, and demanded a response from the school evidencing some effort of protective measures taken by the Defendants on Aubreigh's behalf, little was done, if anything the pattern of continued bullying evidences the Defendant School Districts ineffective or lack of protective measures. Aubreigh was in the 5th grade when the bullying began and was in the 9th grade when she tragically took her own life. Prior to her tragic suicide, Aubreigh, frequently and consistently reported incidences of bullying to Defendant school district, including but not limited to teachers, administrators, principals, school counselors and anyone else who was employed by the Defendant in an effort to seek protective measures by the School District which would effectively protect her from further

exposure and enforce protections on her behalf. In addition, for every time Aubreigh reached out to the Defendant for protections, Heather did the same on her daughters behalf and for every outcry both, the Plaintiff and her minor daughter, were met with effortlessness and lack of concern to address the abuse. The Defendants assurances and promises to discipline or put protective measures in place, pursuant to their own policies and procedures, failed desperately to address both, the Plaintiff's concerns and Aubreigh's concerns and reports. In response, the Defendants never required, fully acknowledged, and/or addressed the bullying to discourage or terminate its persistence. As a result of both the Plaintiff and Aubreigh's outcry to the Defendant school district resulted in no safeguards or protections for Aubreigh. The Defendant School District, Administrators, Staff, Board of Trustees, teachers, Principal and Superintendent never applied the Policies enacted by them to ensure students are protected from acts, defined by said policies as bullying. In addition, the Defendants did not use any Board Policies enacted by them to address the bullying to the extent proscribed in its own said Policies and Procedures and the Student Handbook. The Defendant School District failed to enforce or pursue any Disciplinary Actions permitted under such Policies to protect Aubreigh from further exposure to bullying. Any minimal measures and response to the reported bullying taken by the Defendants was ineffective and the persistence of the bullying and Aubreigh's continued attempts to report the bullying, even in light of the Defendants lack of protections or ability to address the same, thereby giving the Defendants notice that there minimal, occasional response to same did nothing to protect Aubreigh or prohibit the bullying and abuse.

Prior to her daughter's tragic suicide, Heather, as a concerned mother, had contact with the Defendants notifying them of the bullying her daughter was enduring while attending school, it's effects on her daughter, her concerns with the bullying, the best interests of her

daughter, and seeking to find a solution to prevent and prohibit any further bullying and that the Defendants response to nothing to effectively address the bullying and take precautions to protect her daughter from enduring any more abuse, bullying, or assaults.   In light of the Defendants direct accusation that "the Wyatts, have worked tirelessly to harass, intimidate, threaten, encourage others to threaten, and generally torture the four minor girls Plaintiff blames for Aubreigh's suicide," and in response and direct conflict with same, since Aubreigh's tragic suicide Heather has taken steps to provide a platform for the victims of bullying and their families, and has continuously attempted to give Aubreigh, and other victims of bullying a voice, seeking to educate and inspire a change in the way school districts address bullying, and her driving motivation has been prevention, education, and awareness.  The Plaintiff has used her voice and her daughter's tragic story to prevent another minor child and family from the same devastating outcome.

## 2. STANDARD OF REVIEW AND APPLICABLE LEGAL AUTHORITY
### INJUNCTION PURSUANT TO FRCP 65

Federal Rule of Civil Procedure 65 governs the issuance of injunctive relief.  Rule 65 requires Courts to analyze the following four factors to determine if an injunction is necessary:

  (1) the likelihood of success on the merits;

  (2) the irreparable harm that could result if the injunction is not issued;

  (3) the impact on public interest; and

  (4) the possibility of substantial harm to others.

### FEDERAL RULE OF CIVIL PROCEDURE 65(d)(2)

Federal Rule of Civil Procedure 65(d)(2) binds only the following parties to be enjoined as a result of an injunction:

(A) the parties;

(B) the parties officers, agents, servants, employees, and attorneys; and

(C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

### FEDERAL RULE OF CIVIL PROCEDURE 65(d)(1)

Federal Rule of Civil Procdure Rule 65 Requires any injunctive order state reasons for granting the injunction, describe in detail the act or acts restrained, and state specific terms or actions enjoined or prohibited.

### SUMMARY JUDGEMENT

The Defendants failed to assert a claim or allegation which would require an injunction, suppression order or gag order be granted thereby failing on the face of their motion to assert a claim for which relief can be granted.

### PROHIBITIONS AGAINST FIRST AMENDEMNT (FREE SPEECH) PROTECTIONS GUARANTEEED BY THE U.S. CONSTITUTION

The Plaintiff has a protected right to free speech, protected by the United States Constitution and unless the Plaintiffs can provide, and further authenticate, evidence Pursuant to Rules of Evidence as true and accurate for what it purports to be and can provide evidence to prove or allege the statement or post in fact incites, encourages, or disparages any violence to another party they have failed to plead in their complaint "immediate or irreparable injury, loss or damage."

In *U.S. v. Alverez*, the court held "as a general matter, the First Amendment means that the government has no power to restrict expression because of its message, its ideas, its subject matter, or its contents. 567 U.S. 709, 716 (2012) (quoting *Ashcroft v. American Civil Liberties*

*Union,* 535 U.S. 564, 573 (2002). In *Missouri v. Biden*, the court held that speech posted on social media is protected by the First Amendment. 83 F.4th 350 (5th Cir 2023) (cert. granted by *Murphy v. Missouri*, 144 S.Ct. 7). There are a few well defined and narrowly limited areas for which the First Amendment has permitted restrictions on the content of speech and include the following: Incitement, Defamation and Obscenity. *Counterman v. Colorado*, 600 US 66, 73-74 (2023); see also *Brandenburg v. Ohio*, 395 US 444, 447-48 (1969). The court defined incitement as statements directed at producing imminent lawless action, and likely to do so. *Id.* Defamation is defined as false statements of fact harming another's reputation. *Id.*

 3. **THIS COURT SHOULD DENY THE DEFENDANTS MOTION FOR AN ORDER TO SUPPRESS A/K/A GAG ORDER**

 The Plaintiff can't be held accountable for any threats made to the Defendants as the Defendants have failed to prove or assert a claim which would support an order of suppression or gag order. The Defendants Motion, Brief, and exhibits failed to evidence one single instance of any statement, video or post that would support an order of suppression, gag order if she isn't calling upon and inciting people to violence, defaming the school district and the irreparable injury outweighs the Plaintiffs protected First Amendment Right. Additionally, the Plaintiff argues that the referenced Injunction granted in Chancery Court was granted in protection of the parties to that litigation and the Defendants were not parties, nor was there interests or the publics interest weighed in the Courts analysis or determination to grant same.

 In addition, the public has an interest in the School District and their responses or lack of response to any incident of bullying. The Defendants assert one sentence in their Motion alleging "the School District itself received death threats, bomb threats and similar threats of violence and retaliation" however, they fail to cite or reference any evidence of the specific threats allegedly obtained, and that they resulted from the Plaintiffs statement or post thereby

inciting such threats.  The Plaintiffs additionally argue that at the time of the alleged threat on the school district, simultaneously happening during the Chancery Court matter was over a year ago and have cited nor provided any evidence of any recent or relevant comments or posts by the Plaintiff against or inciting violence against the Defendants.  In addition, the referenced Injunction does not "Order the Plaintiff and her daughter, T.B.W.P, to refrain from……." but alternatively, "Orders all Parties" In addition supporting the Plaintiffs request to further strike any references to said Injunction and all exhibits referenced.

   As asserted by the Defendants the Injunction enjoins "All parties from…" directly applicable to the parties (Plaintiffs and Defendants) of that cause and the evidence, previously cited Injunction nor exhibits support the need for an order of suppression or gag order against the Plaintiff.  The Defendants should not benefit nor be given special considerations and protections for which courts apply to cases involving minors nor should they circumvent necessary arguments to prove the necessity for injunctive relief under the disguise of an Injunction already ordered in a matter for which the Defendant was not a party nor were any relevant interests of the Defendants considered in granting such injunction.  The Attached Injunction and any Exhibits attached thereto should be stricken from the record
in this matter as the Defendant is making an attempt to circumvent legal standards which must be evaluated to afford such protections.

      The Plaintiffs TikTok video posted on February 10, 2025, and any quote or statement included in that post regarding her "Purpose" is not in direct violation of the Injunction granted nor does it support the Defendants argument that an injunction or gag order should be granted.  Additionally, the simultaneous post on Instagram (Defendeants Exhibit 3) which was directly copied and pasted to the statement of "Purpose" for the Go Fund Me page, created and written

the same day the Go Fund Me page was started which was several months prior to this Instagram post, does not support the Defendants argument that they should be given a gag order or injunction.

The Defendants have not supported any argument that the public residing within the geographical area of the jury pool for the southern district were exposed to an article run by People Magazine 6 months ago that such article is likely to taint the jury pool.

The Defendants allege that the Plaintiffs are "poisoning the jury pool, and turning what should be a solemn proceeding into the proverbial circus" but they fail to provide any evidence of such or even provide recent evidence of same. The posts being referenced were from months ago, this litigation was either nonexistent or so new and in its infancy as to support such arguments made by the Defendants. The Defendant has the burden of demonstrating how the Plaintiff's speech poses a serious or imminent threat to a protected competing interest.

The Defendants allege that because the Complaint was filed with the Circuit Court after business hours on February 7, 2025, and because there was no public terminal access to court records prior to a phone call to Alwyn Lucky" is supported by no evidence and the Defendants failed to consider that the Plaintiff and/or her attorney were in the Clerks office attempting to file the complaint before 5:00 at which time the Clerk's office was open. Based on the misplaced allegations made by the Defendant the Plaintiffs again ask that the Defendants accusation and statement be stricken from any pleadings ad they have provided no proof to support their misplaced accusation.

The Defendants motion does not assert factual allegations sufficient to justify or support an injunction. In addition and alternatively, the language proposed by the Defendant would result in an all-encompassing restriction on the Plaintiff's First Amendment Rights under all the

narrowly defined areas which permit restriction.  Additionally, the Plaintiff respectfully requests the court immediately VACATE the Chancery Court Injunction and as the basis for same would argue any clauses which amount to all-encompassing infringement or restriction on her First Amendment Rights beyond the protection of minors involved as justified and outside of the Supreme Courts limited exceptions permitting such infringement only when the speech is a clear call to incite violence or being defamatory.  Pursuant to the Supreme Court's definition of incitement of violence in *Counterman v. Colorado* the Defendant does not assert a claim or provide evidence of any statement "directed at producing imminent lawless action, and likely to do so."

     Additionally, the Plaintiff asserts that the Defendant's Motion and claims therein fail, on its face, to establish immediate irreparable injury, loss or damage will result from the Plaintiffs comments.  The Plaintiffs also argue that the Defendants allegations referenced as support for their Motion are generic and broad threats and do not specify to whom the threats are directed and would thereby fail to satisfy meeting the requirements for such relief as defined in Federal Rule of Civil Procedure 65.  Furthermore, the Plaintiff asserts the Defendants are not permitted to use these proceedings because they dislike the Plaintiffs social media posts.

     The Defendant must prove a likelihood of success on the merits, irreparable harm and a favorable balance of equities.  The Plaintiff argues that a balance of the equities would require a determination that the need to restrict the speech protected is outweighed by the irreparable injury which would result to the Defendants.  The Plaintiff contends it is of public interest to a community and its members to obtain information which effects how the public school  to prescribed to educate the children in their district  and community deal with such sensitive and traumatizing matters such as bullying.  Anyone in the community whose children are enrolled in

the public school district has a right to knowledge and information relevant to decisions made by such District in reference to disciplinary actions and protections for students victimized by bullying. Without such information, the public can not make parental decisions regarding their child's safety and health at such school district. The Plaintiff contends the public has a right to such information and also argues that the Defendants have also failed to assert or prove that any of the alleged social media posts result in defamation thereby requiring or satisfying the standard for an injunction, gag order or suppression pursuant to the analysis required in the Rules of Civil Procedure and as required by the U.S. Supreme Court to justify such infringement of free speech. The Defendants have failed to show or allege any factors in their Motion to justify granting an order which would result in a blanket prohibition of the Plaintiffs right to free speech.

**WHEREFORE,** and for foregoing reasons, the Plaintiff respectfully requests this Court deny entering an order of suppression or gag order.

Respectfully submitted, this the 15th day of May, 2025.

Heather Wyatt, Plaintiff<br>
BY: /s/ KIMBERLY M. PAPANIA, Esq.<br>
KIMBERLY M. PAPANIA, MSB # 105463

## CERTIFICATE OF SERVICE

This is to certify that I, Kimberly M. Papania, have this date served a true and correct copy of the above and foregoing by electronic mail to counsel of record at Allison Fry afry@shermanlaceylaw.com and Steve Lacey slacey@shermanlaceylaw.com

This the 15th day of May, 2025.

Respectfully submitted,<br><br>
/s/ KIMBERLY M. PAPANIA

**Kimberly M. Papania, Esq.**
**Bar Id #105463**
**228-264-0933**
**kpapanialaw@outlook.com**