UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HEATHER WYATT *as Administratrix of the*                       PLAINTIFF
*Estate of Aubreigh Wyatt and Individually*
*and as Parent/Guardian of Aubreigh Wyatt*

VERSUS                                CIVIL ACTION NO. 1:25-CV-98-TBM-RPM

OCEAN SPRINGS SCHOOL
DISTRICT et al                                                         DEFENDANTS

## ORDER DENYING AS MOOT MOTION TO INTERVENE

Before the Court is Movant-Intervenor The McClatchy Company, LLC's ("McClatchy") [9] Motion to Intervene. McClatchy asks this Court for leave to intervene to object to the Motion to Seal and Motion to Suppress filed by Defendants Ocean Springs School District, Ocean Springs Board of Trustees, and Ocean Springs School District Superintendent (collectively, "Defendants"). Doc. [10]. Defendants filed a response in opposition. Doc. [11]. Defendants do not necessarily object to McClatchy intervening; rather, Defendants contend that its motions do not implicate any right of McClatchy and that McClatchy's motion is therefore moot. *Id.*

McClatchy appears to seek leave to intervene under Fed. R. Civ. P. 24(a)(2), which provides as follows:

> (a) On timely motion, the court must permit anyone to intervene who:
>
> . . .
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

In order to intervene, McClatchy must make a satisfactory showing that each of the following requirements are met:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; [and] (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*State Farm Fire & Cas. Co. v. Hood*, 266 F.R.D. 135, 138 (S.D. Miss. 2010) (quoting *Taylor Commc'ns Grp., Inc. v. Southwestern Bell Tel. Co.*, 172 F.3d 385, 387 (5th Cir. 1999)).

First, the Court has ruled on Defendants' Motion to Seal. Doc. [14]. Defendants represent their Motion to Seal did not request to seal the entire case or prevent public access to the record. Doc. [11] at 2. The Court did not view Defendants' motion as seeking to seal the entire case or prevent public access to the record. Instead, the Court interpreted Defendants' motion as seeking relief limited to protecting the identities of minor children. In accordance with Fed. R. Civ. P. 5.2(a) and other applicable rules, the Court restricted/sealed from public access the State Court Record filed with this Court because it contained unredacted names of minor children. Doc. [14] at 4. In light of the presumption in favor of public access to judicial records, however, the Court ordered the State Court Record to be refiled in the docket for public access with appropriate redactions to the names of minor children and other personal identifiers. *Id.* The Redacted State Court Record has been filed in the docket for public access in compliance with the Court's Order. Doc. [17]. McClatchy stated it had no objection to the Court entering an order to this effect, thereby precluding the need to intervene. Doc. [13] at 2. Therefore, McClatchy's request for leave to intervene to object to Defendants' Motion to Seal is denied as moot.

Second, Defendants represent that the Motion to Suppress does not seek to prevent the press from accessing publicly available information or reporting anything. Doc. [11] at 2. According to Defendants, they only ask this Court to impose a gag order upon Plaintiff Heather Wyatt, her daughter, and her counsel. *Id.* Upon review of the Motion to Suppress, Defendants ask for a gag

2

order prohibiting Plaintiff, her daughter, and her counsel from publishing and disseminating certain information about this case. Doc. [8] at 7. Assuming arguendo that the Court imposed such a gag order, it does not appear said order would impinge on McClatchy's rights. And based on Defendants' representations, the Court does not anticipate entering any gag order that would impinge on McClatchy's rights. McClatchy stated it had no objection if Defendants did not intend to gag the press. Doc. [13] at 2. Therefore, McClatchy's request for leave to intervene to object to Defendants' Motion to Suppress is denied as moot.

IT IS THEREFORE ORDERED AND ADJUDGED that McClatchy's [9] Motion to Intervene is DENIED AS MOOT.

SO ORDERED AND ADJUDGED, this the 23rd day of May 2025.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE

3