**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI, SOUTHERN DIVISION

**HEATHER WYATT, Individually and as
Parent, legal beneficiary and Next Friend of AW,
A deceased minor**

          **PLAINTIFF**

**VS.**        **CAUSE NO: 1:25-CV-0098-TBM-RPM**

**OCEAN SPRINGS PUBLIC SCHOOL DISTRICT;
DR. BONITA COLEMAN, individually and as
SUPERINTENDENT OF OCEAN SPRINGS UPPER
ELEMENTARY; JENNIFER NECAISE, ADELLE REGISTER,
JON WILSON, CAROL VIATOR, TAYLOR BORRIES CARON,
and KYLE MICKELSON, individually and as the OCEAN
SPRINGS UPPER ELEMENTARY PRINCIPALS; OCEAN
SPRINGS MIDDLE SCHOOL SUPERINTENDENT and
PRINCIPALS; DR. BONETA COLEMAN, JENNIFER POPE,
MELISSA ARNOLD, DAVID LAPOINT, NIKELAND COOPER,
Individually and as the OCEAN SPRINGS MIDDLE SCHOOL
SUPERINTENDENT AND PRINCIPALS; OCEAN SPRINGS
MIDDLE SCHOOL SUPERINTENDENT AND PRINCIPALS,
DR. MICHAEL LINDSEY, MELISSA ARNOLD, DAVID LAPOINTE,
NIKELAND COOPER, individually and as SUPERINTENDENT
AND PRINICPALS OF MIDDLE SCHOOL; OCEAN SPRINGS UPPER
ELEMENTARY AND MIDDLE SCHOOL
JOHN OR JANE DOES 1-10; MN a minor; PG a minor;
AG, a minor; AG, a minor; PH, a minor; MONTI NOBLITT &
Katherine Noblitt, Individually and on behalf of minor MN; Brandi
And Phillip Green, Individually and on behalf of minor PG; Jennifer Bell,
Individually and on behalf of minor AG; James Case, individually and
On behalf of minor AG; and David & Chasity Hembree, individually and
On behalf of minor child PH**

        **DEFENDANTS**

---

## SECOND AMENDED COMPLAINT
JURY TRIAL DEMANDED

---

**COMES NOW,** Plaintiff, Heather Wyatt, individually, as parent, Next of Friend, and statutory beneficiary of deceased minor, AW, by and through undersigned counsel, and files this her Second Amended Complaint against the Defendants named herein, as follows:

## FACTS

1.    Suicide rates for adolescent boys and girls have been steadily rising since 2007. According to the U.S. Centers for Disease Control and Prevention, the suicide rate for young girls doubled from 2007 to 2015. This is a brutally painful reminder that suicide is a significant and growing global health issue among adolescents and children.

2.    Numerous cases involving suicide or attempted suicide attributable to cyber-bullying have been reported recently by news and media outlets.  The ongoing publicity has created public awareness of bullying incidents and their consequences.  Bullying among school-age children is now recognized as a major public health problem. In 2001 the Surgeon General of the United States published a report emphasizing the importance of focusing attention on this epidemic.

3.    Generally, bullying is known to fall into 4 categories: physical, verbal, relational (i.e. social exclusion, spreading rumors), and the newest form, cyberbullying.  There has been a drastic increase in cyberbullying with the advancement of smart phones and the internet.

4.    Exposure to bullying is considered a public health issue due to the substantial negative mental health effects on young girls and boys.  Known negative mental health effects are low self-regard, depression, anxiety and suicidal ideation.  The most devastating result, however, is the loss of life through suicide.

5.    The incidence of bullying is a critical issue for educators and schools as it affects a

significant proportion of school students.  The 2015 Youth Risk Behavior Survey of students in grades 9 through 12 in the United States indicated that during the 12 months before the survey, 20.2% of students were bullied on school property, 15.5% of students were electronically bullied, and 5.6% of students had not gone to school on at least 1 day during the 30 days prior to the survey because they felt unsafe at school or on their way to or from school. [1]

6.    Because victims of bullying and cyberbullying experience a higher risk of depression and suicidal ideation due to the low self-esteem that develops from bullying, in turn they suffer from academic and peer group difficulties in school settings.  Lower school performance and school attachment has been associated with the substantial distress experienced by victims of bullying.  Negative consequences experienced by victims of bullying include greater difficulty establishing friendships, humiliation from peer knowledge of bullying incidents, and a greater risk of abuse of drugs or alcohol.

7.    Schools have a fundamental duty to employ successful mechanisms to protect from and prevent bullying, harassment, assault, sexual assault, emotional trauma, and cyber-bullying. When educators fail to take action to prevent these foreseeable harms, significant numbers of children, who might otherwise have been protected from bullies, will suffer serious and often life-long harm and in worst case scenarios, the senseless loss of life through suicide.  That is in fact what happened to young Aubreigh Wyatt, who killed herself in September of 2023, after years of being harassed, assaulted, belittled, humiliated, and bullied.

## **PARTIES**

8.    Plaintiff, Heather Wyatt, is a resident citizen of the Southern District of Mississippi. Plaintiff

---

[1] See Centers for Disease Control and Prevention.  Youth Risk Behavior Surveillance-United States, 2015. https://www.cdc.gov/healthyyouth/data/yrbs/pdf/2015/ss6506_updated.pdf

brings this claim, individually, as the statutory beneficiary, and as parent and next of friend to her

deceased minor child, AW.

9. Defendant, OCEAN SPRINGS PUBLIC SCHOOL DISTRICT ("OSSD"), is a school district

organized under the laws of the State of Mississippi and is a political subdivision within the State of

Mississippi, with the ability to sue and be sued, and which at all times relevant hereto employed Bonita

Coleman, Jennifer Necaise, Adelle Register, Jon Wilson, Carol Viator, Taylor Borries Carron, Kyle

Mickelson, Boneta Coleman, Jennifer Pope, Melissa Arnold, Davide Lapointe, Nikeland Cooper, Michael

Lindsey, Melissa Arnold, David Lapointe, Nikeland Cooper and the as yet unidentified John or Jane Does

1-10. OSSD may be served with process in the time and manner provided by law by and through service

of a Complaint and Summons upon its Superintendent, Michael Lindsey, Ocean Springs, Mississippi.

10. This Court has proper *in personam* and subject matter Jurisdiction and venue of this

action is proper.

11. As to all Defendants, Heather Wyatt has complied with the jurisdictional mandates of

the Mississippi Torts Claims Act as set forth in Miss. Code Ann. §11-46-11 (Supp. 1996).

Moreover, the statutory tolling period has expired.

12. Defendant, OSSD School District Principal (upper elementary and middle school), Jennifer

Necaise, is a person of full age and majority who is a citizen of and resides in the Southern District of

Mississippi. At all pertinent times and relevant times Jennnifer Necaise, was employed as a

Principal/Assistant Principal in the OSSD and was acting and/or neglected to act in the course and scope

of her employment under color of State law. Jennifer Necaise is made a defendant herein individually,

and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal

Rules of Civil Procedure.

13. Defendant, OSSD School District Principal (upper elementary and middle school), Adelle

Register, is a person of full age and majority who is a citizen of and resides in the Southern District of

Mississippi. At all pertinent times and relevant times Adelle Register was employed as a

Principal/Assistant Principal in the OSSD and was acting and/or neglected to act in the course and scope of her employment under color of State law. Adelle Register is made a defendant herein individually, and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure.

14. Defendant, OSSD School District Principal (upper elementary and middle school), Jon Wilson, is a person of full age and majority who is a citizen of and resides in the Southern District of Mississippi. At all pertinent times and relevant times Jon Wilson, was employed as a Principal/Assistant Principal in the OSSD and was acting and/or neglected to act in the course and scope of his employment under color of State law. Jon Wilson is made a defendant herein individually, and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure.

15. Defendant, OSSD School District Principal (upper elementary and middle school), Taylor Borres Caron, is a person of full age and majority who is a citizen of and resides in the Southern District of Mississippi. At all pertinent times and relevant times Taylor Borres Caron, was employed as a Principal/Assistant Principal in the OSSD and was acting and/or neglected to act in the course and scope of her employment under color of State law. Taylor Borres Caron is made a defendant herein individually, and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure.

16. Defendant, OSSD School District Principal (upper elementary and middle school), Carol Viator, is a person of full age and majority who is a citizen of and resides in the Southern District of Mississippi. At all pertinent times and relevant times Carol Viator, was employed as a Principal/Assistant Principal in the OSSD and was acting and/or neglected to act in the course and scope of her employment under color of State law. Carol Viator is made a defendant herein individually, and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure.

17. Defendant, OSSD School District Principal (upper elementary and middle school), Kyle Mickelson, person of full age and majority who is a citizen of and resides in the Southern District of Mississippi. At all pertinent times and relevant times Kyle Mickelson, was employed as a

Principal/Assistant Principal in the OSSD and was acting and/or neglected to act in the course and scope of his employment under color of State law. Kyle Mickelson is made a defendant herein individually, and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure.

18. Defendant, OSSD School District Principal (upper elementary and middle school), Dr. Bonita Coleman, is a person of full age and majority who is a citizen of and resides in the Southern District of Mississippi. At all pertinent times and relevant times Dr. Bonita Coleman, was employed as a Principal/Assistant Principal in the OSSD and was acting and/or neglected to act in the course and scope of her employment under color of State law. Dr. Bonita Coleman is made a defendant herein individually, and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure.

19. Defendant, OSSD School District Principal (upper elementary and middle school), Jennifer Pope, is a person of full age and majority who is a citizen of and resides in the Southern District of Mississippi. At all pertinent times and relevant times Jennifer Pope, was employed as a Principal/Assistant Principal in the OSSD and was acting and/or neglected to act in the course and scope of her employment under color of State law. Jennifer Pope is made a defendant herein individually, and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure.

20. Defendant, OSSD School District Principal (upper elementary and middle school) Melissa Arnold, is a person of full age and majority who is a citizen of and resides in the Southern District of Mississippi. At all pertinent times and relevant times Melissa Arnold, was employed as a Principal/Assistant Principal in the OSSD and was acting and/or neglected to act in the course and scope of her employment under color of State law. Melissa Arnold is made a defendant herein individually, and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure.

21. Defendant, OSSD School District Principal (upper elementary and middle school) David

Lapointe, is a person of full age and majority who is a citizen of and resides in the Southern District of Mississippi. At all pertinent times and relevant times David Lapointe, was employed as a Principal/Assistant Principal in the OSSD and was acting and/or neglected to act in the course and scope of his employment under color of State law. David Lapointe is made a defendant herein individually, and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure.

22. Defendant, OSSD School District Principal (upper elementary and middle school) Nikieland Cooper, is a person of full age and majority who is a citizen of and resides in the Southern District of Mississippi. At all pertinent times and relevant times Nikeland Cooper, was employed as a Principal/Assistant Principal in the OSSD and was acting and/or neglected to act in the course and scope of her employment under color of State law. Nikeland Cooper is made a defendant herein individually, and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure.

23. Defendant, OSSD School District Principal (upper elementary and middle school) Michael Lindsey, is a person of full age and majority who is a citizen of and resides in the Southern District of Mississippi. At all pertinent times and relevant times Michael Lindsey was employed as a Principal/Assistant Principal/superintendeent in the OSSD and was acting and/or neglected to act in the course and scope of her employment under color of State law. Michael Lindsey is made a defendant herein individually, and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure.

24. Defendant, MN, is a minor resident citizen of the Southern District of Mississippi who may be served through her parents or guardians at their residence (redacted) or wherever they may be found.

25. Defendant, PG, is a minor resident citizen of the Southern District of Mississippi who may be served through her parents or guardians at their residence (redacted) or wherever they may be found.

26. Defendant, AG, is a minor resident citizen of the Southern District of Mississippi who may be served through her parents or guardians at their residence (redacted) or wherever they may be found.

27. Defendant, PH, is a minor resident citizen of the Southern District of Mississippi who may be served through his parents or guardians at their residence (redacted) or wherever they may be found.

28. Defendant, Monti Noblitt, made a defendant herein individually, and on behalf of minor daughter, MN, and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure at ADDRESS REDACTED or wherever he may be found.

29. Defendant, Katherine Noblitt, made a defendant herein individually, and on behalf of minor daughter, MN, and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure at ADDRESS REDACTED or wherever he may be found.

30. Defendant, Brandi Green, made a defendant herein individually, and on behalf of minor daughter, PG, and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure at ADDRESS REDACTED or wherever he may be found.

31. Defendant, Phillip Green, made a defendant herein individually, and on behalf of minor daughter, PG, and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure at ADDRESS REDACTED or wherever he may be found.

32. Defendant, AG Jennifer Bell, made a defendant herein individually, and on behalf of minor daughter, AG, and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure at ADDRESS REDACTED or wherever he may be found.

33. Defendant, AG James Case, made a defendant herein individually, and on behalf of minor daughter, AG, and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure at ADDRESS REDACTED or wherever he may be found.

34. Defendant, PH David Hembree, made a defendant herein individually, and on behalf of minor daughter, PH, and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure at ADDRESS REDACTED or wherever he may be found.

35. Defendant, PH Chasity Hembree, made a defendant herein individually, and on behalf of minor daughter, AG, and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure at ADDRESS REDACTED or wherever he may be found.

36.   Plaintiffs are ignorant of the true names and capacities of the Defendants sued as JOHN OR JANE DOES 1-10, inclusive, and therefore, sue these Defendants by fictitious names and capacities.  The Plaintiff will amend the complaint to allege their true names and capacities when ascertained.  Furthermore, Plaintiffs are informed and believe, and on that basis, allege that each fictitiously named Defendant is responsible in some manner for the occurrences alleged, and that ACD's injuries were proximately caused by the conduct of each such Defendant.

## JURISDICTION AND VENUE

37. Jurisdiction is vested in this Court under 28 U.S.C. §§ 1331 and 1343(a)(3), which grants this Court original jurisdiction of any civil action to redress the deprivation, under color of state law, of rights secured by the Constitution and laws of the United States. Additionally, the Court has supplemental jurisdiction under 28 U.S.C. §§ 1367 for the Plaintiff's pendant State law claims.

38. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

39. Whenever reference is made in this complaint to Defendant and/or Defendants the allegations and references shall also mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally

## FACTS

40. Aubreigh Wyatt was a student at Ocean Springs Upper Elementary School and on or about August 30, 2020, Aubreigh Wyatt, in the 5th grade, began to suffer and forced to endure years of bullying, harassment, cyber bullying and abuse by several students, including but not limited to A.C., P.A.G., and M.N.

41. The bullying included, but was not limited to, verbal abuse, threats, humiliation,

cyberbullying, physical altercations/assault, sexual assault, being punched in the face on two occasions and social exclusion.

42. While in the 5ᵗʰ grade, on or about August 3, 2020, Aubreigh Wyatt, A.C., and P.A.G. had a sleepover, which is the earliest documented date of bullying, emotionally damaging, harassing and threatening behavior and abuse began when A.C., P.H., and P.G. were taking inappropriate videos/pictures of Aubreigh when she was changing clothes. Aubreigh became very emotionally distraught and upset. Increasingly traumatized, taunted, and threatened by P.G. that she was going to send the video/pictures/tiktok to the whole school.

43. On or about December 31, 2020, Aubreigh again stayed the night at one of the girls houses, A.C's house, during this sleepover A.C. was on a website called Omegle. Aubreigh was upset and emotionally distraught because they were sending inappropriate photos of their breasts to old men. When Aubreigh became upset A.C. began videoing and taking photos of her crying to mock her. Aubreigh was so upset she called her uncle to come pick her up. The Plaintiff also took steps to try to resolve the problem with parents on multiple occasions. (See Exhibit A)

44. On or about August 2021 and up until her tragic suicide on September 4, 2023 Aubreigh Wyatt was a student at Ocean Springs Middle School and endured continuous bullying, abuse and harassment from A.C., P.A.G., P.H., and M.N.

45. On or about March 25, 2021, several teachers, the Principal and the Assistant Principal are emailed about the bullying notifying the school and asking for action to protect her daughter from M.N. who frequently calls Aubreigh belittling names, spreads rumors, and is extremely hateful to Aubreigh, and that Aubreigh had been hit in her face in class by M.N. Heather expresses concern about her daughter being subjected to such abuse and Aubreigh's emotional distress as a result of this abuse and bullying and advising that her daughter no longer

wants to even attend school and is asking to do virtual school to avoid the bullying. (See Exhibit B)

46. Aubreigh sustained, endured and was victimized consistently and constantly for a period of 4 years in the Ocean Springs School District.

47. In the 5th grade, on or about March of 2021, M.N. created and posted a threatening and harassing video while at school during school hours targeting Aubreigh Wyatt and passes it around the school. Aubreigh Wyatt sees the video while in class at Ocean Springs Upper Middle School and reports the video to her teacher Ashley Parker Smith, she then shows the video to the principal. It is reported that M.N. faces some consequence thought it does not deter her from continuing her abusive, threatening and harassing behavior. The bullying continues. (See Exhibit C)

48. On or about April 20, 2021, P.G. began making fun of Aubreigh's weight and body. Aubreigh became upset but there was a substitute that day and there is no record that disciplinary action was taken.

49. On or about January 30, 2023, A.C. sent messages and taunts to Aubreigh via Snapchat while in school.

50. AW repeatedly asked A.C., P.G., P.H., and M.N. to stop the harassment, both verbally and in writing. When Aubreigh would notify teachers and administration the bullying would get worse, and she was called a snitch.

51. AW and the Plaintiff also informed the Parents of the Minor children involved directly of the bullying and requested that they intervene to stop their children's harmful behavior. Heather took every avenue available as a mother to try to protect her daughter.

52. On or about February 2023, AW expressed more emotional distress due to ongoing

harassment by AC and PH.  It is reported that they gossiped, pointed, and publicly ridiculed AW during lunch time creating an environment of humiliation.  The behavior occurred in supervised environments, and the staff had a legal an ethical duty to recognize the signs of bullying, harassment, and emotional distress in their students, but failed to act, intervene, investigate, or report the harassment as required by both district policy and state law.

53. Principals were emailed about the bullying notifying the school and asking for action to protect her daughter from bullying, especially MN, who frequently calls AW belittling names, spreads rumors and assaults AW.

54. On or about March 21, 2023, Aubreigh reported that she was sexually assaulted while at a school sports event on school grounds.  (See Exhibit D).  Aubreigh later pressed to drop the claim because she felt bad about what it would do to them both after administration reportedly continued to call her in office and share that the male student's parents were very upset.  (See Exhibit E).

55. The Plaintiff reported frequent abuse and bullying to the school and the bullying never stopped.  Aubreigh wanted to move to another state out of Mississippi because the bullying was so bad.  (See Exhibit F)

56. Aubreigh was hit when a student threw his cell phone at her.  (see Exhibit G)

57. On or about March 21, 2023, Aubreigh was assault by M.N.  M.N. hit her in the face in the classroom.  The Plaintiff emailed the principal immediately and included the pictures her daughter sent of her face after being assaulted by M.N. and M.N. physically assaulted AW on at least two occasions. (See Exhibit G)

58. On or about April 2023, AW was again hit on the back of the head by another

student.  This incident was witnessed by a teacher, Mrs. Menke.  AW communicated the incident

with her mother, the Plaintiff, via text messages detailing the incident.   Despite being the victim

of the unprovoked aggression, aw was informed she would be written up.

59. In August of 2023, at the beginning of her 8th grade year, Aubreigh was assigned to a

class alongside the male student who had previously sexually assaulted her, despite prior

assurances from the school administration that they would be kept separate.  Upon encountering

him, Aubreigh experienced a severe panic attack, sought refuge in the bathroom, and contacted

her mother in distress.  She subsequently spent approximately an hour in the counselor's office

before being checked out of school.  Following this incident, the school compelled Aubreigh to

adjust her schedule to accommodate the assailant, thereby prioritizing his educational experience

over her safety and well being.

60.  At all times relevant, the Defendant or Defendants, acting individually and in concert

together as set forth below, acted unreasonably, with deliberate indifference to an in reckless

disregard for the constitutional and civil rights of AW.  AW continued to be subjected and

exposed to bullying, harassment, and assaults by the same group of students.  AW and the

Plaintiff continued to inform OSSD of the attacks and its effects on AW.

61. Based on information and belief, the Defendant school district has a history of

ignoring complaints of harassment, assault, bullying and sexual assault, and other actions and

behaviors which violate its own policies and have ignored the complaints by Plaintiff and AW in

violation of their policies.  Based on the same information and belief, this behavior is district

wide occurring in all OSSD schools.

62. At the time of her suicide, AW was a minor child under the age of eighteen.

63. During all of the instances of bullying, harassment, assault, cyber bullying, and sexual

assault for which the underlying causes of action are asserted, AW, was a student entrusted to the care of the OSSD and other named Defendants at Ocean Springs Upper Elementary and Ocean Springs Middle School, both schools within the OSSD.

64. At all material times OSSD maintained written policies and procedures prohibiting bullying and harassment of any kind. The policy was contained in the OSSD Student Handbook. At all material times OSSD refused enforcing such policies.

65. AW was subjected to physical and mental bullying, cyberbullying, assault, sexual assault, harassed and degraded during this time as a student in Ocean Springs School District.

66. On multiple occasions AW and the Plaintiff complained to OSSD administration, teachers, staff about the bullying and said acts of bullying were known by and/or should have been known by the Defendants.

67.  Defendants' negligence in failing to address or prevent the bullying caused severe emotional distress to Aubreigh Wyatt, ultimately contributing to her tragic suicide on September 4, 2025.

68. At all times pertinent to the complaint, Defendant, Ocean Springs Board of Education had a duty to provide for the safety and security of students within the school district and to adhere to and provide the protections and other requirements under the Mississippi Anti-Bullying Act, Miss. Code Ann. §37-11-67.   They were also responsible for supervising and monitoring the design, implementation, dissemination, training and/or supervision of staff, maintenance of records regarding procedures to prevent and/or address abusive student behavior and/or to propound and disseminate anti-harassment, intimidation, and bullying policies and programs consistent with the Mississippi Anti-Bullying Statute, Miss. Code Ann. §37-11-67.

69. At all times pertinent to the complaint, Defendant, the Superintendent of Ocean

Springs Upper Elementary, Dr. Bonita Coleman, and had a duty to provide for the safety and security of students within the school district and to adhere to and provide the protections and other requirements under the Mississippi Anti-Bullying Act, Miss. Code Ann. §37-11-67.  He was also responsible for supervising and monitoring the design, implementation, dissemination, training and/or supervision of staff, maintenance of records regarding procedures to prevent and/or addressing abusive student to student behavior and/or to propound and disseminate anti-harassment, intimidation, and bullying policies and programs consistent with the Mississippi Anti-Bullying Act, Miss. Code Ann. §37-11-67.

70. At all times pertinent to the complaint, Defendant, Jennifer Pope, as Principal/Vice Principal of Ocean Springs Middle School, a School within Ocean Springs School District.  The Defendant had a duty to provide for the safe and secure environment for pupils at the school and to adhere and provide protections and other requirements under the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67.  The Defendant was also responsible for the design, implementation, dissemination, training and/or supervision of staff, maintenance of records regarding procedures to prevent and/or address abusive student to student behavior and/or to propound and disseminate anti-harassment, intimidation, and bullying policies and programs consistent with the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67.

71. At all times pertinent to the complaint, Defendant, Melissa Arnold, as Principal/Vice Principal of Ocean Springs Middle School, a School within Ocean Springs School District.  The Defendant had a duty to provide for the safe and secure environment for pupils at the school and to adhere and provide protections and other requirements under the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67.  The Defendant was also responsible for the design, implementation, dissemination, training and/or supervision of staff, maintenance of records regarding procedures to prevent and/or address abusive student to student behavior and/or to

propound and disseminate anti-harassment, intimidation, and bullying policies and programs consistent with the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67.

72. At all times pertinent to the complaint, Defendant, David Lapointe, as Principal/Vice Principal of Ocean Springs Middle School, a School within Ocean Springs School District. The Defendant had a duty to provide for the safe and secure environment for pupils at the school and to adhere and provide protections and other requirements under the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67. The Defendant was also responsible for the design, implementation, dissemination, training and/or supervision of staff, maintenance of records regarding procedures to prevent and/or address abusive student to student behavior and/or to propound and disseminate anti-harassment, intimidation, and bullying policies and programs consistent with the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67.

73. At all times pertinent to the complaint, Defendant, Nikeland Copeland, as Principal/Vice Principal of Ocean Springs Middle School, a School within Ocean Springs School District. The Defendant had a duty to provide for the safe and secure environment for pupils at the school and to adhere and provide protections and other requirements under the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67. The Defendant was also responsible for the design, implementation, dissemination, training and/or supervision of staff, maintenance of records regarding procedures to prevent and/or address abusive student to student behavior and/or to propound and disseminate anti-harassment, intimidation, and bullying policies and programs consistent with the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67.

74. At all times pertinent to the complaint, Defendants, Jennifer Necaise, Principal and/or Vice Principal at Ocean Springs Upper Elementary School, a school within Ocean Springs School District. The Defendant had a duty to provide for the safe and secure environment for pupils at the school and to adhere to and provide the protections and other requirements under the Mississippi

Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67. The Defendant was also responsible for designing, implementation, dissemination, training and/or supervision of staff, maintenance of records regarding procedures to prevent and/or address abusive student to student behavior and/or to propound and disseminate anti-harassment, intimidation, and bullying policies and programs consistent with the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67.

75. At all times pertinent to the complaint, Defendant, Adelle Register, Principal and/or Vice Principal at Ocean Springs Upper Elementary School, a school within Ocean Springs School District. The Defendant had a duty to provide for the safe and secure environment for pupils at the school and to adhere to and provide the protections and other requirements under the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67. The Defendant was also responsible for designing, implementation, dissemination, training and/or supervision of staff, maintenance of records regarding procedures to prevent and/or address abusive student to student behavior and/or to propound and disseminate anti-harassment, intimidation, and bullying policies and programs consistent with the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67.

76. At all times pertinent to the complaint, Defendants, Carol Viator, Principal and/or Vice Principal at Ocean Springs Upper Elementary School, a school within Ocean Springs School District. The Defendant had a duty to provide for the safe and secure environment for pupils at the school and to adhere to and provide the protections and other requirements under the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67. The Defendant was also responsible for designing, implementation, dissemination, training and/or supervision of staff, maintenance of records regarding procedures to prevent and/or address abusive student to student behavior and/or to propound and disseminate anti-harassment, intimidation, and bullying policies and programs consistent with the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67.

77. At all times pertinent to the complaint, Defendants, Kyle Mickelson, Principal and/or Vice Principal at Ocean Springs Upper Elementary School, a school within Ocean Springs School District. The Defendant had a duty to provide for the safe and secure environment for pupils at the school and to adhere to and provide the protections and other requirements under the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67. The Defendant was also responsible for designing, implementation, dissemination, training and/or supervision of staff, maintenance of records regarding procedures to prevent and/or address abusive student to student behavior and/or to propound and disseminate anti-harassment, intimidation, and bullying policies and programs consistent with the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67.

78. At all times pertinent to the complaint, Defendants, Taylor Borres Caron, Principal and/or Vice Principal at Ocean Springs Upper Elementary School, a school within Ocean Springs School District. The Defendant had a duty to provide for the safe and secure environment for pupils at the school and to adhere to and provide the protections and other requirements under the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67. The Defendant was also responsible for designing, implementation, dissemination, training and/or supervision of staff, maintenance of records regarding procedures to prevent and/or address abusive student to student behavior and/or to propound and disseminate anti-harassment, intimidation, and bullying policies and programs consistent with the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67.

79. At all times pertinent to this complaint, Defendant, Jennifer Pope, Principal at Ocean Springs Middle School and had a duty to provide a safe and secure environment for pupils at the school and to adhere to and provide the protection and other requirements under the Mississippi anti=Bullying Act, Miss. Code Ann. §37-11-67. The Defendant was also responsible for designing, implementation, dissemination, training and/or supervision of staff, maintenance of records

regarding procedures to prevent and/or address abusive student to student behavior and/or to propound and disseminate anti-harassment, intimidation, and bullying policies and programs consistent with the Mississippi Anti-Bullying Act, Miss. Code Ann. §37-11-67.

80. Upon information and belief, OSSD, had policies, practices, and customs in place which caused and or furthered the violation of AW's rights as described in this Complaint.

81. Pursuant to 28 U.S.C. § 1983, Plaintiff accordingly seeks to redress the OSSD Defendant's violations of AW's constitutional rights.

82. OSSD Defendants established customs, policies, practices and lack of response directly and proximately  caused deprivation of civil and constitutional rights of AW as alleged in this Complaint, and the damages, emotional and mental pain and distress, and suffering of AW thereby resulting in her suicide and causing the Plaintiff damages including but not limited to loss of filial consortium, pain and suffering, emotional distress, loss of companionship, in addition to punitive damages and all other damages afforded under both Federal and Mississippi Law.

83. At all material times the Defendants, each and all, acted willfully, maliciously, wantonly, unreasonably, recklessly and with deliberate indifference to, and with intentional and wanton disregard of the constitutional and civil rights of AW.

84. The Defendants, acting individually and together, under color of law, engaged in a course of c conduct that caused the emotional and mental pain and suffering, injuries, damages to AW and violated her rights as guaranteed by the Fourteenth Amendment of the United States Constitution.

85. The Defendants are liable to Plaintiff, jointly and severally, for the wrongful acts complained of in this Complaint.

86. Plaintiff fulfilled all notice requirements pursuant to Miss. Code Ann. § 11-46-11 by sending notice of claim to the Superintendent of the OSSD.  A copy of the notice of claim is attached as "Exhibit A".

87. The actions of Defendants were willfully in violation of AW's federally protected rights and

said willful and reckless acts justify the imposition of punitive damages.

88. AW continued to be subjected and exposed to bullying, harassment, and assaults by the same group of students. AW and the Plaintiff continued to inform OSSD of the attacks and its effects on AW.

89. AW and the Plaintiff continued to report bullying and threatening behavior by the specific students pursuant to the policy in the OSSD student handbook after the sexual assault complaint was dismissed the entire student body chanted "Team S" mocking her report of sexual assault and further humiliating her.

90. OSSD took no actions to prevent or protect AW, thereby violating OSSD school policy, state board of education policy, Mississippi Law and refused to report any of the instances of harassment, bullying or sexual assault to the authorities and/or Youth Court as required by Mississippi Law.

91. On information and belief, these actions have been so frequent it has become the custom of OSSD to turn a blind eye and fail to report.

92. even though AW and the Plaintiff, reported the bullying, assaults, harassment frequently to OSSD administration about the bullying and these specific students no meaningful action was taken to prevent further abuse or protect AW. AW continued to get bullied, harassed, and assaulted as a direct consequence and proximate cause of OSSD direct refusal to intervene on AW's behalf.

93. upon information and belief, the school employees knew of the abuse to AW and failed to report it to the proper authorities."

94. OSSD's failure to take meaningful actions to discipline the students or protect AW from any further abuse proved to condone and encourage such behavior in direct contradiction of their policy defining bullying, cyberbullying, harassment and assault and their policy directive that "NO FORM OF BULLYING WILL BE TOLERATED" which directly injured and traumatized AW causing her to want to withdraw from school and finish online, or move to another state. AW was physically injured, humiliated, threatened, harassed, mocked, demoralized and degraded in front of the OSSD faculty, staff and administration continuously with no intervention that she was in fear of further abuse and had continuously toward the end of her life just expressed not fighting it anymore because it was easier than

speaking out and seeking intervention from school officials. AW was extremely fearful of attending school and would try to get checked out all the time and was terrified of being subjected to further abuse.

95. Despite multiple attempts and years of reporting and insisting action be taken OSSD refused to take any action thereby ignoring AW and the Plaintiffs and refusing to take the reports seriously.

96. At all times herein, the Defendants acted under color of State Law, within the course and scope of their employment, with deliberate indifference and reckless disregard to ACD's federally protected rights, with gross negligence, and negligence per se evidencing a willful, wonton, or reckless disregard for AW's rights under Mississippi law."

97. At all times herein, the Defendant, Jennifer Necaise, acted under color of State law, within the course and scope of her, with deliberate indifference and reckless disregard for AW's federally protected rights, with gross negligence, and negligence per se evidencing a willful, wonton, or reckless disregard for AW's rights under Mississippi law.

98. At all times herein, the Defendant, Adelle Register, acted under color of State law, within the course and scope of her, with deliberate indifference and reckless disregard for AW's federally protected rights, with gross negligence, and negligence per se evidencing a willful, wonton, or reckless disregard for AW's rights under Mississippi law.

99. At all times herein, the Defendant, Jon Wilson, acted under color of State law, within the course and scope of his, with deliberate indifference and reckless disregard for AW's federally protected rights, with gross negligence, and negligence per se evidencing a willful, wonton, or reckless disregard for AW's rights under Mississippi law.

100. At all times herein, the Defendant, Taylor Bores Caron, acted under color of State law, within the course and scope of her, with deliberate indifference and reckless disregard for AW's federally protected rights, with gross negligence, and negligence per se evidencing a willful, wonton, or reckless disregard for AW's rights under Mississippi law.

101. At all times herein the Defendants, Carol Viator, Nikeland Cooper, and Michael Lindsey,

acted under color of State law, within the course and scope of their, with deliberate indifference and reckless disregard for AW's federally protected rights, with gross negligence, and negligence per se evidencing a willful, wonton, or reckless disregard for AW's rights under Mississippi law.

102.     At all times herein, the Defendants, Kyle Mickelson, Dr. Bonita Coleman, Jennifer Pope, Melissa Pope, Melissa Arnold, and David Lapointe, acted under color of State law, within the course and scope of  their, with deliberate indifference and reckless disregard for AW's federally protected rights, with gross negligence, and negligence per se evidencing a willful, wonton, or reckless disregard for AW's rights under Mississippi law.

103.     Upon information and belief, OSSD, had policies, practices, and customs in place which caused and/or furthered the violation of AW's rights as described in this Complaint."

104.     Pursuant to 28 U.S.C. §1983, Plaintiff accordingly seeks to redress the Defendant's violation of AW's constitutional rights

105.     Defendant's established customs, policies, practices and lack of response directly and proximately caused the deprivation of civil and constitutional rights of AW as alleged in this Complaint, and the damages, emotional and mental pain and distress, and suffering of AW thereby resulting in her suicide and causing the Plaintiff damages including but not limited to loss of filial consortium, pain and suffering, emotional distress, loss of companionship, in addition to punitive damages and all other damages afforded under both Federal and Mississippi law.

106.     At all material times the Defendants, each and all, acted willfully, maliciously, wantonly, unreasonably, recklessly and with deliberate indifference to, and with intentional and wanton disregard of the constitutional and civil rights of AW.

107.     The Defendants, acting individually and together, under color of law, engaged in a course of conduct that caused the emotional and mental pain and suffering, injuries, damages to AW and violated her rights as guaranteed by the Fourteenth Amendment of the United States Constitution.

108.     The Defendants are liable to Plaintiffs, jointly and severally, for the wrongful acts complained of in this Complaint.

109.    The actions of the Defendants were willfully in violation of AW's federally protected rights and said willful and reckless justify the imposition of punitive damages.

## CAUSES OF ACTION

## CLAIM 1 – FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS

110.    "During all material times AW had clearly established constitutional rights to bodily integrity and to be free from mental and physical abuse unrelated and in direct contradiction to the legitimate State goal of maintaining an atmosphere conducive to learning."

111.    At material times the Defendants were vested with the State authority and the non-delegable responsibility and duty of adhering to, complying with and enforcing the laws of the United States and the State of Mississippi.  While acting under color of State law, the Defendants engaged in a course of conduct and implemented a policy, wherein the rights, privileges and immunities of the Plaintiff were violated.  The Defendants jointly and severally, engaged in a course of conduct that resulted in a violation of AW's right to the equal protection of the laws of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi and the right to procedural and substantive due process of the law pursuant to the Fourteenth Amendment to the United States Constitution.

112.    The violations complained of include, but are not limited to, failure to use proper care to uphold constitutional rights and privileges, deprivation of identifiable civil rights, including life and liberty, unnecessary and wanton infliction of pain and suffering, sexual degradation, embarrassment, humiliation, emotional distress, and anguish in light of the circumstances."

113.    Defendants established policies and/or practices surrounding school bullying, its definition, and a zero tolerance policy.

114.    The Defendants failed to enforce or train staff and failed to supervise students during school hours and such failure and custom was the moving force behind the numerous violations of bodily integrity endured by AW."

115.    OSSD had a policy, practice and custom of allowing bullying, sexual harassment, and assault in the classroom in violation of the written policies prohibiting such acts.

116.    The Defendants created a policy, practice and custom which created a danger to students, such as the minor child, AW, thereby resulting in the deprivation of rights whereby the Defendants acted recklessly and/or with deliberate indifference towards the right and safety of students and the minor child, AW and allowed the child to be sexually assaulted while the minor child was directly under the school's supervision and allowed the student to be physically assaulted multiple times.

117.    As a direct and proximate result of the acts and omissions of the Defendants, AW's clearly established and protected constitutional rights, guaranteed under the Fourteenth Amendment, to bodily integrity was violated, which violations caused injury to AW.

118.    Defendants learned of the bullying and sexual assault and assault by classmates and demonstrated deliberate indifference toward AW's right to bodily integrity by failing to take action that was necessary to put a stop to the assaults and bullying.

119.    Plaintiff requests judgement against all Defendants, for compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and attorney's fees.

120.    The Defendants had a duty to train and supervise teachers, and other personnel in order to ensure the safety and well-being of students entrusted to their care and supervision.  The Defendants each failed to discharge those duties.

121.    the Defendants acted intentionally in failing to adequately train and supervise their teachers and other personnel on Educator Ethics, mandatory reporting, and OSSD policy on bullying and harassment.

122.    As a result AW suffered physical and emotional abuse in direct violation of State law and Department of Education regulations and in violation of her constitutional rights.

123.    On information and belief, Defendants had actual knowledge of incidents of bullying in elementary and middle school, including but not limited to, physical assault in the classroom in front of the teachers.

124.    The acts and omissions of the Defendant were conducted within the scope of their official duties and employment and under color of State law.

125.    The acts and omissions of the Defendants caused Plaintiff's and AW's damages in that she suffered physical and mental pain and lasting damage that the Plaintiff will endure in the future and for the rest of her life.

## CLAIM 2 – CIVIL CONSPIRACY

126.    The Defendants were the final authority and the governmental subdivision responsible for establishing, implementing, promulgating and enforcing their respective policies, customs and practices concerning the safety and welfare of students while on campus/school property, under school custody and/or supervision.

127.    Mississippi law and federal law prohibit conspiracies to interfere with the rights of others.

128.    Defendants entered into an agreement and among themselves and/or others to engage in unlawful conduct, conspired to held AW's perpetrators evade any disciplinary action including but not limited to criminal prosecution for their acts.

129.    The Defendants committed acts in furtherance of the conspiracy to deprive AW of her guaranteed constitutional rights.

130.    The Defendants and the unidentified John and Jane Does each had actual knowledge, and each had the power and opportunity to prevent violations from occurring and/or continuing but intentionally failed to do so.

131.    The Defendants received complaints and reports from AW and the Plaintiff regarding the bullying, assault, cyber bullying, and sexual assault the minor child and as a result the Defendants had actual knowledge that the policies for the safety and welfare of students were inadequate and still they failed to take corrective action to reduce or prevent harm or danger or to make sure that AW was not subjected or exposed to further sexual assault and/or physical or mental harm.

132.    The Defendants failure to take corrective measures, protect from further abuse while at

school, on school property or under school supervision and control and the efforts to conceal and destroy evidence of such bullying since AW's suicide constitutes a deliberate indifference for the rights and safety of OSSD students and the minor AW such that it shocks the conscience, and constitutes deliberate indifference and decision by government officials and/or subdivisions and these minor students to deprive AW of her constitutional rights.

133.    As a direct and proximate result of the foregoing, the Defendants deprived AW of her rights and privileges as a citizen of the United States and State of Mississippi.  The Defendants by their acts and omissions intentionally or through their own negligence, failed to expose, prevent, protect or thwart the conspiracy to deprive AW of her constitutional rights causing AW to suffer sever indignity, pain and suffering shock and injury.

## CLAIM 3 – NEGLIGENCE UNDER MTCA

134.    Defendants through the acts and omissions of their employees and agents are liable for the breach of ministerial duty to supervise the minor children under their care, in particular, AW and their duty to provide a safe school environment free from bullying and abuse.

135.    The Defendants violated the OSSD policies and procedures, the Education Code of Ethics and the Laws of the State of Mississippi and the United States.

136.    The teachers, administrators, and employees were not properly supervising the minor children and students under their care and as a result of their negligence, negligence per se, and or gross negligence AW was injured while attending school and/or school functions.

137.    The Plaintiff would aver the Defendants are liable for physical and emotional damages inflicted upon AW, and emotional damages and loss of companionship and filial consortium as a result of their failure to properly supervise and train employees, failure to provide a safe school environment free from bullying resulting in Defendants employees not providing ordinary care to AW and the minor children for which they had a duty to provide safety and care.

138.    Pursuant to the student handbook and the Policies and Procedures of OSSD the

Defendant owed certain duties requiring them each to act with ordinary care and that these policies along with the law of the State of Mississippi required each and all Defendants to perform certain required actions and it violated these policies evincing lack of care.

139.    The Defendants failure to protect AW from the sexual assaults, bullying, and degradation received at the hands of fellow students constituted a breach of ministerial duties, including a failure to exercise ordinary care in the execution of their mandate to provide a safe school environment and have a zero tolerance policy for bullying, and to take reasonable steps to minimize foreseeable risks to students (Miss. Code Ann. §§37-9-69); as well as breach of their ministerial duty to prevent bullying (Miss. Code Ann. §§37-11-67; and 37-11-69).

140.    The Defendants through the acts and omissions of their employees and agents are liable for breach of their duties in providing a safe learning environment and failing to enforce their policies.

141.    Defendants failure and refusal to provide safety and welfare of students while attending school and/or on school property and/or under supervision constituted breach of non-delegable and/or fiduciary duties owed to all students including but not limited to AW.

142.    as a direct and proximate result of the breach of their non-delegable and/or fiduciary duty the Defendants are joined and severally liable for the injuries.  The Defendants had a duty to act as a reasonable, prudent, school districts administrators and to take reasonable and necessary precautions to ensure the safety and welfare of the students under their supervision and care and control.

143.    The Defendants breached their duty of care by failing to provide for the safety and welfare of students and in particular the welfare and safety of AW.  The Defendants failures and omissions resulted in the mental, physical, sexual, and psychological abuse of a minor child.  Each incidence of bullying, cyberbullying, sexual assault, harassment, and assault apprise a separate and independent tort under the Mississippi Torts Claims Act.

144.    As a direct and proximate result or consequence of the Defendants acts or omission AW

suffered sever pain, suffering, humiliation, mental and emotional distress and the Plaintiff is thereby entitled to consequential damages and actual damages as stated herein.

145.    The Defendants, school principal etc, to the extent that their acts are determined to have occurred outside the course and scope of their employment, are individually liable for damages sustained by AW and the Plaintiff"

146.    the Defendants Actions violated the policies and procedures of OSSD, laws of the State of Mississippi and the United States of America.

147.    As a direct and proximate result of the foregoing, AW, and Plaintiff suffered financial injury, significant indignity and loss all to general damages in a sum which will be proven at trial."

## CLAIM 4 – SEXUAL HARASSMENT/DISCRIMINATION UNDER TITLE XI

148.    Plaintiff incorporates by reference the allegations in Paragraphs 1–147 as if fully set forth herein.

149.    OSSD is a recipient of federal education funds under Title IX of the Education Amendments of 1972 codified at 20 U.S.C. §1681 et seq.)

150.    Title IX of the Education Amendment of 1972 makes it unlawful to create any intimidating, hostile, offensive, and abusive school environment.

151.    At all times relevant to this Complaint, the Defendants and their agents were acting under color of laws, customs and usages of OSSD.

152.    OSSD, as a result of receiving federal funds, must protect students from sex based discrimination or harassment, including but not limited to sexual violence.

153.    AW was a minor female citizen of Mississippi and at the time of her sexual assault was a member of the protected class.

154.    The conduct of certain students, as mentioned above, in OSSD last from 5th grade until her suicide in the beginning of 8th grade and was so severe and pervasive, it made it impossible for AW to obtain any meaningful education while attending OSSD.

155.     The Defendant's decision to remain idle in the face of known harassment and discrimination that was so severe and offensive that it barred and prevented AW from receiving access to educational benefit and was a clear violation of Title IX by their decision to remain indifferent to student-on-student harassment, for which it had actual knowledge.

156.     Based on information and belief, OSSD knew or should have known of the actions of the students and the student-on-student harassment of AW.

157.     The Defendant and it agents and employees conduct fully eliminated and deprived AW any and all access to the benefit of education.

158.     the Defendants failed to establish procedures and protections leading to AW's exposure to more bullying and harassment from the perpetrators for reporting the abuse.

159.     The Defendants failed to establish procedures for investigating, handling, and reporting complaints of sexual violence and sexual discrimination.

160.     As a direct and proximate result of OSSD's  acts or omission AW suffered injuries and loses as described and suffered a deprivation of rights protected and guaranteed under Title IX

161.     Defendants acting under color of state law, violated the federally protected rights of AW and she suffered damages as a result.

**CLAIM 5 – SEXUAL HARASSMENT UNDER THE FOURTHEENTH AMENDMENT**

162.     The Defendants are "persons' pursuant to 42 U.S.C. § 1983.

163.     At all material times the Defendant and their agents were acting under color of laws, customs and usage of OSSD within the meaning of 42 U.S.C. § 1983."

164.     During the Defendants acts and omissions AW was a protected minor citizen in Mississippi and a member of a protected class.

165.     Defendants failed to take action or respond to end the sexual harassment and to prevent reoccurrence.

166.     the Defendants and their agents/employees failed to take steps to prevent and

remedy such violations of law which demonstrated deliberate indifference to protecting AW

from such abuse

167.    the Defendants failure to remedy and correct unlawful conduct demonstrated

deliberate indifference.  Additionally, the Defendants condoned or authorized the conduct which

promoted and encouraged an environment where such treatment and conduct is encouraged

thereby violating there own policies prohibiting sexual harassment and discrimination in school.

168.    The Defendants were deliberate to the daily abuses which stripped AW of her

constitutional protections and guarantees on regular basis while enrolled as a student at OSSD.

169.    The Defendants failure to implement procedures for handling sexual violence complaints

and their procedures for handling said complaints violated Title IX which led to AW being retaliated

against with more bullying.

170.    The Defendants acting under the color of state law, violated the federally

protected rights of AW in violation of 42 U.S.C. § 1983.

## CLAIM 6 – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

171.    The Defendants negligent, arbitrary, capricious, willful and

intentional acts and/or omissions were reasonably foreseeable to cause and inflict and continue to inflict

emotional distress on AW and the Plaintiff demand judgement in an amount to be determined by the Jury

at trial of this case.

172.    As a direct result of the Defendant's negligent acts and failure to

provide and maintain a safe environment for minor students under their supervision and control AW

endured over 3 years of emotional distress and abuse.

173.    AW suffered injury as a result of the  Defendant's, and all of their employees and agents

negligence, including:

    a.   Emotional injuries and severe mental anguish;

    b.   Physical injuries, along with other injuries to her person;

    c.   Past emotional pain and suffering which is grievous;

    d.   Medical bills/psychiatric bills and medically related expenses of AW;

    e.   Medical bills/psychiatric bills and medically related expenses of the Plaintiff and

        AW's two surviving siblings

### CLAIM 7 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

174.    the Defendant's capricious, intentional and willful acts and omissions were reasonably foreseeable to inflict, have inflicted, and continued to inflict emotional distress until the time of AW's suicide.

175.    at all times relevant to the instant cause of action, Defendants engaged in outrageous conduct towards AW or their omissions and outrageous failure to act with reckless disregard for the likelihood of causing AW to suffer severe emotional distress thereby leading to her suicide and the sever emotional distress of the Plaintiff in the aftermath of begging the OSSD to protect AW and her suicide.

176.    AW suffered extreme mental distress, humiliation, anguish, emotional and physical injuries In addition the Plaintiff suffered extreme mental distress, anguish and emotional injuries and loss of enjoyment of life, companionship, filial companionship, lost earning capacity, loss of career opportunities, loss of enjoyment of life and other non-pecuniary damages in amounts to be determined at trial.

177.    AW suffered serious emotional distress, humiliation, and degrading abuse, mental and emotional injury due to the Defendant's actions and the Plaintiff is entitled to damages sustained by AW, the minor child, during the last few years of her life as a result of the Defendant's acts, omissions and practices.  The Plaintiff charges that the Defendants subjected her and AW to intentional infliction of emotional distress as a result of their acts and omission and she is entitled to an award of compensatory damages against the Defendant and or Defendants, jointly and severally, as a result of their willful and wanton acts and/or omissions and the Plaintiff is furthermore entitled to an award of punitive damages as well in order to punish the Defendants for their wrongful conduct.  The Defendants have consistently and continuously denied to adopt or take ownership of any responsibility or remorse for the pain and

emotional anguish their actions have cause and instead have defended their failure and lack of enforceable protections and even defended their lack of effort to ensure a healthy and safe emotionally and educationally conducive environment for which minors can thrive educationally and emotionally free with no worries or fears or being subjected or exposed to such demoralizing and degrading humiliation and emotional pain and anguish.

## CLAIM 8 – ASSAULT AND BATTERY

178.    The Defendants allowed AW to be assaulted on multiple occasions causing injury. Several of the assaults were perpetrated on AW by other students and occurred in the classroom under direct supervision of its employees and agents.

179.    The Defendants furthermore, condoned and encouraged, and/or ratified the unlawful assaults as described herein;

    a.  Not contacting law enforcement when the incidents happened;

    b.  Not contacting law enforcement after being notified of the incidents;

    c.  Having school officials conduct investigations after being notified, instead of trained law enforcement professionals;

    d.  Not imposing meaningful, timely discipline on AW's perpetrators; and

    e.  Upon the victims assault and bodily injury, sending her to walk herself to the office, indicating some frustration with the incident and indicating to the entire classroom of witnesses that the victim should be removed from the classroom and sent to the office while the perpetrator remains in the classroom; and

    f.  While the perpetrator of violence remains in the classroom and continuously harasses via cell phone her victim via text messages and social media calling her a "weak bitch" however, she remains in the classroom thereby creating a confusing  and unacceptable tolerance for abuse, bullying, intimidation, assault, cyber bullying, humiliation, cruel treatment and then the Defendants multiple acts of secluding and

isolating the victim in front of the peer student body to further humiliation and

degradation and devaluation.

180.    The Defendants, as a direct and proximate result of the tortious, unlawful, and wrongful

conduct, their failure to enforce disciplinary actions, deter or protect the victim from other students and

physical assault and then being deprived of the protections of the perpetrator being removed as the

wrongdoer and aggressor and acts of Defendants AW suffered injuries and damages as described herein

which the Plaintiff has information and belief directly emotionally degraded and prompted AW's suicide

the Plaintiff suffered the injuries and damages described herein by losing her daughter and minor child.

## COUNT 9 - NEGLIGENCE

181.    Plaintiff incorporates by reference the allegations in Paragraphs 1–87 as if fully

set forth herein.

182.    Defendants owed a duty of care to AW to provide safe learning

environment and to protect her from foreseeable harm, including bullying, harassment, and

sexual assault.

183.    Defendants breached this duty by failing to:

    a. Supervise students adequately;

    b. Enforce anti-bullying policies;

    c. Protect Aubreigh Wyatt from her known aggressors;

    d. Investigate and respond appropriately to reports of bullying and assault.

184.    As a direct and proximate result of Defendants' negligence, Aubreigh Wyatt

suffered severe emotional distress, physical harm, and death by suicide.

## COUNT 10 – NEGLIGENCE PARENTS OF BULLIES

185.    The Plaintiff incorporates by reference the allegations contained in paragraphs 1

through 15 as if fully set forth herein.

186.    The Defendants owed a duty of care to exercise reasonable supervision and control over their minor children to prevent them from harming others, including AW.

187.    The Defendants breached this duty by:

    a.  Failing to properly supervise their children;

    b.  Failing to discipline or correct their children's bullying behavior;

    c.  Ignoring direct pleas from AW and Plaintiff to intervene;

    d.  Failing to take reasonable steps to prevent foreseeable harm;

    e.  Encouraging their minor children to engage in bullying behavior.

188.    As a direct and proximate result of Defendants' negligence, AW, suffered severe emotional distress, mental anguish, and ultimately death by suicide.

189.    Plaintiff and AW surviving family members have suffered immense pain, suffering, and loss of companionship due to the defendants actions and inactions.

190.    Plaintiff would allege she is entitled to reasonable compensation for all damages to which she may be entitled under Mississippi Law/Federal Law.

## **Count 11 – Violation of Mississippi Educator Code of Ethics and Standards**

191.    Plaintiff incorporates by reference the allegations in Paragraphs 1–191 as if fully set forth herein.

192.    Under the Mississippi Educator Code of Ethics and Standards of Conduct, educators and administrators are required to protect the rights and dignity of all students, ensure a safe environment, and report and address bullying and harassment.

193.    Defendants violated these standards by:

    a. Failing to intervene in instances of bullying and harassment;

    b. Allowing the continued victimization of Aubreigh Wyatt;

c. Failing to take corrective action to protect Aubreigh Wyatt from harm.

194.    As a direct result of these violations, Aubreigh Wyatt suffered severe emotional and psychological harm, leading to her death.

195.    As a direct and proximate result of Defendants' negligence, AW, suffered sever emotional distress, mental anguish, and ultimately death by suicide.

196.    Plaintiff and Aubreigh Wyatt's surviving family members have suffered immense pain, suffering, and loss of companionship due to Defendants' actions and inactions.

197.    The Plaintiff would allege and show that as a proximate result of reckless conduct, acts or omissions of Ocean Springs School District Board of Education, OSSD Board of Trustees, Superintendent, Administration, Faculty, Counselors, Nurses and all other associated employees of the OSSD Board of Education, Ocean Springs Middle School, and Ocean Springs Upper Elementary through its agents are liable

198.    Plaintiff would allege that she is entitled to reasonable compensation for all damages to which she may be entitled under Mississippi law.

## DAMAGES AND REMEDIES

199. As a direct and proximate result of the Defendants, each of their actions and omissions, Plaintiff is entitled to recover damages including but not limited to the following, jointly and severally, in amounts to be determined by the Jury at trial of this case:

> A.  Past, present and future economic damages, loss of earning capacity, including but not limited to medical bills, incidental damages, and others;\
>
> B.  Past present and future emotional distress and mental anguish, inconvenience, pain and suffering,
>
> C.  Past emotional and mental anguish, inconvenience, pain and suffering humiliation, shame, loss of enjoyment of life, loss of self-esteem, loss of her

good name, loss of esteem and respect from the community, fear and

embarrassment, and injury to reputation, and any other non-economic damages

all of which AW suffered prior to her suicide;

D.  All incidental damages;

E.  All other economic damages ad non-economic damages recoverable by law;

F.  Attorneys' fees and expenses;

G.  Pre-judgement interest running from the date of the wrongful conduct or such

other date that the Court finds to be reasonable;

H.  Post judgement interest; and

I.  All other damages, equitable and/or other relief available to the Plaintiffs under

federal and state law.

199.    Defendants and each of their acts and omissions are so egregious as to evoke outrage and

rise to a level of independent tort or represent reckless disregard for the safety and well being of members

of public, including that which was posed to AW during the last years of her life and other OSSD

students, to compensate Plaintiff such that the Defendants and each of them should be required to pay

punitive damages in an amount sufficient to punish Defendants, and to make an example with full

intention of deterring Defendants and others from engaging in such conduct in the future said amounts to

be determined by the Jury of the trial of this case;

200.    On information and belief, the Plaintiff allege that AW's injuries directly influenced and

caused her ultimate suicide and as a result the Plaintiff and AW's two surviving siblings have had

significant consequences and additionally the significant consequences to AW;

201.    That the damages having been proximately caused by the negligence, gross negligence,

wantonness, indifference, reckless disregard, and or malicious or intentional acts of the Defendants,

Plaintiff is entitled to sue and recover damages proximately resulting therefrom to herself and AW,

including compensatory damages, economic damages, non-economic damages, punitive damages,

attorney's fees, pre-judgement and post-judgement interest, and such other relief as Plaintiff may be

entitled to under the laws of the State of Mississippi and the United Stated of America, and any and all other relief this Honorable Court deems just, proper, and equitable. ]\

**WHEREFORE**, Plaintiff sues and demands judgement, of and from, all Defendants under the liability insurance policy or the maximum statutory amount allowed under the Mississippi Tort Claims Act, whichever of the two is the greater amount on behalf of Aubreigh Wyatt.

**RESPECTFULLY** submitted this the 17th day of July, 2025.

> **PLAINTIFF**
> Law Office of Kimberly M. Papania
> _/s/Kimberly M. Papania_____
> Kimberly M. Papania
> MSB #105463
> P.O. BOX 7544
> Gulfport, MS 39507
> TEL: 228.264.0933
> kpapanialaw@outlook.com
> kpapania1@gmail.com

## Certificate of Service

This is to certify that I, Kimberly M. Papania, have this date served a true and correct copy of the above and foregoing COMPLAINT by PERSONAL SERVICE by Certified U.S. Mail, postage fully prepaid, to the following counsel of record and pursuant to the MS Torts Claims Act, codified at Miss. Code Ann. §11-46-11 (Supp. 1996) :

Ocean Springs School District Superintendent
2300 Government St.
P.O. Box #7002
Ocean Springs, MS 39564

All Defendeants

This the 17th day of July, 2025.

**EXHIBIT A**

Respectfully submitted,


__/s/Kimberly M. Papania_____
**Kimberly M. Papania, Esq.**
**Bar Id #105463**
**228-264-0933**
**kpapanialaw@outlook.com**