UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HEATHER WYATT *as Administratrix of the*                                                PLAINTIFF
*Estate of Aubreigh Wyatt and Individually and*
*as Parent/Guardian of Aubreigh Wyatt*

VERSUS                                    CIVIL ACTION NO. 1:25-CV-98-TBM-RPM

OCEAN SPRINGS SCHOOL
DISTRICT et al                                                               DEFENDANTS

## ORDER DENYING MOTION FOR AN ORDER OF SUPPRESSION

    Before the Court is Defendants Ocean Springs School District's, Ocean Springs Board of Trustees', and Ocean Springs School District Superintendent's (collectively, "Defendants") [8] Motion for an Order of Suppression, i.e., a gag order. Defendants ask this Court to impose a gag order upon Plaintiff Heather Wyatt, her attorney(s), and any other persons or entities working in conjunction with Plaintiff and her attorney(s), including but not limited to, Plaintiff's minor daughter. [8] at 1. In sum, Defendants ask the Court to do following: (1) prohibit the publication or dissemination of (a) the names or images of any minor implicated by the contents of the amended complaint or any information which would permit identification of said minors, (b) any pleading filed in this case, and (c) any document referenced or relied upon in the amended complaint, including the exhibits thereto; (2) enforce the already extant permanent injunction entered in chancery court; and (3) prohibit the Plaintiff, her attorney(s), and anyone acting in concert with or on behalf of Plaintiff or her attorney(s) from commenting upon any gag order entered by this Court. *Id.* at 7. Plaintiff opposes the motion. [16].

    As an initial matter, Defendants' motion violates the Local Rules. "Other than discovery motions under Rule 37, a motion may not exceed four pages, excluding exhibits, may contain only the grounds for the request and may not contain legal argument or citations to case law or other

secondary authority." L.U. Civ. R. 7(b)(2)(B). Defendants' motion exceeds four pages and contains legal argument. [8]. "At the time the motion is served, other than motions or applications that may be heard ex parte or those involving necessitous or urgent matters, counsel for movant must file a memorandum brief in support of the motion." L.U. Civ. R. 7(b)(4). Defendants did not file a separate memorandum brief nor did they ask to be excused from the requirement of a separate memorandum brief. Similarly, Plaintiff's response also violates the Local Rules. [16]. Plaintiff also did not file a separate memorandum brief. *See* L.U. Civ. R. 7(b)(4) ("Counsel for respondent must, within fourteen days after service of movant's motion and memorandum brief, file a response *and memorandum brief in support of the response*.") (emphasis added). The Court only mentions these problems so that the parties are aware of the requirements of the Local Rules going forward.

Further, the Court set a briefing schedule on the instant motion. *See* Text Only Order (05/05/2025). Plaintiff's response is untimely as it was filed the day after the court-ordered deadline of May 15, 2025.[1] Defendants' reply is also untimely as it was filed the day after the court-ordered deadline of May 22, 2025.[2] While these pleadings are untimely, the parties substantially complied with the briefing schedule set by the Court. But the Court cautions the parties to comply with court-ordered deadlines going forward as "[t]here comes a time when a deadline is a deadline" and "consequences must follow" when parties fail to comply. *Bolden v. Wayne Farms, LLC*, Nos. 2:07-CV-1006, 2:07-CV-1007, 2009 WL 10723043, at *2 (S.D. Miss. Jan. 23, 2009). The Court also notes that requests for extensions of time to file pleadings are common. *See Velez v. City of Chicago*, No. 18-C-8144, 2021 WL 2915117, at *1 (N.D. Ill. July 12, 2021) ("Motions for extensions of time are easily the most common motion attorneys file.");

---

[1] Plaintiff's response was filed at 12:03 a.m. on May 16, 2025, only three minutes after the deadline to respond.
[2] Defendants' reply was filed a day after the court-ordered deadline perhaps as a result of Plaintiff's untimely response.

2

*Gravelle v. Kumbler*, No. 19-CV-1712, 2021 WL 1139755, at *1 n.2 (E.D. Wisc. Mar. 25, 2021) ("[I]t is routine in federal litigation for parties to ask for extensions of time."). If a reasonable extension of time is warranted, attorneys need not burn the midnight oil in an effort to meet a deadline; a party may move for an extension of time if and when necessary. *See* L.U. Civ. R. 7(b)(4) ("A party must make any request for an extension of time in writing to the judge who will decide the motion.").

The Court now addresses Defendants' request for a gag order. "The Supreme Court has called a gag order 'one of the most extraordinary remedies known to our jurisprudence.'" *United States v. Smith*, No. 6:22-CR-146, 2022 WL 17823930, at *1 (E.D. Tex. Dec. 20, 2022) (quoting *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 562 (1978)). "Court orders aimed at preventing or forbidding speech 'are classic examples of prior restraints.'" *Marceaux v. Lafayette City-Par. Consol. Gov.*, 731 F.3d 488, 493 (5th Cir. 2013) (quoting *Alexander v. United States*, 509 U.S. 544, 550 (1993)). "Despite the fact that litigants' First Amendment freedoms may be limited in order to ensure a fair trial, gag orders . . . still exhibit the characteristics of prior restraints." *Id.* (quoting *United States v. Brown*, 218 F.3d 415, 424 (5th Cir. 2000)). "Prior restraints 'face a well-established presumption against their constitutionality.'" *Id.* (quoting *Brown*, 218 F.3d at 424–25). The Court "must therefore balance the First Amendment rights of trial participants with our 'affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity.'" *Id.* (quoting *Brown*, 218 F.3d at 423).

In requesting a gag order, Defendants' concerns are (1) the minor children's privacy who are inextricably entwined with the claims in this case; and (2) the threat to a fair trial in this case. [8] at 6. First, the Court has previously addressed the importance of protecting the minor children's privacy. [14]. In doing so, the Court admonished both counsel and the parties that failure to redact personal identifiers, such as the minor children's names, in a pleading or exhibit filed with the

3

Court may subject them to the disciplinary and remedial powers of the Court, including sanctions. *Id.* Further, the Jackson County Chancery Court entered a permanent injunction on July 18, 2024, which adequately covers the concerns regarding the minor children's privacy beyond the filing of pleadings or exhibits in this case. [8-2].

Second, the Court finds Defendants have not met their burden in establishing that there is a "substantial likelihood of prejudice" which would warrant entry of a gag order. *Marceaux*, 731 F.3d at 493–94. As previously discussed, a gag order is an extraordinary remedy. "Gag orders are appropriate for trial participants only when there is a substantial likelihood that comments from the lawyers and parties might taint the jury pool." *Smith*, 2022 WL 17823930, at *1 (citing *Brown*, 218 F.3d at 428). Based on the evidence before it, the Court cannot conclude that there is a substantial likelihood of prejudice to Defendants' right to a fair trial. *See Hoyle v. City of Hernando, Miss.*, No. 3:21-CV-171, 2021 WL 11716731, at *2 (N.D. Miss. Dec. 27, 2021). Moreover, there are less restrictive alternatives besides a gag order to ensure a fair trial. "The law empowers trial courts to ensure fair jury trials using a number of tools short of gag orders," such as "enlarged jury pools, *voir dire*, changes to a trial's location or schedule, cautionary jury instructions, and, in more unusual circumstances, sequestration." *In re Murphy-Brown, LLC*, 907 F.3d 788, 799 (4th Cir. 2018). Therefore, Defendants' motion is denied.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Ocean Springs School District's, Ocean Springs Board of Trustees', and Ocean Springs School District Superintendent's [8] Motion for an Order of Suppression is DENIED.

SO ORDERED AND ADJUDGED, this the 11th day of August 2025.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE