UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HEATHER WYATT *as Administratrix of the*  PLAINTIFF
*Estate of Aubreigh Wyatt and Individually and*
*as Parent/Guardian of Aubreigh Wyatt*[1]

VERSUS                                  CIVIL ACTION NO. 1:25-CV-98-TBM-RPM

OCEAN SPRINGS SCHOOL
DISTRICT et al                                                          DEFENDANTS

**ORDER DENYING AS MOOT FIRST MOTION FOR LEAVE TO AMEND COMPLAINT; DENYING WITHOUT PREJUDICE MOTION FOR JOINDER OF PARTIES; DENYING WITHOUT PREJUDICE SECOND MOTION FOR LEAVE TO AMEND COMPLAINT; DENYING AS MOOT MOTION TO STRIKE**

Before the Court are the following motions filed by Plaintiff Heather Wyatt: First Motion for Leave to Amend Complaint; Motion for Joinder of Parties; and Second Motion for Leave to Amend Complaint. [27]; [28]; [30]. Defendants Ocean Springs School District, Ocean Springs School District Superintendent, and Ocean Springs Board of Trustees (collectively, "Defendants") oppose Plaintiff's motions. [33]; [34]; [35]. In addition, Defendants have moved to strike the motions as untimely because the motions were filed after the deadline to move for leave to amend pleadings or join parties. [31]. Plaintiff did not file a response to Defendants' Motion to Strike.

As an initial matter, the Court finds that Plaintiff's First Motion for Leave to Amend Complaint is moot. Plaintiff subsequently filed a Second Motion for Leave to Amend Complaint. [30]. She

---

[1] In the motions currently before the Court, Plaintiff abbreviates the name of the deceased minor child. It appears to the Court this was done out of abundance of caution. As the parties are well aware, "federal court filings may not include the full name of any minor child, and must identify minors by their initials only." *Mendoza v. Amarillo Indep. Sch. Dist.*, No. 2:24-CV-169, 2025 WL 1239906, at *1 n.1 (N.D. Tex. Apr. 29, 2025). There is "a split of opinion regarding whether a minor who is deceased may be referred to using their full name, or must instead be referred to using only initials." *Id.* (collecting cases). But the Court notes that "a person may waive protection of their own personal information by including it in a public, unredacted court filing." Fed. R. Civ. P. 5.2(h). Since this matter was filed in state court on February 7, 2025, Plaintiff did not redact or provide only the initials of the deceased minor child. Therefore, it would appear Plaintiff waived the privacy protection under 5.2(a); thus, redacting or providing only the initials of the deceased minor child's name is not required.

attached a 38-page proposed second amended complaint, which is much different compared to the 23-page proposed second amended complaint attached to her First Motion for Leave to Amend Complaint. [27-1]; [30-1]. While Plaintiff provides no explanation for the filing of the Second Motion for Leave to Amend Complaint, it appears to the Court that the motions are essentially the same but the second motion attaches a corrected version of Plaintiff's proposed second amended complaint. Accordingly, the Court denies Plaintiff's First Motion for Leave to Amend Complaint as moot. The Court will address the Second Motion for Leave to Amend Complaint.

If the Court were to grant Plaintiff leave to amend, this would be her second amended complaint as she already amended her complaint once as a matter of course while this matter was pending in state court. [1-1] at 45–61; [17] at 40–56. Therefore, Plaintiff "may amend [her] pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 15 provides a lenient standard that 'evinces a bias in favor of granted leave to amend.'" *Pauliah v. Univ. of Miss. Med. Ctr.*, No. 3:23-CV-3113, 2024 WL 3925727, at *1 (S.D. Miss. Aug. 23, 2025) (quoting *Marucci Sports, LLC v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014)). "District courts are 'entrusted with the discretion to grant or deny a motion to amend,' and may consider a variety of factors in their determination: undue delay, futility, bad faith, repeated failures to cure deficiencies, or undue prejudice to the opposing party." *Id.* (quoting (*Marucci Sports, LLC*, 751 F.3d at 378). Further, "district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay . . . , ensuring judicial economy . . . , or safeguarding principles of fundamental fairness." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (citations omitted).

The Court briefly addresses Plaintiff's delay in filing her motions. The Court entered a scheduling order in this case on June 18, 2025. [26]. In accordance with Rule 16(b)(3)(A), this scheduling order limited the time to amend the pleadings and join other parties to July 18, 2025.

Plaintiff's motions are all untimely as they were filed after that deadline, albeit by only a few days. Plaintiff has repeatedly disregarded the deadlines in this case. Plaintiff failed to submit a confidential settlement memorandum in advance of the first case management conference on June 5, 2025, which required the conference to be rescheduled. Further, Plaintiff failed to comply with the briefing schedule on the Motion for an Order of Suppression. *See* Text Only Order (05/05/2025); [36] at 2. The Court has cautioned the parties to comply with court-ordered deadlines. [36] at 2.

Because Plaintiff's motions were filed after the court-ordered deadline, Defendants have moved to strike them as untimely. [31]. Rather than striking the motions, however, the Court agrees with Defendants in that Plaintiff's motions "create[ ] entirely new [deficiencies] while failing to fix the existing ones." [35] at 3. Defendants argue, *inter alia*, the proposed second amended complaint is a prohibited shotgun pleading; is incomplete; fails to correlate with the motion such as inconsistent enumeration and references to unattached exhibits; and is futile. *Id.* at 3–8. Defendants argue nearly every paragraph contains undifferentiated defendants. *Id.* at 4 n.3. Defendants also argue there are a number of legal deficiencies with respect to the asserted claims and request for damages. *Id.* at 8–34. Likewise, Defendants argue there are a number of legal deficiencies in Plaintiff's attempt to join as parties several individual defendants. [34]. So not only are Plaintiff's motions untimely, but the motions appear to be deficient for a number of reasons. Plaintiff did not file reply briefs, so the Court lacks the benefit of the opposing view on the deficiencies identified by Defendants. Based on a review of Plaintiff's proposed second amended complaint, there are a number of deficiencies, some of which would likely render several causes of action subject to dismissal.

The Court provides a few examples of the deficiencies. First, Plaintiff's 38-page proposed second amended complaint uses different fonts and inconsistent font sizes; some of the text appears

3

to be smaller than 12-point font. [30-1]. The Court notes that the proposed second amended complaint would be much longer had Plaintiff used a minimum of 12-point font. Second, the proposed second amended complaint references exhibits, but there are no exhibits attached. *Id.* at 10–12, 19. For instance, its states that "[a] copy of the notice of claim is attached as 'Exhibit A.'" *Id.* at 19. However, no Exhibit A is attached. Under similar circumstances, one court surmised that "the variety of fonts, inconsistent numbering, and references to attached exhibits which are in fact not attached to Plaintiffs' Complaint strongly support the inference that much of the Complaint was cut and pasted from other sources." *Vilarreal v. Capital One, N.A.*, No. H-14-3423, 2015 WL 12766256, at *1 (S.D. Tex. Feb. 9, 2015). Defendants assert that this is the case here as well. [35] at 4 n.2. Third, Plaintiff asserts a number of claims, all of which make allegations against the defendants as a whole. [30-1] at 23–33. This is an indication of a shotgun pleading. *See McAfee v. Allstate Ins. Co.*, No. 3:18-CV-300, 2019 WL 4783107, at *9–11 (S.D. Miss. Sept. 29, 2019) (finding the plaintiff's complaint was a quintessential shotgun pleading where it alleged general statements that all the named defendants were responsible for the actions alleged in the factual section, thus failing to identify which defendant did what and failing to differentiate between defendants); *Griffin v. HSBC Mortg. Servs., Inc.*, No. 4:14-CV-132, 2015 WL 4041657, at *5 (N.D. Miss. July 1, 2015) ("'[Q]uintessential' shotgun pleadings . . . fail to distinguish between the actions of named defendants.").

In light of the above, the Court denies Plaintiff's Second Motion for Leave to Amend Complaint and Motion for Joinder of Parties, without prejudice to her ability to re-urge the motions. Plaintiff must demonstrate good cause if she intends to re-urge the motions since the deadline to move for leave to amend pleadings and join parties has expired. *See Adrian v. Bd. of Supervisors for La. State Univ. & Agric. & Mech. Coll.*, No. 15-00091, 2016 WL 1056576, at *1 (M.D. La. Mar. 16, 2016) (citing *S & W Enters., L.L.C. v. S. Trust Bank of Ala.*, NA, 315 F.3d 533, 536 (5th

Cir. 2003)). Plaintiff is advised to avoid the style of shotgun pleading that plagues her current proposed second amended complaint. *See Bernard v. City of Mesquite, Tex.*, No. 3:22-CV-928, 2023 WL 2169083, at *6 (N.D. Tex. Feb. 22, 2023). Plaintiff is also advised to comply with Rule 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief" and "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(a)(2) and 8(d)(1). Because the Court denies Plaintiff's motions, the Court finds Defendants' Motion to Strike is moot.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's [27] First Motion for Leave to Amend Complaint is DENIED as moot.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's [28] Motion for Joinder of Parties is DENIED without prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's [30] Second Motion for Leave to Amend Complaint is DENIED without prejudice.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants' [31] Motion to Strike is DENIED as moot.

SO ORDERED AND ADJUDGED, this the 9th day of September 2025.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE