UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HEATHER WYATT as administratrix of the**
**Estate of Aubreigh Wyatt and Individually and**
**as Parent/Guardian of Aubreigh Wyatt,**                                **PLAINTIFF**

v.                                                          **CIVIL ACTION NO. 1:25-CV-98-TBM-RPM**

**OCEAN SPRINGS SCHOOL**
**DISTRICT et al**                                                                          **DEFENDANT**

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO WITHDRAW

Counsel for Plaintiff, Kimberly M. Papania, submits this Memorandum in Support of her Motion to Withdraw as Counsel pursuant to Federal Rule of Civil Procedure 7(b), Local Uniform Civil Rule 83.1(b)(3), and Rule 1.16 of the Mississippi Rules of Professional Conduct.

## INTRODUCTION

This motion arises from circumstances that render continued representation inconsistent with the Mississippi Rules of Professional Conduct. Plaintiff has requested that undersigned counsel withdraw from this matter, though she has declined to sign a written acknowledgment at this time. Counsel seeks withdrawal in good faith, to protect the integrity of the attorney-client relationship and to comply with all ethical duties owed to both the client and this Court.

## LEGAL STANDARD

Under Local Uniform Civil Rule 83.1(b)(3), an attorney may withdraw from representation only with leave of court and for good cause shown. Federal Rule of Civil Procedure 7(b) governs the form and content of such motions. Mississippi Rule of Professional Conduct 1.16(a)–(b) permits withdrawal when a client requests it or when continued representation would result in violation of the rules of professional conduct.

## ARGUMENT

Good cause exists for withdrawal in this case. The client has affirmatively requested withdrawal, but counsel cannot provide further details without revealing confidential or privileged information. Ethical authorities, including ABA Formal Opinion 476 and Mississippi Bar Ethics Opinion 219, recognize that counsel should make only a limited disclosure when seeking withdrawal under similar circumstances.

Courts in this district have consistently granted withdrawal motions under comparable facts when counsel demonstrates good cause and withdrawal would not unduly prejudice the parties. See, e.g., United States v. Brown, 785 F. Supp. 2d 896 (S.D. Miss. 2011); Taylor v. BellSouth Telecomms., Inc., No. 1:07-cv-249-LG-JMR (S.D. Miss. 2008).

Undersigned counsel respectfully requests a thirty (30) day stay of all deadlines to allow Plaintiff adequate opportunity to retain substitute counsel. This request is made in the interest of fairness and will not prejudice Defendants.

## CONCLUSION

For the foregoing reasons, counsel respectfully requests that the Court grant the Motion to Withdraw, stay all deadlines for thirty (30) days, and grant such other relief as the Court deems just and proper.

This the 7th day of October, 2025.

                                    Respectfully Submitted,

                                    */s/ Kimberly M. Papania*
                                    Kimberly M. Papania (MSB #105463)
                                    P.O. Box 7544
                                    Gulfport, MS 39507
                                    Tel: (228) 264-0933
                                    Email: kpapanialaw@outlook.com

**CERTIFICATE OF SERVICE**

I, Kimberly M. Papania, hereby certify that I electronically filed the forgoing with the Clerk of Court using the CM/ECF system which will automatically send an email notification to counsel of record and was sent Certified US mail to ensure the Plaintiff received appropriate notice.

This the 7th day of October, 2025.

                                    */s/ Kimberly M. Papania*
                                    Kimberly M. Papania