UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HEATHER WYATT *as Administratrix of the*             PLAINTIFF
*Estate of Aubreigh Wyatt and Individually*
*and as Parent/Guardian of Aubreigh Wyatt*

VERSUS                          CIVIL ACTION NO. 1:25-CV-98-TBM-RPM

OCEAN SPRINGS SCHOOL
DISTRICT et al                                          DEFENDANTS

## **ORDER TO SHOW CAUSE**

    This matter is before the Court following the filing of the [38] Motion to Withdraw as Attorney for Plaintiff Heather Wyatt. Plaintiff's attorney seeks to withdraw as counsel due to deterioration of the attorney-client relationship. The motion and memorandum in support both state Plaintiff has requested her counsel withdraw from this matter. [38] at 1; [39] at 1. Although Plaintiff did not sign a written acknowledgment of this request, the certificates of service indicate both the motion and memorandum in support were mailed to Plaintiff's address. [38] at 2; [39] at 3. Plaintiff's attorney also asks that the Court stay all current deadlines for 30 days to allow Plaintiff reasonable time to obtain substitute counsel. Defendants take no position on the merits of the motion but ask that the time for finding new counsel be limited to 21 days or less. [40] at 1. Defendants also say that, as early as September 11, 2025, Plaintiff was actively seeking new counsel. *Id.*

    Since the filing of the instant motion, Plaintiff has not filed a response nor has substitute counsel made an entry of appearance. If the Court were to grant the motion and allow Plaintiff's attorney to withdraw at this time, Plaintiff would be proceeding *pro se* until she obtains substitute counsel. And whether Plaintiff ultimately obtains substitute counsel is not a certainty. In addition

to her individual capacity and as the parent of Aubreigh Wyatt, Plaintiff has sued in her capacity as Administratrix of the Estate of Aubreigh Wyatt.  [1-1] at 45; [17] at 40.  The Fifth Circuit has held that "[a] person with capacity under state law to represent an estate in a survival action may proceed *pro se* if that person is the only beneficiary and the estate has no creditors."  *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 211 (5th Cir. 2016).

Based on the above, it is unclear to the Court whether Plaintiff could proceed *pro se* in this matter on behalf of the Estate of Aubreigh Wyatt.  Therefore, Plaintiff shall file a response to this Order addressing the following: (1) whether probate proceedings have been initiated for the Estate of Aubreigh Wyatt; (2) whether probate proceedings were initiated for the Estate of Aubreigh Wyatt prior to this lawsuit being filed; (3) whether Heather Wyatt has been appointed administratrix of the Estate of Aubreigh Wyatt; and (4) whether Heather Wyatt is the sole beneficiary of the Estate of Aubreigh Wyatt.[1]

IT IS THEREFORE ORDERED AND ADJUDGED that, **on or before November 19, 2025**, Plaintiff shall file a response to this Order addressing the following: (1) whether probate proceedings have been initiated for the Estate of Aubreigh Wyatt; (2) whether probate proceedings were initiated for the Estate of Aubreigh Wyatt prior to this lawsuit being filed; (3) whether Heather Wyatt has been appointed administratrix of the Estate of Aubreigh Wyatt; and (4) whether Heather Wyatt is the sole beneficiary of the Estate of Aubreigh Wyatt.

SO ORDERED AND ADJUDGED, this the 5th day of November 2025.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] It does not appear to the Court that Heather Wyatt is the sole beneficiary of the Estate of Aubreigh Wyatt because the record indicates Aubreigh Wyatt has a half-sister, T.B.W.P. [8-1] at 3.