UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HEATHER WYATT *as Administratrix of the*                                    PLAINTIFF
*Estate of Aubreigh Wyatt and Individually*
*and as Parent/Guardian of Aubreigh Wyatt*

VERSUS                                           CIVIL ACTION NO. 1:25-CV-98-TBM-RPM

OCEAN SPRINGS SCHOOL
DISTRICT et al                                                              DEFENDANTS

## SECOND ORDER TO SHOW CAUSE

This matter is before the Court in consideration of Plaintiff Heather Wyatt's responses to the Order to Show Cause. [42]; [43]. Plaintiff's attorney has filed a Motion to Withdraw as Attorney, seeking to withdraw as counsel due to deterioration of the attorney-client relationship. [38].

If the Court were to grant the motion and allow Plaintiff's attorney to withdraw at this time, Plaintiff would be proceeding *pro se* until she obtains substitute counsel. And whether Plaintiff ultimately obtains substitute counsel is not a certainty. In addition to her individual capacity and as the parent of Aubreigh Wyatt, Plaintiff has sued in her capacity as Administratrix of the Estate of Aubreigh Wyatt. [1-1] at 45; [17] at 40. The Fifth Circuit has held that "[a] person with capacity under state law to represent an estate in a survival action may proceed *pro se* if that person is the only beneficiary and the estate has no creditors." *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 211 (5th Cir. 2016).

Based on the above, it was unclear to the Court whether Plaintiff could proceed *pro se* in this matter on behalf of the Estate of Aubreigh Wyatt. Therefore, the Court entered an Order to Show Cause on November 5, 2025, directing Plaintiff to file a response addressing the following: (1) whether probate proceedings have been initiated for the Estate of Aubreigh Wyatt; (2) whether

probate proceedings were initiated for the Estate of Aubreigh Wyatt prior to this lawsuit being filed; (3) whether Heather Wyatt has been appointed administratrix of the Estate of Aubreigh Wyatt; and (4) whether Heather Wyatt is the sole beneficiary of the Estate of Aubreigh Wyatt. [41]. Plaintiff filed two responses, one acting *pro se* and one through her attorney. [42]; [43]. Among other things, it is clear from a review of those responses that Heather Wyatt is not the sole beneficiary of the Estate of Aubreigh Wyatt.[1] **Therefore, Plaintiff cannot proceed *pro se* in this matter as it currently exists**.

Acknowledging this issue, Plaintiff asks this Court for more time to secure substitute counsel. Accordingly, the Court enters this Second Order to Show Cause, requiring Plaintiff—through her current attorney Kimberly M. Papania[2]—to file a response within 30 days updating the Court regarding her efforts to obtain substitute counsel. If Plaintiff obtains substitute counsel in the interim and her new counsel makes an entry of appearance in this matter, no response is required.

IT IS THEREFORE ORDERED AND ADJUDGED that, **on or before January 5, 2026**, Plaintiff—through her current attorney Kimberly M. Papania—shall file a response to this Second Order to Show Cause updating the Court regarding her efforts to obtain substitute counsel. If Plaintiff obtains substitute counsel in the interim and her new counsel makes an entry of appearance in this matter, no response is required.

SO ORDERED AND ADJUDGED, this the 5th day of December 2025.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Moreover, the Court acknowledges Plaintiff has admitted that no probate proceedings have been initiated; therefore, Plaintiff has not been appointed administratrix. It also appears to the Court that there are one or more minor wrongful death beneficiaries because Aubreigh Wyatt had siblings, such as her half-sister T.B.W.P.

[2] The Motion to Withdraw as Attorney remains pending because Plaintiff cannot proceed *pro se* in this matter as it currently exists.