**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
SOUTHERN DIVISION**

**HEATHER WYATT, as Administratrix of the
Estate of Aubreigh Wyatt and Individually and as
Wrongful Death Beneficiary and Next Friend of
Aubreigh Wyatt,** *et al*                                              **PLAINTIFFS**

**VS.**                                    **CAUSE NO: 1:25-CV-0098-TBM-RPM**

**OCEAN SPRINGS PUBLIC SCHOOL DISTRICT;
JENNIFER NECAISE, individually, ADELLE REGISTER,  JON
WILSON, TAYLOR BORRIES CARON, and KYLE MICKELSON,
JENNIFER POPE, MELISSA ARNOLD, DAVID LAPOINT,
NIKELAND COOPER; MONTI NOBLITT & KATHERINE NOBLITT,
BRANDI GREEN, PHILLIP GREEN, JENNIFER BELL,
JAMES CASE; DAVID HEMBREE; CHASITY HEMBREE          DEFENDANTS**

---

**SECOND AMENDED COMPLAINT
JURY TRIAL DEMANDED**

---

**COMES NOW,** Plaintiff, Heather Wyatt, individually, as parent, Next of Friend, and

beneficiary of deceased minor, Aubreigh, by and through undersigned counsel, and files this

Second Amended Complaint against the Defendants named herein, as follows:

**<u>INTRODUCTION</u>**

1.        Suicide rates for adolescent boys and girls have been steadily rising since 2007.

According to the U.S. Centers for Disease Control and Prevention, the suicide rate for young

girls doubled from 2007 to 2015. This is a brutally painful reminder that suicide is a significant

and growing global health issue among adolescents and children.

Page **1** of **31**

2.      Numerous cases involving suicide or attempted suicide attributable to cyber-bullying have been reported recently by news and media outlets.  The ongoing publicity has created public awareness of bullying incidents and their consequences.  Bullying among school-age children is now recognized as a major public health problem. In 2001 the Surgeon General of the United States published a report emphasizing the importance of focusing attention on this epidemic.

3.      Generally, bullying is known to fall into 4 categories: physical, verbal, relational (i.e. social exclusion, spreading rumors), and the newest form, cyberbullying.  There has been a drastic increase in cyberbullying with the advancement of smart phones and the internet.

4.      Exposure to bullying is considered a public health issue due to the substantial negative mental health effects on young girls and boys.  Known negative mental health effects are low self-regard, depression, anxiety and suicidal ideation.  The most devastating result, however, is the loss of life through suicide.

5.      The incidence of bullying is a critical issue for educators and schools as it affects a significant proportion of school students.  The 2015 Youth Risk Behavior Survey of students in grades 9 through 12 in the United States indicated that during the 12 months before the survey, 20.2% of students were bullied on school property, 15.5% of students were electronically bullied, and 5.6% of students had not gone to school on at least 1 day during the 30 days prior to the survey because they felt unsafe at school or on their way to or from school. [1]

6.      Because victims of bullying and cyberbullying experience a higher risk of depression and suicidal ideation due to the low self-esteem that develops from bullying, in turn

---

[1] See Centers for Disease Control and Prevention.  Youth Risk Behavior Surveillance-United States, 2015. https://www.cdc.gov/healthyyouth/data/yrbs/pdf/2015/ss6506_updated.pdf

they suffer from academic and peer group difficulties in school settings. Lower school performance and school attachment has been associated with the substantial distress experienced by victims of bullying. Negative consequences experienced by victims of bullying include greater difficulty establishing friendships, humiliation from peer knowledge of bullying incidents, and a greater risk of abuse of drugs or alcohol.

7.      Schools have a fundamental duty to employ successful mechanisms to protect from and prevent bullying, harassment, assault, sexual assault, emotional trauma, and cyber-bullying. When educators fail to take action to prevent these foreseeable harms, significant numbers of children, who might otherwise have been protected from bullies, will suffer serious and often life-long harm and in worst case scenarios, the senseless loss of life through suicide. That is in fact what happened to young Aubreigh Wyatt, who killed herself in September of 2023, after years of being harassed, assaulted, belittled, humiliated, and bullied.

## PARTIES

8.      Plaintiff, Heather Wyatt, is a resident citizen of the Southern District of Mississippi. Plaintiff brings this claim, individually, as wrongful death beneficiary of Aubreigh, and as parent and next of friend to her minor children, T.W. and R.W. who are both wrongful death beneficiaries.

9.      Plaintiff, Estate of Aubreigh Wyatt is an Estate opened in Jakson County, Mississippi who is authorized to bring suit for all damages owed to Aubreigh Wyatt beyond those available to the named wrongful death beneficiaries.

### School Defendants

Each of the following Defendants (Paragraphs 14-22) will be referred to collectively herein as the "School Defendants" when not referred to individually or specifically.

10.     Defendant, OCEAN SPRINGS PUBLIC SCHOOL DISTRICT ("OSSD"), is a school district organized under the laws of the State of Mississippi and is a political subdivision within the State of Mississippi, with the ability to sue and be sued, and which at all times relevant hereto employed Bonita Coleman, Jennifer Necaise, Adelle Register, Jon Wilson, Carol Viator, Taylor Borries Carron, Kyle Mickelson, Boneta Coleman, Jennifer Pope, Melissa Arnold, Davide Lapointe, Nikeland Cooper, Michael Lindsey, Melissa Arnold, David Lapointe, and Nikeland Cooper. OSSD may be served with process in the time and manner provided by law by and through service of a Complaint and Summons upon its Superintendent, Michael Lindsey, Ocean Springs, Mississippi.

11.     This Court has proper *in personam* and subject matter Jurisdiction and venue of this action is proper.

12.     Defendant, Jennifer Necaise, is a person of full age and majority who is a citizen of and resides in the Southern District of Mississippi. At all pertinent times and relevant times Jennnifer Necaise, was employed as a Principal/Assistant Principal in the OSSD and was acting and/or neglected to act in the course and scope of her employment under color of State law. Jennifer Necaise is made a defendant herein individually, and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure.

13.     Defendant, Adelle Register, is a person of full age and majority who is a citizen of and resides in the Southern District of Mississippi. At all pertinent times and relevant times Adelle Register was employed as a Principal/Assistant Principal in the OSSD and was acting and/or neglected to act in the course and scope of her employment under color of State law. Adelle Register is made a defendant herein individually, and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure.

14.     Defendant, OSSD School District Principal (upper elementary and middle school), Jon Wilson, is a person of full age and majority who is a citizen of and resides in the Southern District of Mississippi.  At all pertinent times and relevant times Jon Wilson, was employed as a Principal/Assistant Principal in the OSSD and was acting and/or neglected to act in the course and scope of his employment under color of State law.  Jon Wilson is made a defendant herein individually and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure.

15.     Defendant, Taylor Borres Caron, is a person of full age and majority who is a citizen of and resides in the Southern District of Mississippi.  At all pertinent times and relevant times Taylor Borres Caron, was employed as a Principal/Assistant Principal in the OSSD and was acting and/or neglected to act in the course and scope of her employment under color of State law.  Taylor Borres Caron is made a defendant herein individually, and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure.

16.     Defendant, Carol Viator, is a person of full age and majority who is a citizen of and resides in the Southern District of Mississippi.  At all pertinent times and relevant times Carol Viator, was employed as a Principal/Assistant Principal in the OSSD and was acting and/or neglected to act in the course and scope of her employment under color of State law.  Carol Viator is made a defendant herein individually, and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure.

17.     Defendant, OSSD School District Principal (upper elementary and middle school), Kyle Mickelson, person of full age and majority who is a citizen of and resides in the Southern District of Mississippi.  At all pertinent times and relevant times Kyle Mickelson, was

employed as a Principal/Assistant Principal in the OSSD and was acting and/or neglected to act in the course and scope of his employment under color of State law.  Kyle Mickelson is made a defendant herein individually and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure.

18.    Defendant, OSSD School District Principal (upper elementary and middle school), Dr. Bonita Coleman, is a person of full age and majority who is a citizen of and resides in the Southern District of Mississippi.  At all pertinent times and relevant times Dr. Bonita Coleman, was employed as a Principal/Assistant Principal in the OSSD and was acting and/or neglected to act in the course and scope of her employment under color of State law.  Dr. Bonita Coleman is made a defendant herein individually and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure.

19.    Defendant, OSSD School District Principal (upper elementary and middle school), Jennifer Pope, is a person of full age and majority who is a citizen of and resides in the Southern District of Mississippi.  At all pertinent times and relevant times Jennifer Pope, was employed as a Principal/Assistant Principal in the OSSD and was acting and/or neglected to act in the course and scope of her employment under color of State law.  Jennifer Pope is made a defendant herein individually, and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure.

20.    Defendant, Melissa Arnold, is a person of full age and majority who is a citizen of and resides in the Southern District of Mississippi.  At all pertinent times and relevant times Melissa Arnold, was employed as a Principal/Assistant Principal in the OSSD and was acting and/or neglected to act in the course and scope of her employment under color of State law.

Melissa Arnold is made a defendant herein individually, and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure.

21.    Defendant, David Lapointe, is a person of full age and majority who is a citizen of and resides in the Southern District of Mississippi.  At all pertinent times and relevant times David Lapointe, was employed as a Principal/Assistant Principal in the OSSD and was acting and/or neglected to act in the course and scope of his employment under color of State law. David Lapointe is made a defendant herein individually, and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure. In addition, Lapointe was friends with the family of one the "minor" bullies and has been upon information and belief obtained employment with and/or through the family of the minor.

22.    Defendant, Nikeland Cooper, is a person of full age and majority who is a citizen of and resides in the Southern District of Mississippi.  At all pertinent times and relevant times Nikeland Cooper, was employed as a Principal/Assistant Principal in the OSSD and was acting and/or neglected to act in the course and scope of her employment under color of State law. Nikeland Cooper is made a defendant herein individually, and may be served process in the time and manner provided by law pursuant to Rule 4 of the Federal Rules of Civil Procedure.

**Parent Defendants**

Each of the following Defendants (Paragraphs 23-30) will be referred to collectively herein as the "Parent Defendants," when not referred to specifically or individually.

23.    Defendant, Monti Noblitt is a resident citizen of South Mississippi who may be served with process wherever found. Parent of M.N.

24.    Defendant, Katherine Noblitt is a resident citizen of South Mississippi who may be served with process wherever found. Parent of M.N.

25.    Defendant, Brandi Green is a resident citizen of South Mississippi who may be served with process wherever found. Parent of P.G.

26.    Defendant, Phillip Green is a resident citizen of South Mississippi who may be served with process wherever found. Parent of P.G.

27.    Defendant, Jennifer Bell is a resident citizen of South Mississippi who may be served with process wherever found. Parent of A.G.

28.    Defendant, James Case is a resident citizen of South Mississippi who may be served with process wherever found. Parent of A.G.

29.    Defendant, David Hembree is a resident citizen of South Mississippi who may be served with process wherever found. Parent of P.H.

30.    Defendant, Chasity Hembree is a resident citizen of South Mississippi who may be served with process wherever found. Parent of P.H.

## JURISDICTION AND VENUE

37.    Jurisdiction is vested in this Court under 28 U.S.C. §§ 1331 and 1343(a)(3), which grants this Court original jurisdiction of any civil action to redress the deprivation, under color of state law, of rights secured by the Constitution and laws of the United States and brought pursuant to 28 U.S.C. § 1983, Title IX and the 14th Amendment. Additionally, the Court has supplemental jurisdiction under 28 U.S.C. §§ 1367 for the Plaintiff's pendant State law claims.

38.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) wherein all of the acts complained of occurred in Jackson County, Mississippi.

## FACTS

40.    Aubreigh Wyatt was a student at Ocean Springs Upper Elementary School and on or about August 30, 2020, Aubreigh Wyatt, in the 5th grade, began to suffer and was forced to

EXHIBIT A

endure years of bullying, harassment, cyber bullying and abuse by several students, including but not limited to minors A.C., P.A.G., and M.N.

41.     The bullying included, but was not limited to, verbal abuse, threats, humiliation, cyberbullying, physical altercations/assault, sexual assault, being punched in the face and social exclusion at school.

42.     While in the 5th grade, on or about August 3, 2020, Aubreigh Wyatt, A.C., and P.A.G.  had a sleepover, which is the earliest documented date of bullying, emotionally damaging, harassing and threatening behavior and abuse began when A.C., P.H., and P.G. were taking inappropriate videos/pictures of Aubreigh when she was changing clothes.  Aubreigh became very emotionally distraught and upset and she was increasingly traumatized, taunted, and threatened by P.G. that she was going to send the video/pictures/tiktok to the whole school.

43.     On or about December 31, 2020, Aubreigh, desiring as does all adolescents to have peers and friends, again stayed the night at one of the girls' houses, A.C's house. During this sleepover A.C. was on a website called Omegle. Aubreigh was upset and emotionally distraught because they were sending inappropriate photos of their breasts to old men.  When Aubreigh became upset A.C. began videoing and taking photos of her crying to mock her. Aubreigh was so upset she called her uncle to come pick her up.   The Plaintiff took steps to try to resolve the problem with the Parent Defendants on multiple occasions.  (See Exhibit A)

44.     On or about August 2021 and up until her tragic suicide on September 4, 2023, Aubreigh Wyatt was a student at Ocean Springs Middle School and endured continuous bullying, abuse and harassment from A.C., P.A.G., P.H., and M.N.

45.     On or about March 25, 2021, several teachers, the Middle School Principal and the Assistant Principal are emailed by Heather about the bullying, notifying the school and

asking for action to protect her daughter from M.N. who frequently calls Aubreigh belittling names, spreads rumors, and is extremely hateful to Aubreigh.

46.    The school officials are notified that Aubreigh had been hit in her face in class by M.N.  Heather expresses concern about her daughter being subjected to such abuse and Aubreigh's emotional distress as a result of this abuse and bullying and advising that her daughter no longer wants to even attend school and is asking to do virtual school to avoid the bullying.  (See Exhibit B)

47.    Aubreigh sustained, endured and was victimized consistently and constantly for a period of 4 years in the Ocean Springs School District.

48.    In the 5th grade, on or about March of 2021, M.N. created and posted a threatening and harassing video while at school and during regular school hours targeting Aubreigh and passes it around the school.  Aubreigh sees the video while in class at Ocean Springs Upper Middle School and reports the video to her teacher Ashley Parker Smith. Aubrey then shows the video to the principal. It is reported that M.N. faces some consequence though it does not deter her from continuing her abusive, threatening and harassing behavior.  The bullying continues.  (See Exhibit C). The Defendants knew that the "consequence" was ineffective.

49.    On or about April 20, 2021, P.G. began making fun of Aubreigh's weight and body in the middle of class.   Aubreigh became upset but there was a substitute that day and there is no record that disciplinary action was taken.

50.    On or about January 30, 2023, A.C. sent messages and taunts to Aubreigh via Snapchat while in school, which was reported to the School Defendants.

51.    Aubreigh repeatedly asked A.C., P.G., P.H., and M.N. to stop the harassment, both verbally and in writing.  When Aubreigh would notify teachers and administration the

bullying would get worse, and Aubreigh was called a snitch.  The Defendants were aware of the escalation and retaliation that followed Aubreigh's reports.

52.     Aubreigh and Heather also informed the Parents of the Minor children involved directly of the bullying and requested that they intervene to stop their children's harmful behavior.  Heather took every avenue available as a mother to try to protect her daughter.

53.     On or about February 2023, Aubreigh expressed more emotional distress due to the ongoing harassment by AC and PH.  It is reported that they gossiped, pointed, and publicly ridiculed Aubreigh during lunch time creating an environment of humiliation.  The behavior occurred in supervised school environments, and the staff had a legal and ethical duty to recognize the signs of bullying, harassment, and emotional distress in their students, but failed to act, intervene, investigate, or report the harassment of Aubreigh as required by both district policy and state law.

54.     The Principals were emailed about the bullying notifying the school and asking for action to protect Aubreigh from bullying, especially MN, who frequently calls Aubreigh belittling names, spreads rumors and assaults Aubreigh.

55.     On or about March 21, 2023, Aubreigh reported that she was sexually assaulted while at a school sports event on school grounds.  (See Exhibit D).  Aubreigh later pressed to drop the claim because she felt bad about what it would do to them both after administration reportedly continued to call her in office and share that the male student's parents were very upset.  (See Exhibit E). Aubreigh felt pressured by the School Defendants to drop the allegation.

56.     For months and years Heather reported frequent abuse and bullying to the school and the bullying never stopped.  Aubreigh even wanted to move to another state out of Mississippi because the bullying was so bad.  (See Exhibit F)

57.     On or about March 21, 2023, Aubreigh was assault by M.N.  M.N. hit her in the face in the classroom.  Heather emailed the principal immediately and included the pictures her daughter sent of her face after being assaulted by M.N. and M.N. physically assaulted Aubreigh on at least two occasions known to Heather. (See Exhibit G)

58.     On or about April 2023, Aubreigh was again hit on the back of the head by another student.  This incident was witnessed by a teacher, Mrs. Menke.  Aubreigh communicated the incident with her mother via text messages detailing the incident.   Despite being the victim of the unprovoked aggression, Aubreigh was informed she would be written up. This caused further stress and anxiety for Aubreigh.

59.     In August of 2023, at the beginning of her 8th grade year, Aubreigh was assigned to a  class alongside the male student who had previously sexually assaulted her, despite prior assurances from the school administration that they would be kept separate.  Upon encountering him, Aubreigh experienced a severe panic attack, sought refuge in the bathroom, and contacted her mother in distress.  Aubreigh subsequently spent approximately an hour in the counselor's office before being checked out of school.  Following this incident, the school compelled Aubreigh to adjust her schedule to accommodate the assailant, thereby prioritizing his educational experience over her safety and well-being.

60.     After the room change, upon information and belief in retaliation and further evidence of bullying, Aubreigh was hit when a student threw his cell phone at her.  (see Exhibit G). The assaults are not common behavior and further evidence how students targeted Aubreigh and felt emboldened due to the School Defendants lack of action.

61.     At all times relevant, the School Defendants, acting individually and in concert together as set forth below, acted unreasonably, with deliberate indifference to an in reckless disregard for the constitutional and civil rights of Aubreigh.

62.     Despite multiple reports and complaints, Aubreigh continued to be subjected and exposed to bullying, harassment, and assaults by the same group of students.  Aubreigh and Heather continued to inform OSSD of the attacks and their effects on Aubreigh.

63.     Based on information and belief, the Defendant school district has a history of ignoring complaints of harassment, assault, bullying and sexual assault, and other actions and behaviors which violate its own policies and have ignored the complaints by Heather and Aubreigh in violation of their policies.  Based on the same information and belief, this behavior is district wide occurring in all OSSD schools.

64.     During all of the instances of bullying, harassment, assault, cyber bullying, and sexual assault for which the underlying causes of action are asserted, Aubreigh, was a student entrusted to the care of the OSSD and other named individual Defendants within the OSSD. At all material times OSSD maintained written policies and procedures prohibiting bullying and harassment of any kind. The policy was contained in the OSSD Student Handbook.  At all material times OSSD refused to enforce its own policies.

65.     As stated, on multiple occasions Aubreigh and Heather complained to OSSD administration, teachers, staff herein and therein said acts of bullying were known by and/or should have been known by the Defendants.

66.     School Defendants' negligence and indifference in failing to address or prevent the bullying caused severe emotional distress to Aubreigh Wyatt, ultimately contributing to and/or causing her tragic suicide on September 4, 2023.

67.     At all times pertinent to the complaint, Defendant, the Superintendent of Ocean Springs Upper Elementary, Dr. Bonita Coleman had a duty to provide for the safety and security of students within the school district and to adhere to and provide the protections and other requirements under the Mississippi Anti-Bullying Act, Miss. Code Ann. §37-11-67.  Coleman was aware of the allegations made herein and was also responsible for supervising and monitoring the design, implementation, dissemination, training and/or supervision of staff, maintenance of records regarding procedures to prevent and/or addressing abusive student to student behavior and/or to propound and disseminate antiharassment, intimidation, and bullying policies and programs consistent with the Mississippi Anti-Bullying Act, Miss. Code Ann. §37-11-67.

68.     At all times pertinent to the complaint, Defendant, Jennifer Pope, as Principal/Vice Principal of Ocean Springs Middle School, a School within Ocean Springs School District,  Pope was aware of the allegations made herein and had a duty to provide for the safe and secure environment for pupils at the school and to adhere and provide protections and other requirements under the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67. The Defendant was also responsible for the design, implementation, dissemination, training and/or supervision of staff, maintenance of records regarding procedures to prevent and/or address abusive student to student behavior and/or to propound and disseminate anti-harassment, intimidation, and bullying policies and programs consistent with the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67.

69.     At all times pertinent to the complaint, Defendant, Melissa Arnold, as Principal/Vice Principal of Ocean Springs Middle School, a School within Ocean Springs School District,  Arnold was aware of the allegations made herein and had a duty to provide for the safe

and secure environment for pupils at the school and to adhere and provide protections and other requirements under the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67. The Defendant was also responsible for the design, implementation, dissemination, training and/or supervision of staff, maintenance of records regarding procedures to prevent and/or address abusive student to student behavior and/or to propound and disseminate anti-harassment, intimidation, and bullying policies and programs consistent with the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67.

70.    At all times pertinent to the complaint, Defendant, David Lapointe, as Principal/Vice Principal of Ocean Springs Middle School, a School within Ocean Springs School District,  Lapointe was aware of the allegations made herein had a duty to provide for the safe and secure environment for pupils at the school and to adhere and provide protections and other requirements under the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67. The Defendant was also responsible for the design, implementation, dissemination, training and/or supervision of staff, maintenance of records regarding procedures to prevent and/or address abusive student to student behavior and/or to propound and disseminate anti-harassment, intimidation, and bullying policies and programs consistent with the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67.

71.    At all times pertinent to the complaint, Defendant, Nikeland Copeland, as Principal/Vice Principal of Ocean Springs Middle School, a School within Ocean Springs School District,  Copeland was aware of the allegations made herein had a duty to provide for the safe and secure environment for pupils at the school and to adhere and provide protections and other requirements under the Mississippi AntiBullying Act, codified at Miss. Code Ann. §37-11-67. The Defendant was also responsible for the design, implementation, dissemination, training

and/or supervision of staff, maintenance of records regarding procedures to prevent and/or address abusive student to student behavior and/or to propound and disseminate anti-harassment, intimidation, and bullying policies and programs consistent with the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67.

72.     At all times pertinent to the complaint, Defendants, Jennifer Necaise, Principal and/or Vice Principal at Ocean Springs Upper Elementary School, a school within Ocean Springs School District, Necaise was aware of the allegations made herein had a duty to provide for the safe and secure environment for pupils at the school and to adhere to and provide the protections and other requirements under the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67.  The Defendant was also responsible for designing, implementation, dissemination, training and/or supervision of staff, maintenance of records regarding procedures to prevent and/or address abusive student to student behavior and/or to propound and disseminate anti-harassment, intimidation, and bullying policies and programs

consistent with the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67.

73.     At all times pertinent to the complaint, Defendant, Adelle Register, Principal and/or Vice Principal at Ocean Springs Upper Elementary School, a school within Ocean Springs School District, Register was aware of the allegations made herein had a duty to provide for the safe and secure environment for pupils at the school and to adhere to and provide the protections and other requirements under the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67.  The Defendant was also responsible for designing, implementation, dissemination, training and/or supervision of staff, maintenance of records regarding procedures to prevent and/or address abusive student to student behavior and/or to propound and disseminate anti-

harassment, intimidation, and bullying policies and programs consistent with the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67.

74.     At all times pertinent to the complaint, Defendants, Carol Viator, Principal and/or Vice Principal at Ocean Springs Upper Elementary School, a school within Ocean Springs School District, Viator was aware of the allegations made herein and had a duty to provide for the safe and secure environment for pupils at the school and to adhere to and provide the protections and other requirements under the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67. The Defendant was also responsible for designing, implementation, dissemination, training and/or supervision of staff, maintenance of records regarding procedures to prevent and/or address abusive student to student behavior and/or to propound and disseminate anti-harassment, intimidation, and bullying policies and programs consistent with the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67.

75.     At all times pertinent to the complaint, Defendants, Kyle Mickelson, Principal and/or Vice Principal at Ocean Springs Upper Elementary School, a school within Ocean Springs School District, Mickelson was aware of the allegations made herein and had a duty to provide for the safe and secure environment for pupils at the school and to adhere to and provide the protections and other requirements under the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67. The Defendant was also responsible for designing, implementation, dissemination, training and/or supervision of staff, maintenance of records regarding procedures to prevent and/or address abusive student to student behavior and/or to propound and disseminate anti-harassment, intimidation, and bullying policies and programs consistent with the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67.

76.     At all times pertinent to the complaint, Defendants, Taylor Borres Caron, Principal  and/or Vice Principal at Ocean Springs Upper Elementary School, a school within Ocean Springs School District, Caron was aware of the allegations made herein and had a duty to provide for the safe and secure environment for pupils at the school and to adhere to and provide the protections and other requirements under the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67.  The Defendant was also responsible for designing, implementation, dissemination, training and/or supervision of staff, maintenance of records regarding procedures to prevent and/or address abusive student to student behavior and/or to propound and disseminate anti-harassment, intimidation, and bullying policies and programs consistent with the Mississippi Anti-Bullying Act, codified at Miss. Code Ann. §37-11-67.

77.     The School Defendants established customs, policies, practices and lack of response  directly and proximately  caused deprivation of civil and constitutional rights of Aubreigh as alleged in this Complaint, and the damages, emotional and mental pain and distress, and suffering of Aubreigh thereby resulting in her suicide and causing the Plaintiff damages including but not limited to loss of filial consortium, pain and suffering, emotional distress, loss of companionship, in addition to punitive damages and all other damages afforded under both Federal and Mississippi Law.

78.     At all material times the School Defendants, each and all, acted willfully, wantonly, unreasonably, recklessly and with deliberate indifference to, and with intentional and wanton disregard of the constitutional and civil rights of Aubreigh.

79.     The School Defendants, acting individually and together, under color of law, engaged in a course of c conduct that caused the emotional and mental pain and suffering,

injuries, damages to Aubreigh and violated her rights as guaranteed by the Fourteenth
Amendment of the United States Constitution.

80.    The School Defendants are liable to Plaintiff, jointly and severally, for the
wrongful acts complained of in this Second Amended Complaint.

81.    Heather and Aubreigh continued to be subjected and exposed to bullying,
harassment, and assaults by the same group of students.  Heather and Aubreigh continued to
inform OSSD of the attacks and its effects on Aubreigh.

82.    OSSD took no actions to prevent or protect Aubreigh, thereby violating OSSD
school policy, state board of education policy, Mississippi Law and refused to report any of the
instances of harassment, bullying or sexual assault to the authorities and/or Youth Court as
required by Mississippi Law. Even when there were "consequences" for the bullying behavior,
the Defendants knew that the "consequences" were ineffective and took no further action.

83.    OSSD's failure to take meaningful actions to discipline the students or protect
Aubreigh from any  further abuse proved to condone and encourage such behavior in direct
contradiction of their policy defining bullying, cyberbullying, harassment and assault and their
policy directive that "NO FORM OF BULLYING WILL BE TOLERATED" which directly
injured and traumatized Aubreigh causing her to want to withdraw from school and finish online,
or move to another state.  Aubreigh was physically injured, humiliated, threatened, harassed,
mocked, demoralized and degraded in front of the OSSD faculty, staff and administration
continuously with no intervention that she was in fear of further abuse and had continuously
toward the end of her life just expressed not fighting it anymore because it was easier than
speaking out and seeking intervention from school officials.  Aubreigh was extremely fearful of

attending school and would try to get checked out all the time and was terrified of being subjected to further abuse.

84.    At all times herein, the School Defendants acted under color of State Law, with deliberate indifference and reckless disregard to Aubreigh's federally protected rights, with gross negligence, and negligence per se evidencing a willful, wonton, or reckless disregard for Aubreigh's rights under Mississippi law."

85.    At all material times the Defendants, each and all, acted willfully, wantonly, unreasonably, recklessly and with deliberate indifference to, and with intentional and wanton disregard of the constitutional and civil rights of Aubreigh.

86.    The School Defendants are liable to Plaintiffs, jointly and severally, for the wrongful acts complained of in this Complaint.

87.    The actions of the School Defendants were willfully in violation of Aubreigh's federally protected rights and said willful and reckless justify the imposition of punitive damages.

## CAUSES OF ACTION

### CLAIM 1 – FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS

110.    During all material times Aubreigh had clearly established constitutional rights to bodily integrity and to be free from mental and physical abuse unrelated and in direct contradiction to the legitimate State goal of maintaining an atmosphere conducive to learning."

111.    While acting under color of State law, the School Defendants engaged in a course of conduct and implemented a policy, wherein the rights, privileges and immunities of the Plaintiff were violated.  The School Defendants jointly and severally, engaged in a course of conduct that resulted in a violation of Aubreigh's right to the equal protection of the laws of the

EXHIBIT A

United States of America and the corresponding provisions of the Constitution of the State of Mississippi and the right to procedural and substantive due process of the law pursuant to the Fourteenth Amendment to the United States Constitution.

112.    The violations complained of include, but are not limited to, failure to use proper care to uphold constitutional rights and privileges, deprivation of identifiable civil rights, including life and liberty, unnecessary and wanton infliction of pain and suffering, sexual degradation, embarrassment, humiliation, emotional distress, and anguish in light of the circumstances."

113.    School Defendants established paper policies and/or practices surrounding school bullying, its definition, and a zero tolerance policy, yet the School Defendants failed and refused to follow its written policies.

114.    The School Defendants failed to enforce or train staff and failed to supervise students during school hours and such failure and custom was the moving force behind the numerous violations of bodily integrity endured by Aubreigh.

115.    OSSD' actions and inactions evidence a policy, practice and custom of allowing bullying, sexual harassment, and  assault in the classroom in violation of the written policies prohibiting such acts.

116.    The School Defendants created a policy, practice and custom which created a danger to students,  such as the minor child, Aubreigh, thereby resulting in the deprivation of rights whereby the Defendants acted recklessly and/or with deliberate indifference towards the right and safety of students and the minor child, Aubreigh and allowed the child to be sexually assaulted while the minor child was directly under the school's supervision and allowed the student to be physically assaulted multiple times.

117.     As a direct and proximate result of the acts and omissions of the School Defendants, Aubreigh's clearly established and protected constitutional rights, guaranteed under the Fourteenth Amendment, to bodily integrity was violated, which violations caused injury to Aubreigh.

118.     As a result of the School Defendants' misconduct and omissions, Aubreigh suffered physical and emotional abuse in direct violation of State law and Department of Education regulations and in violation of her constitutional rights.

119.     It is believed that some of reason Aubreigh was not protected was at least in part based upon School Defendants have close relationship with the Parent Dependents.

120.     The failure to protect Aubreigh from the constant and continuing bullying and harassment, particularly after having met on several occasions with Heather, represents a willful indifference to Aubreigh's substantive due process right to safety while at school.

### CLAIM 3 – NEGLIGENCE UNDER MTCA

134.     School Defendants through the acts and omissions of their employees and agents are liable for the breach of duty to supervise the minor children under their care and protect, in particular, Aubreigh and their duty to provide a safe school environment free from bullying and abuse.

135.     The School Defendants violated the OSSD policies and procedures, the Education Code of Ethics and the Laws of the State of Mississippi and the United States.

136.     The teachers, administrators, and employees were not properly  supervising the minor children and students under their care and as a result of their negligence, negligence per se, and or gross negligence Aubreigh was injured while attending school and/or school functions.

137.    Plaintiffs would aver that the School Defendants are liable for physical and emotional damages inflicted upon Aubreigh, and emotional damages and loss of companionship and filial consortium as a result of their failure to properly supervise and train employees, failure to provide a safe school environment free from bullying resulting in School Defendants employees not providing ordinary care to Aubreigh and the minor children for which they had a duty to provide safety and care.

138.    Pursuant to the student handbook and the Policies and Procedures of OSSD the Defendant owed certain duties requiring them each to act with ordinary care and that these policies along with the law of the State of Mississippi required each and all School Defendants to perform certain required actions and it violated these policies evincing lack of care.

139.    The School Defendants failure to protect Aubreigh from the sexual assaults, bullying, and degradation received at the hands of fellow students constituted a breach of ministerial duties, including a failure to exercise ordinary care in the execution of their mandate to provide a safe school environment and have a zero tolerance policy for bullying, and to take reasonable steps to minimize foreseeable risks to students (Miss. Code Ann. §§37-9-69); as well as breach of their ministerial duty to prevent bullying (Miss. Code Ann. §§37-11-67; and 37-11-69).

140.    School Defendants' failure and refusal to provide safety and welfare of students while attending school and/or on school property and/or under supervision constituted breach of non-delegable and/or fiduciary duties owed to all students including but not limited to Aubreigh.

141.    As a direct and proximate result of the breach of their non-delegable and/or fiduciary duty the Defendants are joined and severally liable for the injuries. The School Defendants had a duty to act as a reasonable, prudent, school districts administrators and to take

reasonable and necessary precautions to ensure the safety and welfare of the students under their supervision and care and control.

142.    The School Defendants breached their duty of care by failing to provide for the safety and welfare of students and in particular the welfare and safety of Aubreigh.  The School Defendants failures and omissions resulted in the mental, physical, sexual, and psychological abuse of a minor child.  Each incidence of bullying, cyberbullying, sexual assault, harassment, and assault apprise a separate and independent tort under the Mississippi Torts Claims Act.

143.    As a direct and proximate result or consequence of the School Defendants' acts or omission Aubreigh suffered severe pain, suffering, humiliation, mental and emotional distress and the Plaintiff is thereby entitled to consequential damages and actual damages as stated herein.

144.    The School Defendants, school principal etc, to the extent that their acts are determined to have occurred outside the course and scope of their employment, are individually liable for damages sustained by Aubreigh and the Plaintiff"

145.    The School Defendants violated the policies and procedures of OSSD, laws of the State of Mississippi and the United States of America.

146.    As a direct and proximate result of the foregoing, Heather and Aubreigh suffered financial injury, significant indignity and loss all to general damages in a sum which will be proven at trial.

### CLAIM 4 – SEXUAL HARASSMENT/DISCRIMINATION UNDER TITLE IX

148.    OSSD is a recipient of federal education funds under Title IX of the Education Amendments of 1972 codified at 20 U.S.C. §1681 et seq.)

149.    Title IX of the Education Amendment of 1972 makes it unlawful to create any intimidating, hostile, offensive, and abusive school environment.

150.    At all times relevant to this Complaint, the School Defendants and their agents were acting under color of laws, customs and usages of OSSD.

151.    OSSD, as a result of receiving federal funds, must protect students from sex based discrimination or harassment, including but not limited to sexual violence.

152.    Aubreigh was a minor female citizen of Mississippi and at the time of her sexual assault was a  member of the protected class.

153.    The conduct of certain students, as mentioned above, in OSSD last from 5th grade until  her suicide in the beginning of 8th grade and was so severe and pervasive, it made it impossible for Aubreigh to obtain any meaningful education while attending OSSD.

154.    The School Defendant's decision to remain idle in the face of known harassment and  discrimination that was so severe and offensive that it barred and prevented Aubreigh from receiving access to educational benefit and was a clear violation of Title IX by their decision to remain indifferent to student-on-student harassment, for which it had actual knowledge.

155.    Based on information and belief, OSSD knew or should have known of the actions of the students and the student-on-student harassment of Aubreigh.

156.    The School Defendant and it agents and employees conduct fully eliminated and deprived Aubreigh any and all access to the benefit of education.

157.    The School Defendants failed to establish procedures and protections leading to Aubreigh's exposure to  more bullying and harassment from the perpetrators for reporting the abuse.

158.    The School Defendants failed to establish procedures for investigating, handling, and reporting complaints of sexual violence and sexual discrimination.

159.    As a direct and proximate result of OSSD's acts or omission, Aubreigh suffered injuries and loses as described and suffered a deprivation of rights protected and guaranteed under Title IX

160.    School Defendants acting under color of state law, violated the federally protected rights of Aubreigh and she suffered damages as a result.

## CLAIM 5 – SEXUAL HARASSMENT UNDER THE FOURTHEENTH AMENDMENT

161.    The School Defendants are persons' pursuant to 42 U.S.C. § 1983.

162.    At all material times the School Defendant and their agents were acting under color of laws, customs and usage of OSSD within the meaning of 42 U.S.C. § 1983.

163.    Aubreigh was a protected minor citizen in Mississippi and a member of a protected class.

164.    School Defendants failed to take action or respond to end the sexual harassment and to prevent reoccurrence.

165.    The School Defendants failure to remedy and correct unlawful conduct demonstrated deliberate indifference. Additionally, the School Defendants condoned or authorized the conduct which promoted and encouraged an environment where such treatment and conduct is encouraged thereby violating there own policies prohibiting sexual harassment and discrimination in school.

166.    The Defendants were indifferent to the daily abuses which stripped Aubreigh of her constitutional protections and guarantees on regular basis while enrolled as a student at OSSD.

167. The School Defendants failure to implement procedures for handling sexual violence complaints and their procedures for handling said complaints violated Title IX which led to Aubreigh being retaliated against with more bullying.

168. The School Defendants acting under the color of state law, violated the federally protected rights of Aubreigh in violation of 42 U.S.C. § 1983.

**CLAIM 6 – Violation of Mississippi Educator Code of Ethics and Standards**

185. Under the Mississippi Educator Code of Ethics and Standards of Conduct, educators and administrators are required to protect the rights and dignity of all students, ensure a safe environment, and report and address bullying and harassment.

186. Defendants violated these standards by:

    a. Failing to intervene in instances of bullying and harassment;

    b. Allowing the continued victimization of Aubreigh Wyatt;

    c. Failing to take corrective action to protect Aubreigh Wyatt from harm.

187. As a direct result of these violations, Aubreigh Wyatt suffered severe emotional and psychological harm, leading to her death.

188. As a direct and proximate result of Defendants' negligence, Aubreigh, suffered sever emotional distress, mental anguish, and ultimately death by suicide.

189. Plaintiff and Aubreigh Wyatt's surviving family members have suffered immense pain, suffering, and loss of companionship due to Defendants' actions and inactions.

190. The Plaintiff would allege and show that as a proximate result of reckless conduct, acts or omissions of Ocean Springs School District and all other associated employees and administrators of the OSSD.

191.    Plaintiff would allege that she is entitled to reasonable compensation for all damages to which she may be entitled under Mississippi law.

### CLAIM 7 – 42 USC 1985

192.    The School Defendants have also violated 42 U.S.C. 1985 by conspiring to deprive Aubreigh of her Constitutional rights. School Defendants conspired together and deliberately chose to take no action in protecting Aubreigh, rather she was left to "fend for himself."

### CLAIM 8 – NEGLIGENCE AGAINST PARENT DEFENDANTS

193.    Each of the Parent Defendants knew what was happening between their children and Aubreigh. Many, if not all, had direct communication with Heather about the situation and ongoing bullying.

194.    Admittedly, James Case did communicate with Heather that bullying was unacceptable and that he would handle the problems. However, no changes were seen in any bully's behavior, even after the statement made by Case.

195.    Under common law, parents can be liable for their children's acts where the parents [own] negligence has made it possible for the child to cause the injury complained of and probable that the child would do so. Parents have a duty to take reasonable measures to supervise their children so as to protect others from acts of their children which are reasonably foreseeable.

196.    Each of the Parent Defendants are and can be liable for failing to intervene and supervise their children to prevent the bullying and harassment of Aubreigh.

### DAMAGES AND REMEDIES

As a direct and proximate result of the Defendants, each of their actions and omissions, Plaintiffs are entitled to recover damages including but not limited to the following, jointly and severally, in amounts to be determined by the Jury at trial of this case:

A.  Past, present and future economic damages, loss of earning capacity, including but not limited to medical bills, incidental damages, and others;\

B.  Past present and future emotional distress and mental anguish, inconvenience, pain and suffering,

C.  Past emotional and mental anguish, inconvenience, pain and suffering humiliation, shame, loss of enjoyment of life, loss of self-esteem, loss of her good name, loss of esteem and respect from the community, fear and embarrassment, and injury to reputation, and any other non-economic damages all of which Aubreigh suffered prior to her suicide;

D.  All incidental damages;

E.  All other economic damages ad non-economic damages recoverable by law;

F.  Attorneys' fees and expenses;

G.  Pre-judgement interest running from the date of the wrongful conduct or such other date that the Court finds to be reasonable;

H.  Post judgement interest; and

I.  All other damages, equitable and/or other relief available to the Plaintiffs under federal and state law.

199.  Defendants and each of their acts and omissions are so egregious as to evoke outrage and rise to a level of independent tort or represent reckless disregard for the safety and well-being of members of public, including that which was posed to Aubreigh during the last years of her life and other OSSD students, to compensate Plaintiff such that the Defendants and each of them should be required to pay punitive

damages in an amount sufficient to punish Defendants, and to make an example with full intention of deterring Defendants and others from engaging in such conduct in the future said amounts to be determined by the Jury of the trial of this case;

200.    On information and belief, the Plaintiff alleges that Aubreigh's injuries directly influenced and caused her ultimate suicide and as a result the Plaintiff and Aubreigh's two surviving siblings have had significant consequences and additionally the significant consequences to Aubreigh;

201.    That the damages having been proximately caused by the negligence, gross negligence,  wantonness, indifference, reckless disregard, and or malicious or intentional acts of the Defendants, Plaintiff is entitled to sue and recover damages proximately resulting therefrom to herself and Aubreigh, including compensatory damages, economic damages, non-economic damages, punitive damages, attorney's fees, pre-judgement and post-judgement interest, and such other relief as Plaintiff may be entitled to under the laws of the State of Mississippi and the United Stated of America, and any and all other relief this Honorable Court deems just, proper, and equitable.

**WHEREFORE**, Plaintiff sues and demands judgement, of and from, all Defendants under the liability insurance policy or the maximum statutory amount allowed under the Mississippi Tort Claims Act, whichever of the two is the greater amount on behalf of Aubreigh Wyatt.

**RESPECTFULLY** submitted this the __ day of _____, 2026.

**HEATHER WYATT**
**Plaintiff**

_____
DANIEL M. WAIDE

MS BAR NO. 103543

Daniel M Waide, MS Bar #103543
Johnson, Ratliff & Waide, PLLC
1300 Hardy Street
Hattiesburg, MS 39401
T: (601) 812-5159
dwaide@jhrlaw.net

### **CERTIFICATE OF SERVICE**

I, Daniel M. Waide, do hereby certify that I electronically filed the foregoing with the Clerk of court using the CM/ECF system, which will send notification of such filing to all counsel of record.

THIS the ___ day of _____, 2026.

_____
DANIEL M WAIDE

Daniel M Waide, MS Bar #103543
Johnson, Ratliff & Waide, PLLC
1300 Hardy Street
Hattiesburg, MS 39401
T: (601) 582-4553
dwaide@jhrlaw.net

12:15



**Aubreigh Paige** 🎀 ›

Theres this site Omegle it wear you pretty much FaceTime with random people and she or mad I wouldn't show my face and she wanted me to show my face to a random old man and they would try and force me to and I got mad and I won't and their mad at me

Well A is

She litterly said I am so annoying

Please don't make a big deal out of it

I'm. Not

Thanks

But they are eek

Dec 31, 2020 at 9:13 AM

Are you okay? How are you ?

Text Message • SMS

12:18

54

A____ Mom ⟩

Dec 31, 2020 at 7:25 AM

Hi your brother came and got Aubreigh this morning. I didn't know what was going on and Aubreigh didn't really say so when she left I asked A▇ and she said Aubreigh felt left out last night. I am so so sorry. I shouldn't have let another kid come over because someone usually gets left out. Again I am very very sorry and A▇ will be punished.

Hey! I'm not upset about Aubreigh being left out at all. Girls will be girls

I'm worried about something that Aubreigh mentioned about them face timing and elderly man with their tops off.
That's why Aubreigh got upset . She was trying not to be on the FaceTime with him . He was wanting their pictures.

Theres this site Omegle it wear you pretty much FaceTime with random people and she or mad I wouldn't show my face and she wanted me to show my face to a random old man and they would try and force me to and I got mad and I won't and their mad at me

This is what she was sending me

I have taken A▇▇s phone from her..
A▇▇ is saying differently. of course

12:18



A

**Ava's Mom** ›

Hey! I'm not upset about Aubreigh being left out at all. Girls will be girls

I'm worried about something that Aubreigh mentioned about them face timing and elderly man with their tops off.
That's why Aubreigh got upset . She was trying not to be on the FaceTime with him . He was wanting their pictures.

Theres this site Omegle it wear you pretty much FaceTime with random people and she or mad I wouldn't show my face and she wanted me to show my face to a random old man and they would try and force me to and I got mad and I won't and their mad at me

This is what she was sending me

I have taken A████ phone from her.. A███s saying differently, of course, but either way, A██ apparently doesn't realize the dangers out there and will not have a phone until she is more responsible.

I absolutely agree! I hate that this happened. But kids will be kids! I'm so glad it's all resolved

I hate it to, I feel terrible. I am very sorry.

Don't ! It's absolutely okay .

Everything was handled, and all the girls are safe .

iMessage

EXHIBIT A

**Brittany**

| | |
|---|---|
| **From:** | Heather Wyatt <███████████████> |
| **Sent:** | Tuesday, March 10, 2026 1:49 PM |
| **To:** | Brittany |
| **Subject:** | Exhibit C Teacher emails |

**From:** Heather Wyatt ██████████████
**Sent:** Wednesday, August 14, 2024 3:33 PM
**To:** kimberly papania <████████████████>
**Subject:** Fw: Aubreigh

**From:** Amanda Alain <█████████████g>
**Date:** March 25, 2021 at 8:14:14 AM CDT
**To:** Heather Wyatt <███████@██████!██████>
**Cc:** Ashley Parker <█████████████████>, Carlie Dikes <███████████████>
**Subject: Re: Aubreigh**

Good morning!

I am so sorry to hear that she is going through this with her classmate. Girls can be so mean sometimes without ever realizing the effect it has on other students!

I am happy to hear that she is speaking with administration. They will address the issue immediately so that we can ensure that Aubreigh feels safe and comfortable in the classroom and at school! As Ms. Parker stated, administration should get in contact with you; however, if they do not, please let us know so we can relay the information to you.

Thank you for letting us know! We will keep a close eye on those two and make sure the situation does not get worse from here!

On Thu, Mar 25, 2021 at 7:41 AM Heather Wyatt <hwyatt@ossdms.org> wrote:
  Good Morning,

I wanted to reach out regarding bullying behavior. Aubreigh has had multiple problems with a student by the name of M██ N█████. The student has even physically hit her in class!! This morning I was notified and was able to actually see a tik tok made by M██. This TikTok calls my child out by name.  While I understand that you can not control TikTok. Many of these problems are going on while the girls are in school. M███ frequently calls Aubreigh belittling names, spreads rumors, and has been extremely hateful to Aubreigh.

EXHIBIT B

I have attempted to let this slide as "girl drama". However, Aubreigh was literally shaking in frustration this morning. She does not want to go to school. She is distraught. She has asked to do virtual just to avoid the problems with M█. Which of course, I am not doing.

I know that you are limited on what can be done to remedy this situation. I do hope that we can resolve this ongoing issue. Please let me know if there is anything I can do.

Thank you  and I look forward to hearing from you.

--

Heather Wyatt
3rd Grade Teacher
Oak Park Elementary
2230 Government St, Ocean Springs, MS
(228) 875-5847

--

Ms. Alain
5th Grade Math Teacher
Ocean Springs Upper Elementary

EXHIBIT B

**Brittany**

| | |
|---|---|
| **From:** | Heather Wyatt <████████████████> |
| **Sent:** | Tuesday, March 10, 2026 1:49 PM |
| **To:** | Brittany |
| **Subject:** | Exhibit C Teacher emails |

**From:** Heather Wyatt ████████████████
**Sent:** Wednesday, August 14, 2024 3:33 PM
**To:** kimberly papania <████████████████>
**Subject:** Fw: Aubreigh

**From:** Amanda Alain <████████████████g>
**Date:** March 25, 2021 at 8:14:14 AM CDT
**To:** Heather Wyatt <████████@████████!>
**Cc:** Ashley Parker <████████████████>, Carlie Dikes <████████████████>
**Subject: Re: Aubreigh**

Good morning!

I am so sorry to hear that she is going through this with her classmate. Girls can be so mean sometimes without ever realizing the effect it has on other students!

I am happy to hear that she is speaking with administration. They will address the issue immediately so that we can ensure that Aubreigh feels safe and comfortable in the classroom and at school! As Ms. Parker stated, administration should get in contact with you; however, if they do not, please let us know so we can relay the information to you.

Thank you for letting us know! We will keep a close eye on those two and make sure the situation does not get worse from here!

On Thu, Mar 25, 2021 at 7:41 AM Heather Wyatt <hwyatt@ossdms.org> wrote:
  Good Morning,

I wanted to reach out regarding bullying behavior. Aubreigh has had multiple problems with a student by the name of M███ N████. The student has even physically hit her in class!! This morning I was notified and was able to actually see a tik tok made by M███. This TikTok calls my child out by name.  While I understand that you can not control TikTok. Many of these problems are going on while the girls are in school. M███ frequently calls Aubreigh belittling names, spreads rumors, and has been extremely hateful to Aubreigh.

1

<span style="color:red">EXHIBIT C</span>

I have attempted to let this slide as "girl drama". However, Aubreigh was literally shaking in frustration this morning. She does not want to go to school. She is distraught. She has asked to do virtual just to avoid the problems with M███. Which of course, I am not doing.

I know that you are limited on what can be done to remedy this situation. I do hope that we can resolve this ongoing issue. Please let me know if there is anything I can do.

Thank you  and I look forward to hearing from you.

--

Heather Wyatt
3rd Grade Teacher
Oak Park Elementary
2230 Government St, Ocean Springs, MS
(228) 875-5847

--

Ms. Alain
5th Grade Math Teacher
Ocean Springs Upper Elementary

EXHIBIT C



Heather Wyatt < ███████████ >

## Sexual Harassment Complaint

Heather Wyatt < ███████████ >
To: David Lapointe <█████████████████████>
Cc: Joey Lee < ██████████████ >

Mon, Mar 6, 2023 at 2:33 PM

---

**OCEAN SPRINGS SCHOOL DISTRICT**
**SEXUAL HARASSMENT COMPLAINT FORM**

G&CN.GBR.JB
Procedure

Complainant Name: Aubreigh Wyatt
Date of Occurrence: March 2, 2023
School: OS Middle
To whom was the harassment first reported: Mother (Heather Wyatt) and Dr. David Lapoint
Who was responsible for the harassment: Sister (Traeger W)██ (C)███
Describe the incident: S████ took my phone. He kept telling me that to get it back I had to kiss him. He even disabled my phone by typing in wrong passwords. I was getting mad. He shoved me to
Date(s), time(s), and place(s) the harassment occurred: 3/2/23 @ Greyhound Stadium

Were there other individuals involved in the harassment? NO
If so, name the individual(s) and their relationship:

Have you ever witnessed the individual named herein harass any other person? NO

Did anyone witness the harassment? NO     If so, give the full name(s) of the witness (es):
What was your reaction to the harassment? I was shocked and scared.

Describe any prior incidents: None

This complaint is based upon my honest belief that C████ G████ has harassed me or another person. I hereby certify that the information I have provided in this complaint is true, correct and complete to the best of my knowledge.
Signature of Complainant: Aubeigh Wyatt    Date: 3.6.23
Received by: _____ Date: _____
Signature of Parent, Legal Guardian: Heather Wyatt    3.6.23
(student complaint only)

White: School copy
Yellow: District office
Pink: Complainant copy

Exhibit: form

**EXHIBIT D**



Sent from my iPhone

On Mar 6, 2023, at 11:33 AM, David Lapointe <██████████> wrote:

[Quoted text hidden]
<GBR-P - Sexual Harassment Procedures.pdf>
<Sexual Harassment Formal Complaint Form.pdf>

**EXHIBIT D**



Heather Wyatt <​█████████████>

## Aubreigh Wyatt

**Heather Wyatt** <​██████████>                                                 Tue, Mar 7, 2023 at 8:35 AM
To: David Lapointe <​████████████>

Good Morning,

I wanted to reach out to let you know that after lots of thought and consideration Aubreigh would like to drop her Sexual Harassment Complaint. I support her decision. We discussed in great detail what this means for both of them. At the end of the day, I think she feels like she doesn't want to " ruin his life". She says she "wants it to all go away." What he did is wrong on many levels, and I know that you guys will be observant of future behaviors such as his.

Even with us dropping the Sexual Harassment Complaint I would like for things to be in place to avoid any controversy between the two.
If possible, I would still like for Aubreigh to receive counseling services through the school.
Also, for her to not be put in a class with him next year.

You have been wonderful through this ordeal. I can't thank you enough for your support and compassion in this situation. Thank you for embracing Aubreigh, and letting her know she was safe to confide in you.

Please don't hesitate to call .

-Heather Wyatt
██████████

--


**Heather Wyatt**
OAK PARK ELEMENTARY
3RD GRADE READING AND SOCIAL STUDIES

Oak Park Elementary
(228) 875-5847

<span style="color:red">EXHIBIT E</span>

2:23 🔕

What time will you be home

Aubreigh



**Aubreigh Paige** 🎀 ›

i don't know

Ok

Mar 13, 2023 at 9:43 AM

need circle snacks for math

I know you think you know what's best for me, but if you really did you would let me go to a different school. I am truly miserable yes I do try to hide it. I am miserable mom. This would be so good for me I just don't understand why I can't go. I know you don't want or like it, but it truly would be so much better for me. I just wish you would understand. I struggle so much. Out of all people you should know. Like when y'all would want to move to Florida I would beg to stay. I always wanted to stay in OS. So for me to actually want to leave. I feel it is a big deal. I know you are probably just going to ignore me and not text back, but I came to you about it. I am telling you my issues and there is a fix to it. I just hope you realize soon enough. Just please let me I know you're scared, but it will be so much better for me. I really think you just want control. I struggle so much and I am asking you to let me.

+    Text Message • SMS    🎤

You are welcome to try school if you want to
grandbaby

Please I am truly begging you. I want to I am. I am trying to reach out I am trying to tell you. I just need you to listen. I really think it will be better. I have never wanted to move so bad, please mom.

EXHIBIT F

2:34



Come back in. Ryker is eating fast



56



**Aubreigh Paige** 🎀 ›

i am not going

this is quite frustrating

Aug 13, 2023 at 8:42 PM

It's so upsetting and I know you hate big paragraphs. I am sorry. I know you think that it's dumb my only solution is moving. You think it's going to change. It's not though it's going to be the same exact people through out my whole school years. I truly become so suicidal during the school year. I just want to be happy. I don't want it to be like how it is. I know it's hard on you. That is why I try to not say anything about it, but it's truly draining. I am miserable truly miserable. I don't talk to boys mom I don't. I know time rides stuff blah blah blah, I can't anymore. I know you will most likely care tonight and then tomorrow forget all about it. I just really am struggling mom. I have been trying my best to hide it. I don't want you to have to worry. It's hard. I know I know life is hard it sucks but I shouldn't have to be real with this.

k

i wish you would show a little bit more care

Aug 13, 2023 at 8:29 AM

EXHIBIT F

Text Message • SMS

**Brittany**

**From:**             Heather Wyatt <███████████████>
**Sent:**              Tuesday, March 10, 2026 1:50 PM
**To:**                 Brittany
**Subject:**        Exhibit G

---

**From:** Heather Wyatt <█_███@██████.██>
**Sent:** Tuesday, March 21, 2023 12:28 PM
**To:** David Lapointe ███████████████
**Subject:** Aubreigh Wyatt

Good afternoon,

I was notified by my daughter that she was slapped across the face by another student!
She sent me these pictures! I'm in shock!

She let me know that she did make a statement.

I do hope this is being handled appropriately! This is absolutely atrocious!!

1

<span style="color:red">EXHIBIT G</span>



Sent from my iPhone

EXHIBIT G

2:30 🔕

56

**Aubreigh Paige 🎀** ›

some kid threw his phone at my arm like 3 times

it's worse in person

Why did he do that?

idk



Does the teacher know

i'm not a snitch

Thank you

EXHIBIT G