**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

HEATHER WYATT, as Administratrix of
the Estate of Aubreigh Wyatt and HEATHER
WYATT, INDIVIDUALLY AND AS PARENT/
GUARDIAN OF AUBREIGH WYATT                                     PLAINTIFF

VS                                         CAUSE NO: 1:25-cv-00098-TBM-RPM

OCEAN SPRINGS SCHOOL DISTRICT, ET AL.                         DEFENDANTS

---

**MOTION FOR LEAVE TO FILE SUR-REPLY**

---

Comes Now Ocean Springs School District, Ocean Springs Board of Trustees and "Ocean Springs School District Superintendent," ("the School District") and serves this Motion for Leave to File a Sur-Reply.  In furtherance of that opposition, the School District states the following unto the Court.

1.      Plaintiff Heather Wyatt raised new assertions in the reply to the response to her third motion for leave to file a second amended complaint.  She has also made demonstrably inaccurate representations of law and "fact" to which the School District should be permitted to respond.  A brief summary of some of these follows.

**PLAINTIFF IS ATTEMPTING TO AMEND HER MOTION VIA REPLY BRIEF**

2.      It is well-established a party may not attempt to amend a complaint via motion response.  Here, Plaintiff is attempting to amend a proposed amended complaint via a reply brief. This appears to be a somewhat unique situation but in any event, Ms. Wyatt is seeking to get her PSAC3 approved via reliance upon allegations, content and claims which do not appear anywhere within the PSAC3, and certainly not within the operant complaint.

3. The PSAC3 can only be reviewed and determination made based upon what is actually present in that proposed pleading, not what Plaintiff wishes she had included but did not. She has thus raised new allegations and theories to which the District has never had an opportunity to respond.

4. There are many such instances within the reply and upon which Plaintiff is asking this Court to rule. Some, though not all, are discussed below as grounds for allowing the District to address and provide legal authority upon these newly created theories and non-existent facts.[1]

**PLAINTIFF IS ATTEMPTING TO COMPLETELY ALTER THE CONSPIRACY CLAIM**

5. The PSAC3's conspiracy claim was brief–just two sentences, in which Plaintiff alleged the "School Defendants" conspired with each other to deprive Aubreigh Wyatt of her civil rights. See PSAC3, ¶ 192. "School Defendants" was the shotgun grouping given to the School District and its employees as a collective.[2] See PSAC3, bottom of page 3 under sub-header, "School Defendants."

6. As a result, the District's response only addressed the complete bar to this claim under the intracorporate conspiracy doctrine, as employees of a single employer cannot legally conspire with one another. There was no need to go further as this completely established the futility of the proposed amended cause of action.

---

[1]As pointed out in the District's response, the PSAC3 is overwhelmingly a copy-and-paste job of the already denied PSAC2 and thus the arguments and law opposing both proposed pleadings containing substantial overlap.

[2]Reference to "School Defendants" instead of only "Defendants" was presumably a response to the shotgun pleading deficiencies of the PSAC2, wherein the School District noted that shotgunning "Defendants" necessarily meant Plaintiff was alleging the School District had conspired with ten year-old children. Substituting the shotgun "School Defendants" for "Defendants" was presumably intended to remedy this facially implausible allegation. However, the attempt to expand the conspiracy beyond "School Defendants" necessarily brings ten year-old girls back into the implausible allegations.

7.      Now, however, Plaintiff Wyatt is attempting to expand the alleged conspirators beyond the what the PSAC3 actually says to infer a conspiracy between one specific "School Defendant," Dr. Lapointe, and some unknown and unidentified person(s) amongst, "the bullies' families."

8.      This new re-conceptualization of the actual PSAC3 allegations was obviously not addressed in the School District's response as it only arose in Plaintiff's reply brief.  The School District respectfully submits it should be permitted to provide discussion and legal authority showing this does not alter the viability of the conspiracy claim.

9.      It would, for example, point out the mandatory legal elements of a §1985 claim and that the PSAC3 contains no facts whatsoever to support any of them.  It does not contain any facts even inferentially suggesting Dr. Lapointe ever entered an agreement with any unidentified "friends" who then apparently coerced or manipulated their ten year-old daughters to "bully" Aubreigh Wyatt for the specific purpose of violating her constitutional rights.

10.      It would also point out there are no facts to plausibly show that simply being friends with unidentified people constitutes "evidence" of a conspiracy to meet the pleading requirements of *Twombly* and *Iqbal*.[3]  The District would provide authority showing simply being friends with someone, particularly in a town as small as Ocean Springs, does not come even within the sight line of plausibly suggesting the existence of a conspiracy to commit an illegal act.

_____

[3]"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(internal citations and punctuation omitted.)

11.     Because this is a new matter raised for the first time in a reply brief, the School District requests the opportunity to fully and appropriately respond.

## PLAINTIFF IS ATTEMPTING TO ALTER THE TITLE IX CAUSE OF ACTION AND ATTEMPTING TO MISLEAD THE COURT

12.     The reply asserts Aubriegh Wyatt was hounded and coerced into dropping her Title IX complaint. It isn't particularly clear now who Wyatt is attempting to claim did this, but it doesn't matter.

13.     The PSAC3 had two grounds for asserting a Title IX claim–ongoing bullying by Aubreigh's peers, and the School District's alleged failure to have in place, "procedures for investigating, handling, and reporting complaints of sexual violence and sexual discrimination."

14.     The response was limited to these two things as these were the only two things raised in the PSAC3. Now, however, it appears Plaintiff is attempting to claim School District employees "bullied" Aubreigh into dropping her Title IX complaint.

15.     That is false and it is demonstrably false based upon the exhibits already put into the record by the Plaintiff herself.

16.     Plaintiff attached as exhibits emails showing she  receiving the existing Title IX policies and complaint form at 11:33 a.m. on March 6, 2023; that the complaint form was submitted to the District at 2:33 p.m. that same day; and that the complaint was withdrawn by Aubreigh Wyatt at 8:35 a.m. the following morning. See Doc. No. 17, PDF pp. 27-34.

17.     The District, if permitted a sur-reply, will discuss the facts already in the record, to wit, Aubreigh Wyatt voluntarily withdrew her complaint, did so with Plaintiff Heather Wyatt's full and written support, and express language thanking the District for its handling of the matter. *Id.*

18.     Although ineffective and impermissible, Plaintiff's attempt to attach missing exhibits via her reply brief shows she intends to withhold the exhibits showing the date/time of the request for Title IX documents and the email showing immediate response and provision of those policies, procedures and documents.

19.     It appears Ms. Wyatt is proceeding upon the belief that if she doesn't attach these exhibits to the PSAC3 then the Court will ignore their existence and she may proceed on a claim for which the evidence barring it already exists within the Court's record.  She is, apparently, seeking to proceed on a deliberate misrepresentation by omission.

20.     Of course, that is not permitted.  The Rules of Civil Procedure as well as the inherent duty of candor to the Court prohibit a plaintiff from making knowingly false allegations in pleadings.  This includes statements of half-truths, or technically truthful statements that are intended to mislead.[4]

21.     The School District submits it should be permitted to provide both discussion and legal authority addressing this issue.

### Neither Title IX nor the Supreme Court Provides A Sliding Scale

22.     The U.S. Supreme Court has been clear for some time that Title IX does **not** provide a cause of action or a remedy for purported peer bullying.[5]   By attempting to distinguish the deficient PSAC3 from the facts of the most recent Fifth Circuit authority holding there is no Title IX remedy for purported peer bullying (*Koepp*), Plaintiff is arguing there is a sliding scale

---

[4]*In re Ethics Investigation of Allegations Raised by UD*F, 2023 WL 3327251, at *24 (N.D. Tex. Feb. 6, 2023), report and recommendation adopted, No. 4:22-MC-01-O, 2023 WL 3322586 (N.D. Tex. May 9, 2023).

[5]*Davis v. Monroe Cnty. Bd. of Educ*., 526 U.S. 629, 651-52 (1999).

applicable; that if one can portray events in a sufficiently bad light then the complete and absolute bar to such claims does not apply.

23.     This is not true.  But having only gone down this path in her reply brief, the School District did not discuss or provide authority on this theory in its response. The School District respectfully submits it should be permitted to do so now.

### PLAINTIFF ARGUES SHE MAY ENGAGE IN A FISHING EXPEDITION

24.     Plaintiff's reply brief asserts she is not required to ensure the existence of actual claims against individual defendants in her PSAC3.  She argues that whether or not such exists is something that can be resolved at the summary judgment stage.

25.     That is incorrect.  There are several legal bars in place that preclude a plaintiff from just naming people in a legal complaint and hoping she may find some viable cause of action against them.

26.     This isn't an inference, this is exactly what Plaintiff says she needs to do, "Whether Ms. Pope was a principal over the middle school or the high school may be an issue for summary judgment purposes, but such a fact would be something the parties cover in discovery."

27.     While likely unintentional honesty, **the reply admits there are individuals named against whom no valid cause of action exists and that she has to go fishing to try to find one.** The School District should be permitted the opportunity to discuss and provide legal authority that such fishing expeditions are barred by law.  If Plaintiff had a valid claim against any of the individuals, she is required to set it out in the PSAC3; she is required to provide facts for each and every legal element of those claims, whatever she asserts they may be.

28.     That is not merely argument, that is the U.S. Supreme Court and Fifth Circuit Court of Appeals mandatory minimum pleading requirements.  Again, the School District should be permitted to provide appropriate discussion and authority which addresses this.

### Plaintiff Appears to Be Arguing She Is Permitted to File Frivolous Claims

29.     In conjunction with the above, by arguing she doesn't need to have cognizable claims at the commencement of a complaint, Plaintiff is also necessarily arguing she is permitted to intentionally file frivolous claims.  A frivolous claim is one which lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

30.     In discussing the defective shotgun pleading, the District pointed out Plaintiff was attempting to sue individuals who had never even worked at the schools Aubreigh Wyatt attended from 2020 until her death in 2023, or had retired or left before Aubreigh Wyatt ever matriculated.

31.     One of those in particular was Jennifer Pope.  She was not the only one, but she was what may be termed the most dispositive example of the shotgun pleading deficiencies because Ms. Pope was Heather Wyatt's principal, her boss, at Oak Park Elementary School.  She was not the principal or assistant principal or any other kind of administrator at the upper elementary school or the middle school.

32.     It is thus disturbing that Heather Wyatt is arguing it doesn't matter where Ms. Pope actually worked, that she can sue her (and others) anyway, put them through the rigors, costs and distress of litigation, **all while knowing from the outset she has no viable claim or cause of action against them.**

33.     Heather Wyatt is not an ordinary plaintiff in that she was an employee of the School District.  She knows, for instance, who her boss of many years was at Oak Park Elementary School.

She knows that a principal at the upper elementary school is not simultaneously a principal at the middle school.  She certainly knows that an administrator at the upper elementary school does not simultaneously hold a principal or assistant principal position at a completely different school.

34.     So what it comes down to is Plaintiff Heather Wyatt's request that she be permitted to sue people, knowing there is a complete absence of a valid cause of action, with the hope she can find enough dirt to scrape a claim together through discovery and if not, well then summary judgment will cure her frivolous pleading at the end of the process.

35.     The School District respectfully submits it is entitled to properly discuss and provide legal authority that such is not the case; that a plaintiff *may not* intentionally file a frivolous lawsuit; that she *may not* intentionally sue completely unrelated individuals for the purposes of trying to find something against them in a discovery fishing expedition.

## THERE IS NO SUCH THING AS A "FEDERAL WRONGFUL DEATH" CAUSE OF ACTION

36.     Plaintiff asserts she has a valid wrongful death claim because the response only addressed state law wrongful death, not her federal wrongful death claim.

37.     That is because there is no such thing as a federal wrongful death claim. There is no such thing as federal "common law" and no such cause of action exists.

38.     There are a few federal statutes which provide a remedy for death, such as the Jones Act and the Death on the High Seas Act (DOHSA), 46 U.S.C. § 30301 et seq., or a *Bivens* action, but there is nothing in the PSAC3 to indicate any of these were invoked by Heather Wyatt or that she could validly do so even if she had.

39.     Truthfully, it was never contemplated Plaintiff would make such an argument, as there is no basis in law for same.  But having raised it in her reply, the District respectfully submits

it should be permitted to address this substantively and with appropriate legal citation, rather than leave a legally defective assertion unaddressed, particularly as it is a reply assertion upon which Plaintiff asks this Court to rule.

### PLAINTIFF MISREPRESENTS STATE LAW

40.     There are several misrepresentations of state law which were raised in the reply brief. These include the notion this court may bypass and ignore express and unambiguous state law so as to "adapt with the science and the facts."

41.     Plaintiff provided no legal authority for the notion a federal court can simply make up new state law on behalf of a state that has not seen fit to do so for itself.  That is because there is no such authority.  Federal law is clear that when passing on issues of state law, a federal court *must* apply the announced law of the state.

42.     Plaintiff also provides no legal authority that established state law has some sort of expiration date.  That is certainly the implication by complaining and inchoately arguing "old" authority can be ignored.  In this manner, Plaintiff argues this Court can simply ignore the law with respect to wrongful death claims based on suicide, implying the state supreme Court pronouncement is just too old to be enforced by this court.

43.     On the contrary, there is no such thing as an automatic sunset provision on Supreme Court rulings.

44.     Further, Plaintiff inaccurately asserts the authority of which she complains originated in the 1960's [sic]. It is difficult to ascertain where this comes from as it is not accurate. *Truddle v.*

*Baptist Memorial Hospital-DeSoto, Inc.*,[6] which is *the* controlling case setting out the law on wrongful death suicide claims, was handed down in November, 2014.

45.     Plaintiff's assertions, express and inferential, that she is not required to comply with "old" law, that she may insist this court refuse to apply "old" law" is simply inaccurate.  The District should be permitted to provide substantive rebuttal and authority to citation which affirmatively disposes of these inaccurate assertions.

46.     Plaintiff also continues to misrepresent the law as to standing of estates, how and when an estate may proceed with claims, and continues to assert the notion she may now, over a year after initiating suit (and well after the statute of limitations has expired) open an estate and proceed thereon.

47.     This is directly in violation of state law and despite it having already been thoroughly discussed, Plaintiff continues to assert this, without any citation to authority.  The School District should thus be permitted to address the matter again.  Apparently, even more legal authority is required to adequately get the point across that the law affirmatively, actively, and expressly forbids what Heather Wyatt asks to do in her reply brief.[7]

48.     If Plaintiff wants to change Mississippi state law, she has to ask the State of Mississippi to do so.  Requesting this Court to do so, even inferentially, is legally impermissible.

---

[6]*Irby by & through Collins v. Madakasira*, 252 So. 3d 614, 621 (Miss. Ct. App. 2018).

[7]In the interests of completion it is noted that as of 12:00 noon, March 19, 2026, Heather Wyatt has *still* not filed to open any such estate, though she has been asserting she will do so for nearly a year.

**CONCLUSION**

These are not the only instances of Plaintiff raising new theories or attempting to amend the

PSAC3 via a reply brief.  This is just a small sampling of such that justifies permitting the School

District to submit a sur-reply.   That is the relief here requested.

Respectfully submitted, this the 19th day of March, 2026.

> OCEAN SPRINGS SCHOOL DISTRICT,
> OCEAN SPRINGS BOARD OF TRUSTEES,
> OCEAN SPRINGS SCHOOL DISTRICT
> SUPERINTENDENT
>
>
> BY:   *Allison P. Fry*
> ALLISON P. FRY, MSB 100725

STEVEN L. LACEY (MBN 99888)
Sherman & Lacey, LLC
P.O. Box 2681
Madison, MS 39130
Direct: (601) 750-3415
Email: slacey@shermanlaceylaw.com

ALLISON P. FRY, MSB 100725
Sherman & Lacey, LLC
504 Naples Road
Jackson, MS 39206
Tel:    (601) 519-7556
Email: afry@shermanlaceylaw.com

**CERTIFICATE OF SERVICE**

-11-

I, Allison P. Fry,  do hereby certify that I have this day caused to be served a true and correct copy of the foregoing document via the Court's Electronic Case Filing system to all counsel of record registered to receive such notices.

/s/ Allison P. Fry
ALLISON P. FRY, MSB 100725
