UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HEATHER WYATT *as Administratrix of the*                              PLAINTIFF
*Estate of Aubreigh Wyatt and Individually and*
*as Parent/Guardian of Aubreigh Wyatt*

VERSUS                                    CIVIL ACTION NO. 1:25-CV-98-TBM-RPM

OCEAN SPRINGS SCHOOL DISTRICT et al                              DEFENDANTS

## ORDER DENYING WITHOUT PREJUDICE
## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Before the Court is the [47] Motion for Leave to File Amended Complaint filed by Plaintiff

Heather Wyatt, *as Administratrix of the Estate of Aubreigh Wyatt and Individually and as*

*Parent/Guardian of Aubreigh Wyatt*.  Plaintiff asks this Court for leave to amend in order to

streamline the claims and the number of defendants.  [47] at 2.  Defendants Ocean Springs School

District, Ocean Springs School District Superintendent, and Ocean Springs Board of Trustees

(collectively, "Defendants") oppose the motion.  [48].

### I.   Law & Analysis

As stated in the Order denying Plaintiff's previous attempt to amend, this would be her second

amended complaint if the Court were to grant leave to amend.[1]  [37] at 2.  Plaintiff already

amended her complaint once as a matter of course while this matter was pending in state court.

[1-1] at 45–61; [17] at 40–56.  Therefore, she "may amend [her] pleading only with the opposing

party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires."  "Rule 15

provides a lenient standard that 'evinces a bias in favor of granting leave to amend.'"  *Pauliah v.*

---

[1] This Court previously denied without prejudice Plaintiff's Second Motion for Leave to Amend Complaint.  [37].

*Univ. of Miss. Med. Ctr.*, No. 3:23-CV-3113-CWR-ASH, 2024 WL 3925727, at *1 (S.D. Miss. Aug. 23, 2025) (quoting *Marucci Sports, LLC v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014)). "District courts are 'entrusted with the discretion to grant or deny a motion to amend,' and may consider a variety of factors in their determination: undue delay, futility, bad faith, repeated failures to cure deficiencies, or undue prejudice to the opposing party." *Id.* (quoting (*Marucci Sports, LLC*, 751 F.3d at 378). The Court "must possess a 'substantial reason' to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)).

In a prior Order, the Court stated Plaintiff must demonstrate good cause if she intends to re-urge a motion to amend since the motions-for-amended-pleadings deadline had expired. [37] at 4. Here, Defendants argue the motion fails to establish good cause as required by Rule 16(b)(4). [48] at 2–3. Since that prior Order, however, the Court has modified the scheduling order. In January 2026, Plaintiff obtained new counsel because her former counsel withdrew.[2] In light of this substitution of counsel, the Court suspended all case management deadlines and set a new motions-for-amended-pleadings deadline. Text Only Order Sua Sponte Suspending All Case Management Deadlines (01/08/2026); Text Only Order Setting Limited Scheduling Order Deadline (01/08/2026). And Plaintiff timely filed the instant motion in accordance with that deadline. Because the Court set a new motions-for-amended-pleadings deadline, Plaintiff's motion is subject to Rule 15's lenient standard which evinces a bias in favor of granting leave to amend. Therefore, it is not necessary for her to demonstrate good cause.

Even under Rule 15's lenient standard, Defendants contend the proposed amendment fails for other reasons. Among other things, Defendants argue the proposed amendment would be futile.

---

[2] Here, the Court notes that Plaintiff's new counsel made his entry of appearance only a month before filing this instant motion and, among other things, did not have the benefit of a copy of Plaintiff's file from former counsel. [50] at 1.

"[T]o determine futility, [the Court] will apply 'the same standard of legal sufficiency as applies under Rule 12(b)(6).'" *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (citations omitted). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Id.* (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). The Fifth Circuit has described this as a "low threshold." *Id.*

Defendants have filed a Motion to Dismiss pursuant to Rule 12(b)(6), which remains pending before the Court. [6]. Under circumstances such as this, the Fifth Circuit has observed "repleading via amendment" is "'a routine practice' following a motion to dismiss, and granting leave to amend is encouraged, especially 'when the plaintiff might be able to state a claim based on the underlying facts and circumstances.'" *Pumphrey v. Triad Life Scis., Inc.*, No. 24-60028, 2024 WL 4100495, at *3 (5th Cir. Sept. 6, 2024) (quoting *Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383, 394 (5th Cir. 2024)). Nevertheless, the proposed amendment here suffers from many deficiencies, some of which are the same deficiencies identified in the Order denying Plaintiff's last attempt to amend. [37] at 3. The instant motion is therefore denied without prejudice in light of these deficiencies, which are discussed below.

### A. Survival Claims of the Estate

First, Plaintiff recognizes there is an issue with the claims brought on behalf of the Estate of Aubreigh Wyatt ("the Estate"). [50] at 7, 9. She concedes that the initial survival claims should be dismissed as no estate existed when the initial complaint was filed. *Id.* at 7. This issue was raised in Defendants' Motion to Dismiss filed on April 21, 2025. [7] at 5–6. It was raised again by the Court in an Order to Show Cause entered on November 5, 2025. [41]. Here, by Plaintiff's own admission, the proposed amendment still suffers from the same issue.

Plaintiff seeks to add the Estate as a plaintiff which, according to the proposed amendment, is "an Estate opened in Ja[c]kson County, Mississippi who is authorized to bring suit of all damages owed to Aubreigh Wyatt beyond those available to the named wrongful death beneficiaries." [47-1] at 3.  Contrary to this statement, however, Plaintiff admits the Estate has yet to be opened.  [50] at 7, 9.  Instead, she appears to ask this Court to stay this matter to allow the Estate to be opened and, if and once that occurs, grant leave to amend and add the Estate as a plaintiff.  *Id.*

Based on the above, Plaintiff still lacks standing to pursue claims on behalf of the Estate.  *See McCord v. State Farm Fire and Casualty Co.*, No. 1:24-CV-289-HSO-BWR, 2025 WL 1426091, at *2–3 (S.D. Miss. May 16, 2025).  Therefore, the proposed amendment is both premature and futile for lack of standing.  While the Court does not intend to stay this matter to allow time for the Estate to be opened, Plaintiff is not prohibited from later seeking leave to amend and add the Estate at the appropriate time.  But in addition to demonstrating good cause,[3] Plaintiff must specifically provide an explanation for why the delay in opening the Estate should be excused.  *Beal for and on Behalf of Beal v. Merit Health Cent.*, No. 3:20-CV-335-TSL-RPM, 2020 WL 11191722, at *4–5 (S.D. Miss. Nov. 10, 2020).

Lastly, Defendants briefly discuss the decision in *In re Est. of England*, 846 So.2d 1060, 1068 (Miss. Ct. App. 2003).  [48] at 28.  If Plaintiff re-urges her motion, the parties should be prepared to address Judge Starrett's decision in *Jones v. Jones Cnty., MS*, No. 2:22-CV-93-KS-MTP, 2023 WL 6206164 (S.D. Miss. Sept. 22, 2023), discussing the *In re Est. of England* case, and explain how that decision might apply to the circumstances in this case.

---

[3] Absent extraordinary circumstances, the Court does not intend to set another motions-for-amended-pleadings deadline.  Therefore, Plaintiff must demonstrate good cause if she intends to move for leave to amend again.  *See Adrian v. Bd. of Supervisors for La. State Univ. & Agric. & Mech. Coll.*, No. 15-00091-BAJ-EWD, 2016 WL 1056576, at *1 (M.D. La. Mar. 16, 2016) (citing *S & W Enters., L.L.C. v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

4

### B. Failure to Differentiate Between Defendants

Second, Plaintiff's proposed amendment asserts claims with allegations against either the "School Defendants" or "Parent Defendants" as a whole. As discussed in the Order denying Plaintiff's last attempt to amend, this is an indication of a shotgun pleading. *See McAfee v. Allstate Ins. Co.*, No. 3:18-CV-300-HTW-LRA, 2019 WL 4783107, at \*9–11 (S.D. Miss. Sept. 29, 2019) (finding the plaintiff's complaint was a quintessential shotgun pleading where it alleged general statements that all the named defendants were responsible for the actions alleged in the factual section, thus failing to identify which defendant did what and failing to differentiate between defendants); *Griffin v. HSBC Mortg. Servs., Inc.*, No. 4:14-CV-132-DMB-JMV, 2015 WL 4041657, at \*5 (N.D. Miss. July 1, 2015) ("'[Q]uintessential' shotgun pleadings . . . fail to distinguish between the actions of named defendants."). While the proposed amendment here is arguably less egregious than the last, it appears to still fail to differentiate between defendants and identify which defendant did what.

### C. Defendants Named in Caption Versus Defendants Named in the Body

Third, Plaintiff names the following defendants in the proposed amendment's caption: Oceans Springs Public School District; Jennifer Necaise; Adelle Register; Jon Wilson; Taylor Borries Caron; Kyle Mickelson; Jennifer Pope; Melissa Arnold; David Lapoint;[4] Nikeland Cooper; Monti Noblitt; Katherine Noblitt; Brandi Green; Phillip Green; Jennifer Bell; James Case; David Hembree; and Chasity Hembree. [47-1] at 1. In the body of the proposed amendment, however, Plaintiff also names the following individuals as defendants: Bonita Coleman; Carol Viator; and Michael Lindsey.[5] *Id.* at 4. This is merely a formal error and not a fatal defect. *See Cincinnati Glob. Dedicated No. 2 Ltd. v. 1909 E. Pass. Rd., LLC.*, No. 1:22-CV-41-HSO-BWR, 2022 WL

---

[4] In the body of the proposed amendment, Plaintiff spells this defendant as David Lapointe. [47-1] at 4, 7.
[5] While Coleman and Viator have a separate paragraph naming them as defendants, Lindsey does not. [47-1] at 5–6.

11337771, at *5 (S.D. Miss. Oct. 19, 2022); *Tyrolf v. Veterans Admin.*, 82 F.R.D. 372, 374–75 (E.D. La. 1979). But it is an issue among others worth noting and should be corrected if Plaintiff re-urges her motion.

### D. New Individual Defendants

Fourth, the Court briefly addresses a specific matter *sua sponte*. "A court may deny a motion for leave to amend if the movant 'knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint.'" *Self v. Quinn's Rental Servs. (USA), LLC*, No. H-15-1569, 2016 WL 6835093, at *2 (S.D. Tex. Nov. 21, 2016) (quoting *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994)). The proposed amendment here seeks to add or substitute several individual defendants whose identities were known at the time the initial complaint was filed. So, it appears Plaintiff made a choice not to name these defendants in the initial complaint.[6] For example, there are allegations made against Michael Lindsey in the initial complaint and there are exhibits of emails with Kyle Mickelson and David Lapointe attached to the initial complaint, but these individuals were not named as defendants. [1-1] at 11, 25, 27, 30, 33–37, 42. Additionally, Plaintiff knew the identities of the minors M.N., P.G., A.G, and P.H. and their parents at the time the initial complaint was filed, but they were also not named as defendants. [1-1] at 8–10; [8-1]; [8-2].

"Under Rule 15(c) of the Federal Rules of Civil Procedure 'a plaintiff [may] amend his pleadings to add a new party, if within the statute of limitations period, the intended (but not originally sued) defendant (1) had received notice of the suit and (2) knew or should have known

---

[6] The Court notes, however, Plaintiff named several fictitious defendants in her initial complaint, such as Oceans Springs Upper Elementary School Administrators A–Z, Oceans Springs Middle School Administrators A–Z, Oceans Springs Upper Elementary John Does 1–20, and Oceans Springs Middle School John Does 1–20. The Court further notes that Plaintiff sought to add or substitute these individual defendants in a motion filed in July 2025; however, the Court denied that motion. [37].

that, but for a mistake concerning the identity of the proper party, the action would have been brought against it.'" *Blackstone v. Miss. Dep't of Corrs.*, No. 3:07-CV-123-WHB-LRA, 2008 WL 4225773, at *4 (S.D. Miss. Sept. 10, 2008) (quoting *Rodriguez v. Transnave Inc.*, 8 F.3d 284, 288 (5th Cir. 1993)).

> [T]he Fifth Circuit has interpreted Rule 15(c) as establishing the following four requirements: "(1) that the claims arose out of the same transaction or conduct described in the original complaint; (2) that the new party received notice in such a way as not to be prejudiced; (3) that the new party knew or 'should have known' that the suit would have been brought against it but for a mistake; and (4) that the second and third requirements were met within the limitations period."

*Id.* (quoting *Barkins v. Int'l Inns, Inc.*, 825 F.2d 905, 906–07 (5th Cir. 1987)). In the event that Plaintiff re-urges her motion seeking to add or substitute these individual defendants, the parties should be prepared to address whether the requirements of Rule 15(c) are met.

### E. Misnumbered Claims

Fifth, the proposed amendment purports to assert eight causes of action; however, it only asserts seven causes of action. [47-1] at 20–28. The causes of action are misnumbered beginning with "Claim 3 – Negligence Under MTCA," which is actually Claim 2. *Id.* at 22. Therefore, the subsequent claims are also misnumbered. *Id.* at 24–28. This is a relatively minor issue, but it is an issue that should be corrected if Plaintiff re-urges her motion.

### F. Next-Friend Status

Sixth, Plaintiff purports to sue in her capacity as "Next Friend of Aubriegh Wyatt." [47-1] at 1. "A minor or incompetent person who does not have a duly appointed representative may sue by a next friend or guardian ad litem." Fed. R. Civ. P. 17(c)(2). However, "[a] guardian ad litem or next friend is not authorized to litigate a claim on behalf of a deceased litigant." *Middleton v. Cruce*, No. 4:13-CV-132-WS, 2014 WL 2117177, at *3 (N.D. Fla. May 21, 2014).

## II. Conclusion

The Fifth Circuit "has a 'strong preference for *explicit* reasons' in denying leave to amend." *North Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 478 (5th Cir. 2018) (quoting *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 426 (5th Cir. 2004)). The Court concludes that, in light of the deficiencies identified above, there are substantial reasons to deny the instant motion.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff Heather Wyatt's [47] Motion for Leave to File Amended Complaint is DENIED without prejudice.

SO ORDERED AND ADJUDGED, this the 6th day of April 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE