**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| **HEATHER WYATT,** *as Administratrix* *of the Estate of Aubreigh Wyatt and* *Heather Wyatt, Individually and as* *Parent/Guardian of Aubreigh Wyatt* | **PLAINTIFF** |
| **v.** | **CIVIL ACTION NO. 1:25-cv-98-TBM-RPM** |
| **OCEAN SPRINGS SCHOOL DISTRICT;** **OCEAN SPRINGS BOARD OF TRUSTEES;** **OCEAN SPRINGS SCHOOL DISTRICT** **SUPERINTENDENT;** *et al.* | **DEFENDANTS** |

**ORDER OF REMAND**

Plaintiff Heather Wyatt filed her complaint *pro se* in the Circuit Court of Jackson County, Mississippi, and Defendants then removed the action to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1441. Wyatt is no longer representing herself, is now on her second attorney, and recently filed a Joint Stipulation of Dismissal [54] with prejudice as to her claims against the Defendants arising under federal law. As a result, this Court exercises its discretion *sua sponte* to decline to exercise supplemental jurisdiction over Wyatt's state-law claims. This action is therefore remanded to the Circuit Court of Jackson County, Mississippi.

**I. DISCUSSION AND ANALYSIS**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 U.S. 375, 128 L. Ed. 2d 391 (1994) (citations omitted). "Two statutes authorize the lion's share of federal-court litigation: 28 U.S.C. § 1331, which gives federal courts jurisdiction over cases that arise under federal law, and 28 U.S.C. § 1332, which establishes federal courts' 'diversity' jurisdiction." *Armstrong v. Walmart Inc.*, No. 4:25-cv-150-SDJ, 2025 WL

2088913, at *1 (E.D. Tex. Jun. 18 2025) (citing *Royal Canin U.S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26, 145 S. Ct. 41, 220 L. Ed. 2d 289 (2025)). Here, the Defendants removed this action based on the Court's federal question jurisdiction. [1], p. 1. Since the parties have stipulated to the dismissal of Wyatt's federal claims, no federal question remains before this Court. [54]. "The dismissal of plaintiff's federal claim does not divest the court of jurisdiction, however." *Armstrong*, 2025 WL 2088913, at *1 (citing *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639, 129 S. Ct. 1862, 173 L. Ed. 2d 843 (2009) (holding that when district court remands to state court after declining to exercise supplemental jurisdiction, remand order is not based on lack of subject matter jurisdiction); *Knatt v. Hosp. Service District No. 1 of East Baton Rouge Parish*, 373 Fed. App'x 438, 441, 2010 WL 1439277, at *2 (5th Cir. Apr. 12, 2010) (per curiam) ("The subsequent dismissal of all federal claims from Knatt's suit did not divest the district court of supplemental jurisdiction over the remaining state-law claims."). But the Court may nevertheless decline to exercise supplemental jurisdiction over Wyatt's state court claims. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639, 129 S. Ct. 1862, 173 L. Ed. 2d 843 (2009) (citation omitted) (finding that the district court's "decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").

Indeed, district courts may decline to exercise supplemental jurisdiction if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). Along with the Section 1367(c) factors, the "common law factors of judicial economy, convenience, fairness, and comity" should

2

also be considered. *McGee v. Felder Servs., LLC*, No. 3:22-cv-215-DMB-RP, 2024 WL 69912, at *1 (N.D. Miss. Jan. 5, 2024) (citing *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir. 2011)).

First, the common law factors favor declining supplemental jurisdiction here. When the federal claim has been resolved before trial, often the "considerations of judicial efficiency and economy can no longer justify the continued exercise of federal jurisdiction over ancillary state-law claims." *Sw. Motor Transp. v. Giraffe Logistics*, No. 9-cv-143, 2009 WL 3427358, at *2 (W.D. Tex. Oct. 23, 2009) (quoting *Waste Sys. v. Clean Land Air Water Corp.*, 683 F.2d 927, 931 (5th Cir. 1982)).

Nor could it be inconvenient or unfair for the state-law claim to be heard in state court. *See Enochs v. Lampasas County*, 641 F.3d 155, 160 (5th Cir. 2011). Indeed, there is no current trial date and it does not appear that any discovery has been conducted. *See Parker v. Parsley Petroleum v. Dresser Indus.*, 972 F.2d 580, 587-88 (5th Cir. 1992) (dismissal of state-law claims "a few weeks" before trial would not be inconvenient or unfair because, among other things, discovery had not been completed, little additional "legal research would be necessary, as the surviving claims were governed by state law in either forum," and the case would not require repeating the "effort and expense of the discovery process."). And "the danger of duplicative or conflicting rulings or of allowing the parties to relitigate matters already settled does not exist because" this Court has not issued any dispositive rulings in this case. *Owens v. PLS Check Cashers of Texas, L.P.*, No. H-09-3825, 2011 WL 1485678, *4 (S.D. Tex. Apr. 15, 2011). While a Motion to Dismiss [6] has been filed, the Court has not yet ruled on the Motion for several reasons. In fact, the state court complaint was filed *pro se*, but Wyatt retained counsel months after the removal. Then, a Motion to Amend [27] the complaint was filed, but ultimately denied for a host of reasons. Next, Wyatt's attorney moved to withdraw. *See* [38]. She was ultimately granted leave to withdraw after Wyatt obtained new

counsel. *See* [45]. Wyatt's new attorney also filed a Motion for Leave to File an Amended Complaint [47], but that Motion was recently denied by the Magistrate Judge without prejudice. *See* [53]. In that Order, Judge Myers identified a number of deficiencies—including that an estate had not actually been opened despite warnings from Judge Myers. Finally, "[s]ince this case was removed from state court, it can be remanded to state court without danger of plaintiff's claims being foreclosed by state statutes of limitation" solely as a result of a remand. *Owens v. PLS Check Cashers of Texas, L.P.*, No. H-09-3825, 2011 WL 1485678, *4 (S.D. Tex. Apr. 15, 2011).

Lastly, "comity demands that the important interests of federalism and comity be respected by federal courts, which are courts of limited jurisdiction and not as well equipped for determinations of state law as are state courts," *Enochs*, 641 F.3d at 160 (internal quotations and citation omitted).

Second, the statutory factors also favor remand. Wyatt's state-law claim appears to raise a potentially novel issue of state law as she is attempting to hold the school district responsible for her daughter's suicide. Indeed, this Court is unaware of any similar cases in Mississippi. The federal law claims over which this Court had original jurisdiction have also been dismissed. Furthermore, much of the focus of the Motion to Dismiss was on the Title IX claim that has now been dismissed. So it appears the federal claims originally predominated. And the general rule in the Fifth Circuit "is that a court should decline to exercise jurisdiction over remaining state law claims when all federal-law claims are eliminated before trial[.]" *Brookshire Bros. Holding, Inc. v. Dayco Prod. Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). In fact, "[c]ertainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *See Parker v. Parsley*

4

*Petroleum v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)).

For these reasons, the Court declines to exercise jurisdiction over the remaining state-law claims and remands those claims to state court. *Heggemeier v. Caldwell County, Tex.*, 826 F.3d 861, 872 (5th Cir. 2016); *Welch v. Jannereth*, 496 F. App'x 411, 413 (5th Cir. 2012) (finding that, in a case previously removed, remand of state-law claims was appropriate after dismissal of all federal law claims).

## II. CONCLUSION

**IT IS ORDERED** that this Court declines to exercise supplemental jurisdiction over Plaintiff Heather Wyatt's state-law claims, and those claims are remanded to the Circuit Court of Jackson County, Mississippi.

This, the 2nd day of June, 2026.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE

5